# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

           Plaintiffs,

v.

FCA US LLC,

           Defendant.

_____/

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

## DEFENDANT FCA US LLC'S
## MOTION TO DISMISS PLAINTIFFS'
## FIRST AMENDED CLASS ACTION COMPLAINT
## <u>UNDER RULE 12(b)(6)</u>

Defendant FCA US LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss the First Amended Class Action Complaint in its entirety because Plaintiffs have failed to state any plausible claim, or, alternatively, to dismiss the breach of warranty claims and dismiss or strike the class allegations and averments of failure of essential purpose. In support its motion, FCA US states as follows:

1. Plaintiffs plead only breach of warranty/contract claims, and base all of them on FCA US's refusal to provide repairs under a written warranty, the continuation of which that was expressly conditioned on Plaintiffs' presenting their

vehicles for an inspection every five years.  Yet, Plaintiffs admit they did not have the required inspection performed.

2.     Plaintiffs' claims are implausible because no breach could possibly have occurred since Plaintiffs admit they did not do what was required to continue the warranty coverage on their vehicle, and the warranty provision of which they complain was presented to them in writing at the time of their vehicle purchases, widely discussed in public reports, and reasonable.

3.     Furthermore, the breach of express warranty and breach of contract claims are entirely duplicative of each other because they are based on identical facts and allegations of breach, and they seek the exact same relief.  Thus, the breach of warranty claims should be dismissed.

4.     Moreover, the multi-state class allegations that Plaintiffs plead are legally insufficient because is impossible to know who is a member of the class without individual fact-finding and without a final resolution of a vital merits issue.

5.     Finally, Plaintiffs' allegations of failure of essential purpose are legally infirm because that doctrine's sole purpose is to expand remedies that are limited by contract, and Plaintiffs remedies here are limited by a court order and not a contract.

6.     In further support of its Motion, FCA US adopts and incorporates herein by reference its Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Under Rule 12(b)(b).

FOR RELIEF Defendant FCA US LLC respectfully requests that this Court dismiss the First Amended Class Action Complaint in its entirety with prejudice, or, alternatively, dismiss the breach of warranty claims and dismiss or strike the class allegations and averments of failure of essential purpose, and grant it all other appropriate relief.

This Motion is made following conferences with counsel pursuant to L.R. 7-1(a), which took place on July 28, 2020 and August 12, 2020, in which counsel for FCA US explained the nature of this motion and its legal basis, but did not obtain concurrence in the relief sought.

Respectfully submitted,

**THOMPSON COBURN LLP**

By: */s/ Kathy A. Wisniewski*
 Kathy A. Wisniewski (MO/38716)
 Stephen A. D'Aunoy (MO/54961)
 One US Bank Plaza
 St. Louis, Missouri 63101
 (314) 552-6000
 kwisniewski@thompsoncoburn.com
 sdaunoy@thompsoncoburn.com

**KING AND MURRAY PLLC**
Thomas J. Murray (P56331)
355 S. Old Woodward, Suite 100
Birmingham, Michigan 48009
(248) 792-2397
 tmurray@kingandmurray.com

*Counsel for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 12, 2020, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Kathy A. Wisniewski*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

              Plaintiffs,

v.

FCA US LLC,

              Defendant.

_____/

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

---

## DEFENDANT FCA US LLC'S BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
## FIRST AMENDED CLASS ACTION COMPLAINT
## UNDER RULE 12(b)(6)

---

## <u>TABLE OF CONTENTS</u>

**Page**

ISSUES PRESENTED ................................................................................ ix

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. xi

INDEX OF EXHIBITS ............................................................................ xii

I.   INTRODUCTION ...................................................................... 1

II.   BACKGROUND ....................................................................... 1

    A.   The Basic Premise Of Plaintiffs' Claims. .................................... 1

    B.   The Relevant Bankruptcy Court Order In An Identical
       Case. .................................................................................. 2

    C.   The Allegations Regarding Plaintiffs. ....................................... 4

    D.   The Powertrain Warranty. ....................................................... 5

       1.   The Announcement/Advertising Of The Lifetime
           Warranty. ................................................................. 5

       2.   The Terms Of The Lifetime Warranty. ............................ 6

    E.   The Claims, Classes, And Relief Sought. ................................ 10

III.   ARGUMENT .......................................................................... 12

    A.   The Governing Legal Standards. ............................................ 12

    B.   The Allegations Do Not Support Any Breach. .......................... 12

    C.   Plaintiffs' Pleading Of Section 2304(b)(1) Lacks Any
       Good Faith Basis. ................................................................ 13

D.    Plaintiffs' Other Bases For Excusing Their Performance Under The Lifetime Warranty Are Legally Insufficient...........15

     1.    The Statute Of Limitations Bars The Unconscionability Claim. ................................................16

     2.    Unconscionability Is Lacking As A Matter Of Law. ................................................................18

E.    The Duplicative Claims Should Be Dismissed.......................23

F.    Alternative Motion To Dismiss/Strike Allegations. ................24

IV.   CONCLUSION .......................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andersons, Inc. v. Horton Farms, Inc.*,
  166 F.3d 308 (6th Cir. 1998) ...............................................................18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................12

*Auyeung v. Toyota Motor Sales, USA, Inc.*,
  2019 WL 3385189 (N.D.Ill. 2019) .......................................................21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................12

*De Angelis v. Nat'l Entm't Grp. LLC.*,
  2019 WL 1024954 (S.D. Ohio 2019) ....................................................23

*Disher v. Tamko Bldg. Prod., Inc.*,
  2018 WL 905362 (S.D.Ill. 2018)......................................................21, 23

*Dixon v. Monaco Coach Corp.*,
  2009 WL 187837 (N.D.Ind. 2009) ........................................................21

*El-Hallani v. Huntington Nat. Bank*,
  2014 WL 988957 (E.D.Mich. 2014)........................................................6

*Glob. Quest, LLC v. Horizon Yachts, Inc.*,
  849 F.3d 1022 (11th Cir. 2017) .............................................................13

*Gozzo v. Wells Fargo Bank, NA*,
  2017 WL 1075071 (Mass. 2017) ...........................................................17

*Greenberg v. Life Ins. Co. of Virginia*,
  177 F.3d 507 (6th Cir. 1999) ...................................................................8

*Haas v. DaimlerChrysler Corp.*,
  611 N.W.2d 382 (Minn.App. 2000) .......................................................14

*In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*,
  406 F.Supp.3d 618 (E.D.Mich. 2019) ...................................................19

*In re Old Carco LLC/Hightman v. FCA US LLC*,
    Case No. 09-50002/Adv.Pro. No. 19-01333 (S.D.N.Y. Bank.) ................ *passim*

*Long v. First Fed. Sav. & Loan Ass'n of Citrus Cty.*,
    497 So.2d 964 (Fla.App. 1986) ........................................................18

*MacKenzie v. Chrysler Corp.*,
    607 F.2d 1162 (5th Cir. 1979) ........................................................14

*McCracken v. Lockwood Sch. Dist. No. 26*,
    208 Fed.Appx. 513 (9th Cir. 2006)....................................................17

*Mezibov v. Allen*,
    411 F.3d 712 (6th Cir. 2005) ..........................................................12

*Milicevic v. Fletcher Jones Imports, Ltd.*,
    402 F.3d 912 (9th Cir. 2005) ..........................................................14

*Oom v. Michaels Companies Inc.*,
    2017 WL 3048540 (W.D.Mich. 2017) ...............................................24

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ..........................................................24

*Pratt v. Winnebago Indus., Inc.*,
    463 F.Supp. 709 (W.D.Pa. 1979)......................................................15

*Riddle v. Udouj*,
    267 S.W.3d 586 (Ark. 2007) ...........................................................18

*Rivera v. Ford Motor Co.*,
    2017 WL 3485815 (E.D.Mich. 2017)..................................................19

*Rojas v. Bosch Solar Energy Corp.*,
    386 F.Supp.3d 1116 (N.D.Cal. 2019)..................................................14

*Romberio v. Unumprovident Corp.*,
    385 Fed.Appx. 423 (6th Cir. 2009).....................................................24

*Ruffin v. Fleetwood Motor Homes of Pennsylvania, Inc.*,
    1997 WL 752000 (E.D.Pa. 1997) ......................................................15

*Sautner v. Fleetwood Enterprises, Inc.*,
2007 WL 1343806 (E.D.Mich. 2007)...................................................................13

*Schiesser v. Ford Motor Co.*,
2017 WL 1283499 (N.D.Ill. 2017) ......................................................................19

*Slocum v. Sebring Capital Partners, LP*,
2018 WL 3470300 (E.D.Tex. 2018).....................................................................17

*Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*,
764 S.E.2d 203 (N.C.App. 2014)..........................................................................18

*Tucker v. Aqua Yacht Harbor Corp.*,
749 F.Supp. 142 (N.D. Miss. 1990)......................................................................15

*Yerkovich v. MCA Inc.*,
11 F.Supp.2d 1167 (C.D.Cal.1997) ......................................................................17

## Statutes and Constitutional Provisions

15 U.S.C. § 2301, *et seq.*........................................................................................3, 13

15 U.S.C. § 2302 ....................................................................................................15

15 U.S.C. § 2304 ........................................................................................13, 14, 15

13 Pa.Stat. § 2302 ..................................................................................................16

13 Pa.Stat. § 2725 ..................................................................................................18

42 Pa.Stat. § 5525 ..................................................................................................18

Ala.Stat. § 6-2-34(4) ..............................................................................................18

Ala.Stat. § 7-2-302(1) ............................................................................................16

Ala.Stat. § 7-2-725(1) ............................................................................................18

Alaska Stat. § 09.10.053 ........................................................................................18

Alaska Stat. § 45.02.302 ........................................................................................16

Alaska Stat. § 45.02.725 ........................................................................................18

Ark.Stat. § 4-2-302(1) ..........................................................................16

Ark.Stat. § 16-56-111 ..........................................................................18

Fla.Stat. § 95.11(2) ..........................................................................18

Fla.Stat. § 672.302(1) ..........................................................................16

Ga.Stat. § 9-3-24 ..........................................................................18

Ga.Stat. § 11-2-725 ..........................................................................18

Ga.Stat. § 11-2/302(1) ..........................................................................16

Ill.Stat. ch. 735 § 5/13-206 ..........................................................................18

Ill.Stat. ch. 810 § 5/2-302 ..........................................................................16

Ill.Stat. ch. 810 § 5/2-725 ..........................................................................18

Ind.Stat. 26-1-1-302(1) ..........................................................................16

Ind.Stat. 26-1-2-725 ..........................................................................18

Ind.Stat. 34-11-2-11 ..........................................................................18

Ky.Stat. § 355.2-302(1) ..........................................................................16

Ky.Stat. § 355.2-725(1) ..........................................................................18

Ky.Stat. § 413.090(2) ..........................................................................18

Mass. G.L. 106 § 2-302(1) ..........................................................................16

Mass. G.L. 106 § 275(1) ..........................................................................18

Mass. G.L. 260 § 2 ..........................................................................18

Mich.Stat. 400.2725 ..........................................................................18

Mich.Stat. 440.2302(1) ..........................................................................16

Mich.Stat. 440.2719(2) ..........................................................................24

Mich.Stat. 600.5807(9) ..........................................................................18

N.C.Stat. § 1-52 .......................................................................................18

N.C.Stat. § 25-2-302(1) ...........................................................................16

N.J.Stat. 2A:14-1 ......................................................................................18

N.J.Stat. 12A:2-302(1) .............................................................................16

N.J.Stat. 12A:2-725 ..................................................................................18

N.Y. UCC § 2-302 ...............................................................................16, 18

N.Y. UCC § 2-725 .....................................................................................18

Nev.Stat. 11.190.1 .....................................................................................18

Nev.Stat. 104.2302.1 .................................................................................16

Nev.Stat. 104.2725.1 .................................................................................18

Ohio R.C. § 1302.15 ..................................................................................16

Ohio R.C. § 1302.98 ..................................................................................18

Ohio R.C. § 2305.06 ..................................................................................18

Ore.Stat. § 12.080 ......................................................................................18

Ore.Stat. § 72.3020(1) ...............................................................................16

Ore.Stat. § 72.7250 ....................................................................................18

S.C.Stat. § 15-3-530 ..................................................................................18

S.C.Stat. § 36-2-302(1) .............................................................................16

S.C.Stat. § 36-2-725(1) .............................................................................18

Tex.Bus.&Com. Code § 2.302 ...................................................................16

Tex.Bus.&Com. Code § 2.725 ...................................................................18

Tex.Civ.Prac.&Rem. Code § 16.051 .........................................................18

Utah Stat. § 70A-2-302(1) .........................................................................16

Utah Stat. § 70A-2-725 .......................................................................................18

Utah Stat. § 78B-2-309(1) ...................................................................................18

Va.Stat. § 8.01-246.4 ..........................................................................................18

Va.Stat. § 8.2-302(1) ...........................................................................................16

Va.Stat. § 8.2-725 ...............................................................................................18

Wash.Stat. 4.16.040(1) ........................................................................................18

Wash.Stat. 62A.2-302(1) .....................................................................................16

Wash.Stat. 62A.2-725(1) .....................................................................................18

**Rules**

Fed. R. Civ. P. 12 ............................................................................................6, 12

N.Y. CPLR § 213.2 .............................................................................................18

## ISSUES PRESENTED

1.      Whether Defendant FCA US LLC breached the written Lifetime Limited Powertrain Warranty that was provided for Plaintiffs' vehicles when it declined to pay for repairs under that Warranty based on Plaintiffs' admitted failure to have the every-five-year "powertrain" inspection" that its express language required be done in order to continue its coverage?

2.      Whether Section 2304(b)(1) of the Magnuson-Moss Warranty Act can be used to void a warranty provision requiring a vehicle owner to present his vehicle for an inspection every five years when Plaintiffs have no viable claim under that Act, and when, even if applicable, that Section would not preclude the imposition of a consumer obligation as a condition precedent to warranty coverage?

3.      Whether a provision in a warranty imposing an obligation on a consumer is unconscionable when that provision was set forth in the written warranty in regular font with a bolded heading summarizing its content and was followed by three pages dedicated exclusively to tracking the required inspections, it was widely publicized, the obligation it imposed served a valuable and legitimate purpose, and the cost of compliance with the obligation it imposed was to be borne solely by the warrantor?

4.      Whether a breach of express warranty and breach of contract claim are entirely duplicative of each other when they are based on identical facts and

allegations of breach, and they seek the exact same relief?

     5.     Whether multi-state class allegations can survive when it is impossible to know who is a member of the class without individual fact-finding and without a final resolution of a vital merits issue?

     6.     Whether allegations of failure of essential purpose can stand when that doctrine's sole purpose is to expand remedies that are limited by contract, and the plaintiff's remedies are limited by a court order and not a contract?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Glob. Quest, LLC v. Horizon Yachts, Inc.*,
    849 F.3d 1022 (11th Cir. 2017)

*Gozzo v. Wells Fargo Bank, NA*,
    2017 WL 1075071 (Mass. 2017)

*Greenberg v. Life Ins. Co. of Virginia*,
    177 F.3d 507 (6th Cir. 1999)

*In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*,
    406 F.Supp.3d 618 (E.D.Mich. 2019)

*In re Old Carco LLC/Hightman v. FCA US LLC*,
    Case No. 09-50002/Adv.Pro. No. 19-01333 (S.D.N.Y. Bank.)

*MacKenzie v. Chrysler Corp.*,
    607 F.2d 1162 (5th Cir. 1979)

*Milicevic v. Fletcher Jones Imports, Ltd.*,
    402 F.3d 912 (9th Cir. 2005)

*Rojas v. Bosch Solar Energy Corp.*,
    386 F.Supp.3d 1116 (N.D.Cal. 2019)

*Sautner v. Fleetwood Enterprises, Inc.*,
    2007 WL 1343806 (E.D.Mich. 2007)

*Slocum v. Sebring Capital Partners, LP*,
    2018 WL 3470300 (E.D.Tex. 2018)

*Tucker v. Aqua Yacht Harbor Corp.*,
    749 F.Supp. 142 (N.D. Miss. 1990)

*Yerkovich v. MCA Inc.*,
    11 F.Supp.2d 1167 (C.D.Cal.1997)

UCC § 2-302

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|:---:|:---|
| A | Written Order of Dismissal in *In re Old Carco LLC/Hightman v. FCA US LLC*, Case No. 09-50002/Adv.Pro. No. 19-01333 (S.D.N.Y. Bank.) |
| B | Transcript of Oral Order of Dismissal in *In re Old Carco LLC/Hightman v. FCA US LLC*, Case No. 09-50002/Adv.Pro. No. 19-01333 (S.D.N.Y. Bank.) |
| C | Warranty Booklet for Model-Year 2009 Jeep Grand Cherokee |
| D | Warranty Booklet for Model-Year 2009 Dodge Ram |
| E | Warranty Booklet for Model-Year 2008 Minivans |
| F | Warranty Booklet for Model-Year 2008 Ram Truck |
| G | July 2007 Warranty Bulletin |
| H | November 2007 Warranty Bulletin |

# I. **INTRODUCTION**

Plaintiffs use 448 paragraphs and 104 pages to plead their case, but even this cannot hide the fact that their claims lack any good faith basis whatsoever.[1]  Indeed, even a minimal background investigation involving a review of their own written warranties or an eBay search for the relevant warranty booklets, combined with a cursory analysis of the clear law, would have revealed to Plaintiffs the facts they plead are erroneous, and the statutes they plead are inapplicable.

At the heart of Plaintiffs' claims lies the indefensible notion they should have been provided coverage under a Lifetime Limited Powertrain Warranty ("the Lifetime Warranty") provided with their vehicles, even though they *admit* they did *not* comply with its written requirements to maintain its coverage.  Plaintiffs' duplicitous breach of warranty and breach of contract claims are implausible and should be dismissed forthwith.

# II. **BACKGROUND**

## A.    **The Basic Premise Of Plaintiffs' Claims.**

The Lifetime Warranty was issued for model-years 2006 through 2009 Chrysler, Dodge, and Jeep vehicles "sold and delivered on, or after, July 26, 2007." FAC, ¶¶ 1-2.  The Warranty had a "provision" that "required" vehicles "undergo a

---

[1] *See*, *generally*, First Amended Class Action Complaint ("FAC"), ECF #15.

powertrain inspection within 60 days of each 5-year anniversary of the in-service date of the vehicle" in order to continue its coverage. *Id.* at ¶ 103. Plaintiffs' claims are based on the notion that FCA US is legally liable because it "voids" the Lifetime Warranty for lack of compliance with its inspection provision. *Id.* at ¶ 104.

**B.    The Relevant Bankruptcy Court Order In An Identical Case.**

Plaintiffs admit the Lifetime Warranty was issued by the bankrupt "Old Carco," ***not*** FCA US. *Id.* at ¶¶ 1-2. But, when FCA US purchased some of the assets of that bankrupt entity it assumed "obligations" related to the Lifetime Warranty. *Id.* at ¶ 3. Cases involving issues as to what liabilities were assumed by FCA US have been repeatedly decided by the bankruptcy court that oversaw its asset purchase. As particularly relevant to this case, two years ago counsel for Plaintiffs herein filed a case that was based on identical facts as those underlying the claims pleaded here, *i.e.,* FCA US failed to disclose the inspection clause in the Lifetime Warranty, and then breached that Warranty by refusing cost-free powertrain repairs when a vehicle owner failed to have his vehicle inspected. *See Hightman v. Fiat Chrysler US LLC*, Case No. 18-cv-2205 (S.D.Cal.), ECF #1. The *Hightman* case was transferred to the bankruptcy court to determine if the claims were "assumed" by FCA US or barred by that Court's Sale Order. *Id.* at ECF ##27, 28.

Once transferred, the bankruptcy court dismissed all claims in *Hightman* as barred by its "Sale Order," with the singular exception of the breach of contract

- 2 -

claims.   *See In re Old Carco LLC/Hightman v. FCA US LLC*, Case No. 09-50002/Adv.Pro. No. 19-01333 (S.D.N.Y. Bank.), ECF #15; *see also id.* at ECF #14, pp. 14-16, 18-19.[2]   Although the court in *Hightman* found that a claim of unconscionability is a "contract defense" that is purely a matter of state law and thus not necessarily barred by its Sale Order (Exhibit B, pp. 3-4, 8-9, 15-16), it made three findings that directly impact the claims Plaintiffs plead here:

- *First*, any claim based on the notion that there was a "fail[ure] to disclose the warranty" "is a claim that's ***barred by the sale order however it's presented***." *Id.* at p. 3 (emphasis added); *see also id.* at p. 7 (noting Magnuson-Moss Warranty Act claim based on an allegation of having "fail[ed] to make the lifetime warranty available or visible" is "obviously a claim that's barred");

- *Second*, any claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* is barred.  *Id.* at p. 7; and

- *Third*, "in all circumstances" the only relief that can be sought from FCA US is "the costs of repair and labor," as all other forms of relief "are barred by the sale order."  *Id.* at pp. 18-19; *see also id.* at pp. 5, 9, 16.

---

[2]For the Court's convenience a copy of the bankruptcy court's written dismissal order, and the transcript of the detailed oral dismissal order, are attached hereto as Exhibits A and B, respectively.

**C.**   **The Allegations Regarding Plaintiffs.**

For the most part, every Plaintiff makes the exact same, rote allegations. He/she purchased a vehicle and was told before, or at the time of, purchase that his/her vehicle would be covered by the Lifetime Warranty. FAC, ¶¶ 8, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57, 60, 63, 66, 69, 72, 75, 78, 81, 84, 87. Although told about the Lifetime Warranty, each Plaintiff alleges that he/she was "not given notice … of the Inspection Clause or the specific obligations it imposed." *Id.* However, every Plaintiff admits that he learned about the Lifetime Warranty by reviewing "advertisements" related to it. *Id.*

The majority of Plaintiffs allege that they presented their vehicles at FCA US dealerships for such vague issues as a "check-engine light" or for repairs to the "transmission," "engine," "engine components," or "powertrain [parts] [components]." *Id.* at ¶¶ 10, 13, 19, 22, 31, 34, 43, 52, 55, 64, 67, 70, 73, 76, 79, 85, 88. Plaintiff Fox alleges that he presented his vehicle at an FCA US dealer only for "general maintenance." *Id.* at ¶ 64. Eleven of the named Plaintiff offer a bit more specificity about the alleged components in their vehicles needing repair: Langley a "crank shaft" and "transfer case" (*id.* at ¶ 16); Bilotta an "engine sensor" (*id.* at ¶ 25); Powell a "water pump" (*id.* at ¶ 28); Heavrin an "oil pan" (*id.* at ¶ 37); Garn a "rear axle" (*id.* at ¶ 40); Andersen an "exhaust manifold, rear differential, and rear axle" (*id.* at ¶ 46); Loake an "axle and engine mounts" (*id.* at ¶ 49); Buschbach "fuel

injectors" (*id.* at ¶ 58); Head "new fuel" (*id.* at ¶ 61); Lunski a "head gasket, water pump, and oil pan seal" (*id.* at ¶ 67); Hecker a "throttle body" (*id.* at ¶ 73); and Stoker a "rear-axle" (*id.* at ¶ 82).[3]

Each Plaintiff alleges that when his/her vehicle was presented at a dealership for the identified repairs, he/she was told the Lifetime Warranty on the vehicle was "revoked" because the vehicle had not "undergone a powertrain inspection pursuant to the terms of the Inspection Clause." *Id.* at ¶¶ 10, 13, 16, 19, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73, 76, 79, 82, 85, 88.

## D.    **The Powertrain Warranty.**

### 1.    *The Announcement/Advertising Of The Lifetime Warranty.*

As Plaintiffs admit, the announcement of the Lifetime Warranty came on July 26, 2007.  FAC, ¶ 99.  That announcement came in the form of a press release which expressly advised consumers of its coverage and also that,

> "To continue warranty coverage, the owner must have a powertrain inspection performed by an authorized Chrysler, Jeep or Dodge dealer once every 5 years.  This inspection will be performed at no charge. The inspection must be made within 60 days of each 5-year anniversary of the warranty start date of the vehicle."

https://media.fcanorthamerica.com/newsrelease.do?id=7045&mid=.

As Plaintiffs acknowledge, the information about the Lifetime Warranty

---

[3]Oddly, Plaintiff Fox alleges that Plaintiff Van Orden has incurred out-of-pocket costs to repair a "water pump, catalytic converter, engine sensors, and spark plugs," but Van Orden makes no such allegations.  FAC, ¶ 64.

"received coverage from a multitude of news media outlets across the country."
FAC, ¶ 99. These "multitude of news media outlets" also reported that a powertrain inspection was needed every 5 years to continue the Lifetime Warranty coverage.[4]

### 2. The Terms Of The Lifetime Warranty.

The Lifetime Warranty, including its inspection provision, was conveyed to all vehicle purchasers in writing.  Purchasers of model-year 2008 vehicles (like Plaintiffs Wood, Cooper, Wilson, Garn, Heavrin, Loake, Head, Lunski, Fox, Bucklew, Hecker, Stoker, Petersen), and model-year 2009 vehicles (like Plaintiffs Grundy, Bilotta, McGuire, Henriques, Buschbach, Byrd) were provided the terms of the Lifetime Warranty in a booklet[5] which stated as follows:

### 2.4   Lifetime Powertrain Limited Warranty

**A. Who Is Covered**
You are covered by the Lifetime Powertrain Warranty if you are the first registered owner or lessee …

**B. What's Covered**
The Lifetime Powertrain Limited Warranty covers the cost of all

---

[4] See, e.g., https://www.caranddriver.com/news/a15151807/chrysler-extends-powertrain-warrantyforever-car-news/; http://www.autosavant.com/2007/07/26/chrysler-announces-lifetime-powertrain-warranty/; https://www.sema.org/sema-enews/2007/31/will-new-chrysler-lifetime-powertrain-warranty-affect-you; https://www.autoblog.com/2007/07/26/breaking-chrysler-announces-lifetime-powertrain-warranty/?guccounter=1.

[5] Plaintiffs' (erroneous) "information and belief" allegation that the Lifetime Warranty terms were excluded from all model-year 2008 warranty booklets (see FAC, ¶ 106) are "insufficient to survive a Rule 12(b)(6) motion." El-Hallani v. Huntington Nat. Bank, 2014 WL 988957, *9 (E.D.Mich. 2014).

parts and labor needed to repair a powertrain component listed in section 2.4.E below that is defective in workmanship and materials.   There is no coverage for towing in the event of disablement.

### C.  When It Begins

The Lifetime Powertrain Limited Warranty begins at the end of the Basic Limited Warranty.

### D.  What's Covered

SRT vehicles, Sprinter vehicles, diesel equipped vehicles, and all Ram Cab/Chassis vehicle are not covered.   Vehicles used as a police, taxi, limousine, postal delivery vehicle, ambulance, rental and government vehicles are not covered by the Lifetime Powertrain Limited Warranty.

### E.  Parts Covered

The Lifetime Powertrain Limited Warranty covers these parts and components of your vehicle's powertrain supplied by Chrysler Motors LLC:

[Identification of Parts Covered]

### F.  When Lifetime Powertrain Limited Warranty Does Not Apply.

You are not covered by the Lifetime Powertrain Limited Warranty if you are a second or subsequent owner of the vehicle.

### G.   Inspections

In order to maintain the Lifetime Powertrain Limited Warranty, the person or entity covered by this Powertrain Limited Warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every 5 years.   This inspection will be performed at no charge.  The inspection must be made within sixty (60) days of each 5 year anniversary of the in-service date of the vehicle.   You must have the inspection performed to continue this coverage.   For your convenience, powertrain inspection logs have been provided.  You should use these logs to keep track of each 5 year powertrain inspection interval.

**H.  Other Provisions of This Powertrain Limited Warranty**
All other terms of the New Vehicle Limited Warranty including the Section 1 (Your Rights Under These Limited Warranties) and Section 3 (What's Not Covered) apply to this Powertrain Limited Warranty.

*See, e.g.,* Exhibits C, D, E, F pp. 10-13, attached hereto (bold and parenthetical information in original).[6]   Immediately following these paragraphs outlining the terms of the Lifetime Warranty there were three mostly blank pages which were identified as being reserved to be used as logs for the "Powertrain Limited Warranty Five Year Inspection Interval." *Id.* at pp. 14-16.

In the "What's Not Covered" section that expressly applied to the Lifetime Warranty (*i.e.,* "Section 3") various repairs were identified, including but not limited to those caused by environmental factors, "poor or improper maintenance," "contaminated fuels, oils, lubricants, cleaners or fluids," "abuse or negligence," "misuse," or the use of "any fluid that doesn't meet the minimum recommendations in your Owner's Manual." *Id.* at pp. 17-22.  That section expressly warned that the Lifetime Warranty could "be restricted," and its "coverage may be denied" if a

---

[6]By way of example only, FCA US attaches the warranty booklets for the following model-years 2008 and 2009 vehicles:  MY 2009 Jeep Grand Cherokee (Exhibit C); MY 2009 Dodge Ram (Exhibit D); MY 2008 Minivans (Exhibit E); MY 2008 Ram Truck (Exhibit F).  FCA US can provide the court with all other warranty booklets if necessary.  Because the Lifetime Warranty forms the entire basis of the claims pleaded by Plaintiffs, this Court may properly consider the written warranty booklets when ruling on this motion to dismiss.  *See, e.g.*, *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

vehicle was "not properly maintained," or was "abused or neglected" to the extent that it "interferes with the proper functioning" of the vehicle. *Id.*

The booklets outlining the terms of the Lifetime Warranty were provided at the time of purchase to all purchasers of model-year 2009 vehicles, and all those who purchased model-year 2008 vehicles after September 7, 2007. Individuals who purchased model-year 2008 vehicles prior to September 7, 2007, were provided a separate written document at the time of purchase notifying them of the Lifetime Warranty provisions (*see* July 2007 Warranty Bulletin, attached as Exhibit G), and then later were sent a letter that expressly notified them of the required five year inspection requirement, and that explained the enclosed "replacement 2008 Warranty Information booklet" contained all the information about the Lifetime Warranty (*see* November 2007 Warranty Bulletin, attached as Exhibit H).

Those who purchased any earlier-than-2008 model-year vehicle that was sold with the Lifetime Warranty were given written notice of its provisions on two separate occasions. First, in a separate written document at the time of purchase. *See* Exhibit G. Second, with a cover letter specifically informing them of the inspection requirement and enclosing a "sticky insert" with the detailed provisions of the Warranty which could be adhered to the warranty booklets they had received with their vehicle purchases. *See* Exhibit H.

All warranties provided to vehicles owners informed recipients that there were

"optional service contracts" available for additional warranty coverage.  *See, e.g.,*
Exhibit C, p 45; Exhibit D, p. 46; Exhibit E, p. 45; Exhibit F, p. 47.

### E.  The Claims, Classes, And Relief Sought.

Plaintiffs plead two claims for each of twenty-two identified states, *i.e.,* breach
of express warranty and breach of contract.  FAC, ¶¶ 121-448.  These claims are
based on the exact same facts and theory, *i.e.,* the Lifetime Warranty was breached
by refusing repairs based solely on the failure to have a 5 year inspection.  *Id.*  More
specifically, all of the twenty-two breach of express warranty claims are based on
the same rote allegations that FCA US "expressly warranted" Plaintiffs' vehicles
"were covered by the Lifetime Warranty" which "promised to cover the cost of all
parts and labor needed to repair powertrain components," and FCA US "breached
the Lifetime Warranty" by refusing "to cover the cost of repairing" defects in
powertrain components, or by "refusing to repair" defects in the powertrain
components.  *Id.* at ¶¶ 124-25, 138-39, 152-54, 167-69, 182-84, 197-99, 212-14,
227-29, 242-44, 257-59, 272-74, 287-89, 302-04, 317-19, 330-32, 347-49, 362-64,
377-79, 392-94, 407-09, 422-24, 437-39.

And, the twenty-two claims for breach of contract, which are purportedly
pleaded "in the alternative," are all based on allegations that FCA US committed a
breach "by refusing to cover the cost of repairing" failed powertrain components.
*Id.* at ¶¶ 132-33, 146-47, 161-62, 176-77, 191-92, 206-07, 221-22, 236-37, 251-52,

266-67, 281-82, 296-97, 311-12, 326-27, 341-42, 356-57, 371-72, 386-87, 401-02, 416-17, 431-32, 446-47.[7]

Plaintiffs define twenty-two separate classes.  With the exception of the identified state, these definitions are identical:

> "All persons or entities in the state of [Michigan] [Alabama] [Alaska] [Arkansas] [Florida] [Georgia] [Illinois] [Indiana] [Kentucky] [Massachusetts] [Nevada] [New Jersey] [New York] [North Carolina] [Ohio] [Oregon] [Pennsylvania] [South Carolina] [Texas] [Utah] [Virginia] [Washington] who are current or former original owners of a Class Vehicle and were denied Lifetime Warranty coverage based on the Inspection Clause."

*Id.* at ¶ 107.

Plaintiffs plead failure of essential purpose based on the notion that "the contractual remedy is insufficient" to make them "whole" and the "promised remedies" were not provided "within a reasonable time."  *Id.* at ¶¶ 127, 140, 155, 171, 185, 200, 216, 231, 246, 261, 276, 291, 306, 321, 336, 351, 366, 381, 396, 411, 426, 441.  They seek "damages for the costs of repair and labor," and pre- and post-judgment interest.[8]  *Id.* at pp. 103-04 ("Prayer for Relief").

---

[7]The breach of contract claim under Alabama law is the only exception to this as the only specification of breach in it is that FCA US "fail[ed] to repair the Class Vehicles evidencing a sudden unintended acceleration problem."  *Id.* at ¶ 147.

[8]Plaintiffs violate the order in *Hightman* limiting relief to repair costs by asking for injunctive relief to "require[] [FCA US] to repair [ ] the Class Vehicles that have been denied repairs under the Lifetime Warranty," and "declaratory relief pursuant to, without limitation, an order declaring the Inspection Clause as an unenforceable provision of the Lifetime Warranty."  FAC, at pp. 103-04.

# III. **ARGUMENT**

## A.  **The Governing Legal Standards.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## B.  **The Allegations Do Not Support Any Breach.**

In the FAC, Plaintiffs plead they did ***not*** have the "powertrain inspection" mandated by the Lifetime Warranty performed at each of the designated 5 year intervals.[9]  *See* FAC, ¶¶ 10, 13, 16, 19, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64, 67, 70, 73, 76, 79, 82, 85, 88.  Yet, they base their claims entirely on the denial of a cost-free repair done ***after*** they had failed to comply with the designated five year inspection intervals, all the while ***admitting*** this failure was the very reason

---

[9]According to FCA US's records, ***17*** of the 27 named Plaintiffs actually presented their vehicle for the required powertrain inspection at the 5 year mark and had it completed, but then chose not to do the same at the 10 year mark.  The omission of this fact from the FAC was likely not inadvertent as it defeats the allegation that Plaintiffs did not know about the inspection requirement.

for the denial. *Id.* Plaintiffs' own admissions actually prove no breach occurred.

The Lifetime Warranty required that each vehicle owner "must have the inspection performed to continue [the Lifetime Warranty] coverage." *See* Exhibit C, p. 13; Exhibit D, p. 13; Exhibit E, p. 12; Exhibit F, p. 13; Exhibit G; Exhibit H. When Plaintiffs sought repairs there was no available coverage under its provisions because they failed to have the inspection performed as necessary to continue its coverage. Because no breach occurred, the FAC must be dismissed.

**C.**    **Plaintiffs' Pleading Of Section 2304(b)(1) Lacks Any Good Faith Basis.**

Plaintiffs try to escape their failure to comply with the mandates for continuing the Lifetime Warranty coverage by pleading the inspection provision in it is "illegal" under 15 U.S.C. § 2304(b)(1). *See* FAC, ¶¶ 6, 130, 144, 159, 174, 189, 204, 219, 234, 249, 264, 279, 294, 309, 324, 339, 354, 369, 384, 399, 414, 429, 444. Plaintiffs' lack of a good faith basis to raise this provision of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, ("MMWA") is glaring. Plaintiffs have not even pleaded a claim under the MMWA, and they are barred from doing so. *See* Exhibit B, p. 7. But, the bad faith in raising this statutory section goes way beyond this. There is simply no legal basis for it.

As this District has correctly found, "[s]ection 2304 of the MMWA [] only applies to 'full' warranties." *Sautner v. Fleetwood Enterprises, Inc.*, 2007 WL 1343806, *9 (E.D.Mich. 2007); *see also Glob. Quest, LLC v. Horizon Yachts, Inc.*,

849 F.3d 1022, 1031 fn.5 (11th Cir. 2017) (noting there is a distinction between full and limited warranties and "only full warranties are required to meet the minimum standards set forth in 15 U.S.C. § 2304" (citation omitted)); *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 919 fn.4 (9th Cir. 2005) ("Section 2304 applies to full warranties, not to the limited warranty between the parties here"); *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1167 (5th Cir. 1979) ("The remedies set forth in 15 U.S.C. § 2304 are applicable only to 'full' warranties").

Thus, courts which have analyzed whether § 2304(b)(1) has any application when, as here, a ***limited*** warranty is at issue[10] have found that it does not. *See, e.g., Rojas v. Bosch Solar Energy Corp.*, 386 F.Supp.3d 1116, 1129 (N.D.Cal. 2019) (rejecting claim defendant "violated 15 U.S.C. § 2304(b)(1) by imposing a duty other than notification as a condition of securing a remedy" because it only "provides federal minimum standards for express warranties [and] [a] company may issue a written warranty which does not meet federal minimum standards" (citation

---

[10]Plaintiffs admit the Lifetime Warranty was designated a "limited" warranty by name, and that the word "limited" is used within it. *See, e.g.,* FAC, ¶¶ 1, 100, 103, 152; *see also* Exhibits C, D, E, F. And, remarkably, Plaintiffs' own description of the warranty throughout the FAC is that it was a "limited warranty." *See, e.g.,* FAC, ¶ 127, 171, 200. In light of this, Plaintiffs cannot earnestly claim that the Lifetime Warranty was a "full warranty" as that term is used in the MMWA. *See, e.g., Haas v. DaimlerChrysler Corp.*, 611 N.W.2d 382, 384-85 (Minn.App. 2000) (finding "no reasonable consumer could believe" a warranty was a "full warranty" subject to 15 U.S.C. § 2304(b)(1) where "the phrases 'limited warranty' and 'limited warranties'" appeared throughout written warranty booklet).

omitted)); *Tucker v. Aqua Yacht Harbor Corp.*, 749 F.Supp. 142, 143 (N.D. Miss. 1990), *aff'd sub nom.*, 953 F.2d 643 (5th Cir. 1992) ("the imposition on a consumer of something other than 'notification' of a problem is violative of Magnuson-Moss only if the warranty is a 'full' warranty" (*citing* 15 U.S.C. § 2304(b)(1)).

Even if § 2304(b)(1) applied (which it does not), nothing in that section precludes a warrantor from imposing conditions on the provision of warranty coverage; to the contrary, its express language provides a warrantor can impose any "duty" on a consumer that is "reasonable." 15 U.S.C. § 2304(b)(1); *see also Pratt v. Winnebago Indus., Inc.*, 463 F.Supp. 709, 714 (W.D.Pa. 1979) (rejecting notion that warranty provision condition requiring purchaser to return vehicle to original seller for repair violated 15 U.S.C. § 2304(b)(1)); *Ruffin v. Fleetwood Motor Homes of Pennsylvania, Inc.*, 1997 WL 752000, *8 (E.D.Pa. 1997) (noting that 15 U.S.C. § 2304(b)(1) allows warrantor to impose "reasonable" duties on consumers, and finding requirement to return vehicle to original purchaser for repairs was not unreasonable). And, the MMWA's other provisions make clear that even the provider of a full warranty *can* impose obligations on a consumer as a condition of providing warranty coverage. *See* 15 U.S.C. § 2302(a)(5).

Plaintiffs' pleading of 15 U.S.C. § 2304(b)(1) is baseless.

**D.**     **Plaintiffs' Other Bases For Excusing Their Performance Under The Lifetime Warranty Are Legally Insufficient.**

Beyond their allegations of a non-applicable statute, Plaintiffs aver 1) they

- 15 -

had no reasonable notice of the inspection requirement, 2) the inspection clause was not an essential/material term, 3) the inspection clause involves an extreme forfeiture or penalty, and 4) the inspection clause is unconscionable. *See, e.g.,* FAC, ¶ 6. The first three of these provide no independent basis for refusing to enforce the inspection clause in the Lifetime Warranty; at best they may factor into Plaintiff's claim of "unconscionability." But, the unconscionability claim is barred by the applicable statutes of limitation and factually unsupportable.

### 1.    *The Statute Of Limitations Bars The Unconscionability Claim.*

As the Uniform Commercial Code makes clear, unconscionability occurs when a contract comes into existence. UCC § 2-302 ("If the court ***as a matter of law*** finds the contract or any clause of the contract ***to have been unconscionable at the time it was made*** the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause" (emphasis added)). This provision of the UCC is part of every state's law that Plaintiffs invoke.[11]

The Ninth Circuit has expressly recognized that "[g]enerally, claims relating to contract invalidity accrue as soon as the basis for invalidity could be discovered,

---

[11]Mich.Stat. 440.2302(1); Ala.Stat. § 7-2-302(1); Alaska Stat. § 45.02.302(a); Ark.Stat. § 4-2-302(1); Fla.Stat. § 672.302(1); Ga.Stat. § 11-2/302(1); Ill.Stat. ch. 810 § 5/2-302; Ind.Stat. 26-1-1-302(1); Ky.Stat. § 355.2-302(1); Mass.G.L. 106 § 2-302(1); Nev.Stat. 104.2302.1; N.J.Stat. 12A:2-302(1); N.Y. UCC § 2-302; N.C.Stat. § 25-2-302(1); Ohio R.C. § 1302.15(A); Ore.Stat. § 72.3020(1); 13 Pa.Stat. § 2302(a); S.C.Stat. § 36-2-302(1); Tex.Bus.&Com. Code § 2.302(a); Utah Stat. § 70A-2-302(1); Va.Stat. § 8.2-302(1); Wash.Stat. 62A.2-302(1).

which is usually at the time the contract is formed." *McCracken v. Lockwood Sch. Dist. No. 26*, 208 Fed.Appx. 513, 515 (9th Cir. 2006) (*citing Schmidt v. Grand Forks Country Club*, 460 N.W.2d 125, 128 (N.D.1990); *Yerkovich v. MCA Inc.*, 11 F.Supp.2d 1167, 1174 (C.D.Cal.1997)).

And, other courts which have addressed the issue of when the statute of limitations began to run for a party seeking to invalidate a contractual provision based on a theory of unconscionability have concluded that it is when the contract was formed. *See, e.g., Slocum v. Sebring Capital Partners, LP*, 2018 WL 3470300, *8 (E.D.Tex. 2018), *report and recommendation adopted*, 2018 WL 3460245 (E.D.Tex. 2018) ("A claim for unconscionable contract accrues at the time the contract is formed"); *Gozzo v. Wells Fargo Bank, NA*, 2017 WL 1075071, *3 (Mass. 2017) (rejecting notion that limitations on an unconscionable contract accrues after contract is signed); *Yerkovich v. MCA, Inc.*, 11 F.Supp.2d 1167, 1173-74 (C.D.Cal. 1997), *aff'd,* 211 F.3d 1276 (9th Cir. 2000) ("unconscionability claim accrues at the moment when the allegedly unconscionable contract is formed").

Plaintiffs allege they purchased their vehicles new, and the latest model year of vehicle that any Plaintiff purchased is a 2009. *See* FAC, ¶ 8. The Lifetime Warranty was part of the purchase transactions, and thus was issued ***at least 11 years*** prior to Plaintiffs filing of this case in May 2020. This is beyond the limitations

period,[12] whether analyzed under the UCC statute of limitations[13] or the general

contract statute of limitations, in each state.[14]  Thus, the FAC must be dismissed.

### 2.    *Unconscionability Is Lacking As A Matter Of Law.*

As provided by statute in each relevant state, the issue of whether a contract

clause is unconscionable is one to be made by "the court as a matter of law."  *See*

§ III.D.1, *supra.* (identifying applicable state statutes); *see also Andersons, Inc. v.*

---

[12]The singular exception to this would be under Kentucky law, but only if the Lifetime Warranty was categorized as a contract **other than for the sale of goods**, in which case a 15 year statute of limitations applies.  *See* Ky.Stat. § 413.090(2).

[13]*See* Mich.Stat. 400.2725 (4 years); Ala.Stat. § 7-2-725(1) (4 years); Alaska Stat. § 45.02.725 (4 years); *Riddle v. Udouj*, 267 S.W.3d 586, 590 (Ark. 2007) (5 years for "breach of a warranty"); *Long v. First Fed. Sav. & Loan Ass'n of Citrus Cty.*, 497 So.2d 964, 965 (Fla.App. 1986) (5 years for breach of warranty); Ga.Stat. § 11-2-725 (4 years); Ill.Stat. ch. 810 § 5/2-725 (4 years); Ind.Stat. 26-1-2-725 (4 years); Ky.Stat. § 355.2-725(1) (4 years); Mass.G.L. 106 § 275(1) (4 years); Nev.Stat. 104.2725.1 (4 years); N.J.Stat. 12A:2-725 (4 years); N.Y. UCC § 2-725 (4 years); *Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*, 764 S.E.2d 203, 221 (N.C.App. 2014) ("breach of warranty is subject to a three year statute of limitations"); Ohio R.C. § 1302.98(A) (4 years); Ore.Stat. § 72.7250 (4 years); 13 Pa.Stat. § 2725 (4 years); S.C.Stat. § 36-2-725(1) (6 years); Tex.Bus.&Com. Code § 2.725(a) (4 years); Utah Stat. § 70A-2-725 (4 years); Va.Stat. § 8.2-725 (4 years); Wash.Stat. 62A.2-725(1) (4 years).

[14]*See* Mich.Stat. 600.5807(9) (6 years); Ala.Stat. § 6-2-34(4) (6 years); Alaska Stat. § 09.10.053 (3 years); Ark.Stat. § 16-56-111 (5 years); Fla.Stat. § 95.11(2)(b) (5 years); Ga.Stat. § 9-3-24 (6 years); Ill.Stat. ch. 735 § 5/13-206 (10 years); Ind.Stat. 34-11-2-11 (10 years); Mass.G.L. 260 § 2 (6 years); Nev.Stat. 11.190.1(b) (6 years); N.J.Stat. 2A:14-1 (6 years); N.Y. CPLR § 213.2 (6 years); N.C.Stat. § 1-52 (3 years); Ohio R.C. § 2305.06 (8 years); Ore.Stat. § 12.080 (6 years); 42 Pa.Stat. § 5525(a) (4 years); S.C.Stat. § 15-3-530 (3 years); Tex.Civ.Prac.&Rem. Code § 16.051 (4 years); Utah Stat. § 78B-2-309(1)(b) (6 years); Va.Stat. § 8.01-246.4 (3 years); Wash.Stat. 4.16.040(1) (6 years).

*Horton Farms, Inc.*, 166 F.3d 308, 323 (6th Cir. 1998) ("unconscionability is a question of law for the court to decide"). And, "[a] plaintiff must allege both substantive and procedural unconscionability when claiming a breach of warranty based on the theory of unconscionability." *In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, 406 F.Supp.3d 618, 628 (E.D.Mich. 2019) (citation omitted); *see also Rivera v. Ford Motor Co.*, 2017 WL 3485815 *3 (E.D.Mich. 2017). This requires showing that the contract is "so outrageously unfair as to shock the judicial conscious." *In re Gen. Motors Air Conditioning*, 406 F.Supp.3d at 628. Here, it is clear Plaintiffs' unconscionability claim fails.

Plaintiffs' allegations of procedural unconscionability do ***not*** involve duress or undue influence. They do ***not*** reflect unequal bargaining power or a lack of meaningful choice. Indeed, no such allegations could stand in light of this District's findings that it is nearly impossible to show procedural unconscionability in the context of the automotive marketplace because of its inherent competitiveness. *In re Gen. Motors Air*, 406 F.Supp.3d at 629; *see also Schiesser v. Ford Motor Co.*, 2017 WL 1283499, *4 (N.D.Ill. 2017) (finding vehicle warranty is not procedurally unconscionable when offered on "take it or leave it" basis and extended warranty is available). And, the warranty booklets given to Plaintiffs prove they had choices in their buying decisions since extended warranty contracts were available. *See, e.g.,* Exhibit C, p 45; Exhibit D, p. 46; Exhibit E, p. 45; Exhibit F, p. 47.

The only allegations that Plaintiffs proffer which even arguably go to the issue of procedural unconscionability are those in which it is claimed that Plaintiffs did not get notice of the Lifetime Warranty's provisions.  And, the only facts they plead in support of this are that either the provisions were "excluded from warranty manuals," or the inspection provision was only "in fine-print and indistinguishable from the surrounding text."  *See* FAC, ¶ 106.  Of course, as the bankruptcy court made clear in the identical *Hightman* case, Plaintiffs **cannot** base **any** claim on a "fail[ure] to disclose the warranty" or on allegations of it being unavailable or not visible.  Exhibit B, pp. 3, 14.

But, even if such claims were not barred, Plaintiffs' allegations of a lack of notice are facially implausible.  Plaintiffs nowhere plead that they did not have access to the written Lifetime Warranty, and they expressly admit that they viewed advertisements about it.  *See* § II.C, *supra*.  **The advertisements had information about the inspection requirement**.  *See* § II.D.1, *supra*.  Furthermore, the notion that the inspection clause was somehow hidden or obscure is belied by the written Lifetime Warranty itself, wherein the inspection requirement is set forth in its own separate section of the same size and font as the other warranty provisions, and with its own bolded heading of "**Inspections**."  *See* § II.D.2, *supra*.  And, **three pages dedicated solely to tracking the inspections** followed.  *Id*.  This renders Plaintiffs' averments that the inspection provision was inconspicuous implausible.

In any event, courts have consistently found that the precise terms of a contract or warranty need not be visible at the time a transaction occurs.  For example, when the alleged hidden terms of an agreement could have been found online prior to a purchase if a consumer had searched for them, procedural unconscionability was found to be lacking.  *See, e.g., Auyeung v. Toyota Motor Sales, USA, Inc.*, 2019 WL 3385189, *5 (N.D.Ill. 2019).  And, where the written warranty terms were admittedly not delivered to a consumer until months after purchase, this was not sufficient to show procedural unconscionability.  *See, e.g., Dixon v. Monaco Coach Corp.*, 2009 WL 187837, **2-4 (N.D.Ind. 2009).  Plaintiffs do not, and cannot, allege the terms of the Lifetime Warranty were completely unavailable to them prior to and/or after their vehicle purchases.

Furthermore, procedural unconscionability has been found to be lacking when (as here) a consumer knows about a warranty, but simply chooses to "not inquire about the warranty's specifics."  *Disher v. Tamko Bldg. Prod., Inc.*, 2018 WL 905362, *4 (S.D.Ill. 2018).  And, here, Plaintiffs admit they knew about the Lifetime Warranty when they made their vehicle purchases; in fact, they aver that its existence was the "chief consideration" in their purchasing decision.  FAC, ¶ 108.  Hence, if, as Plaintiffs allege, they did not know the terms of the Lifetime Warranty when they bought their vehicles, it has to be assumed they made the decision to do absolutely no research on its terms or to ask the selling dealership about them, as those terms

were readily available to them from either source.  *See* § II.D.1, *supra*.; *see also* Exhibits C, D, E, F, G, H.

Plaintiffs' allegations of unconscionability are equally deficient on a substantive level.  The only averments which even arguably relate to a claim of substantive unconscionability are:  (1) the inspection clause "serves no commercial purpose, and is unreasonable and one-sided" because a powertrain inspection does "not affect the quality or fitness of powertrain parts and components" and FCA US must repair powertrain components without regard to what caused the need for the repair (FAC at ¶ 107);[15] and (2) the failure to get an inspection produced "one-sided, unfair, and harsh results" because "it voids the entire warranty" instead of just "suspend[ing] coverage until performance" (*id.* at ¶ 108).[16]

Not only is the conclusory averment that the required powertrain inspection serves no legitimate purpose unsupported by any facts, it is illogical and implausible. Under the express provisions of the Lifetime Warranty its coverage is restricted and inapplicable whenever it is found a vehicle was not properly maintained, or was abused or neglected.  Exhibits C, D, E, F at pp. 17-22.  A periodic inspection is a window into whether a consumer is meeting his obligations under the Warranty and

---

[15]Also pleaded in the FAC as the inspection clause being a non-essential, non-material term.  *See, e.g.,* FAC, ¶ 6.

[16]Also pleaded in the FAC as the inspection clause being "an extreme forfeiture or penalty."  *See, e.g.,* FAC, ¶ 6.

thus is entitled to continued coverage. And, simply having to present a vehicle once every 5 years as a condition to continuing a lifetime of warranty coverage is clearly not unreasonable or one-sided, particularly when it is the warrantor (old Chrysler, FCA US) who must pay a dealership for the inspection and it cost the consumer nothing. *Id.* at p. 13. In fact, it is illogical to suggest a warrantor would agree to pay millions of dollars for vehicle inspections that serve no purpose whatsoever.

Finally, Plaintiffs' claim that "suspension" instead of "forfeiture" was the only appropriate remedy are implausible because this would completely negate the inspection requirement altogether. If coverage was only "suspended" until an inspection was done then every consumer could wait and present his vehicle for the inspection at the time he needs coverage for a repair, even if 20 years post-purchase.

**E.** **The Duplicative Claims Should Be Dismissed.**

Plaintiffs' breach of warranty and breach of contract claims are based on identical facts and the same theory, and they seek the same damages. As the bankruptcy court did in *Hightman* (*see* Exhibit B, pp. 14-16, 18-19), this Court should dismiss the breach of warranty claims as duplicative. *See, e.g., De Angelis v. Nat'l Entm't Grp. LLC.*, 2019 WL 1024954, *3 (S.D. Ohio 2019) ("Courts may [] dismiss duplicative claims in the same case").

**F.**     <u>**Alternative Motion To Dismiss/Strike Allegations.**</u>

*Class Allegations:*   Long ago the Sixth Circuit approved of a district court striking legally deficient class allegations at the pleading stage.   *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945-49 (6th Cir. 2011).   The class allegations here should be stricken because the classes defined by Plaintiffs are not ascertainable, their makeup requires individual fact-finding, and they amount to prohibited "fail-safe classes."   Each vehicle owner will be a class member only if he is ultimately found to have a valid claim, *i.e.,* if he had a warranty claim denied "based on the Inspection Clause."   *See* FAC, ¶ 110.   This is legally impermissible. *See, e.g., Romberio v. Unumprovident Corp.*, 385 Fed.Appx. 423, 431 (6th Cir. 2009) (holding class definition is improper if court must "engage in individualized fact-finding" to determine whether an individual is a member); *Oom v. Michaels Companies Inc.*, 2017 WL 3048540, *5 (W.D.Mich. 2017) (striking class allegations for lack of ascertainability and as creating an improper fail-safe class because definition ensured that only those entitled to relief would be class members).

*Failure Of Essential Purpose:*   Plaintiffs repeatedly plead the doctrine of failure of essential purpose (*see* § II.E, *supra.*), which is merely a means to void a limitation on *remedies* under a contractual theory.   *See, e.g.,* Mich.Stat. 440.2719(2). These allegations should be stricken because Plaintiffs' remedies here are limited by the bankruptcy court's Sale Order, ***not*** by a contractual provision.

## IV.  CONCLUSION

For these reasons, Defendant FCA US LLC respectfully requests the Court

dismiss Plaintiffs' First Amended Class Action Complaint or strike portions of it.


Respectfully submitted,

**THOMPSON COBURN LLP**

By: */s/ Kathy A. Wisniewski*
    Kathy A. Wisniewski (MO/38716)
    Stephen A. D'Aunoy (MO/54961)
    One US Bank Plaza
    St. Louis, Missouri  63101
    (314) 552-6000
    kwisniewski@thompsoncoburn.com
    sdaunoy@thompsoncoburn.com

**KING AND MURRAY PLLC**
Thomas J. Murray (P56331)
355 S. Old Woodward, Suite 100
Birmingham, MI  48009
(248) 792-2397
 tmurray@kingandmurray.com

*Counsel for Defendant FCA US LLC*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2020, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

    */s/ Kathy A. Wisniewski*

- 25 -