UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GRUNDY, et al.,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.
_____/

Case No. 2:20-cv-11231

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT UNDER RULE 12(b)(6) [17]**

Plaintiffs filed the amended class action complaint and alleged that FCA US LLC ("FCA") breached a lifetime warranty on its vehicles. ECF 15. FCA moved to dismiss. ECF 17. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion.

### BACKGROUND[1]

From 2006 to 2009, FCA's predecessor—Chrysler LLC ("Chrysler")—advertised, manufactured, and sold vehicles with a "Lifetime Limited Powertrain Warranty" ("Lifetime Warranty"). ECF 15, PgID 161. Plaintiffs are residents of twenty-two States who purchased vehicles covered by the Lifetime Warranty. *Id.* at

---

[1] The Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), and the recitation of background here does not constitute a finding of fact.

1

164–88. Each Plaintiff allegedly purchased his or her vehicle from Chrysler. *Id.* at 161. After Chrysler declared bankruptcy, "FCA expressly assumed Old Chrysler's obligations under the Lifetime Warranty." *Id.*

All Plaintiffs alleged that they brought their vehicles to FCA dealers for repairs and that they believed the Lifetime Warranty covered the repairs. *Id.* But FCA refused to cover the cost of the repairs, and instead told each Plaintiff that their "vehicle's Lifetime Warranty was revoked because [the vehicle] had not undergone a powertrain inspection pursuant to the terms of the Inspection Clause." *Id.* at 165. After they were denied services, Plaintiffs collectively filed the present class action and alleged that FCA breached its obligations under the Lifetime Warranty. *See generally* ECF 15.

Rather than answering, FCA moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and argued that Plaintiffs breached the Lifetime Warranty by not "presenting their vehicles for an inspection every five years." ECF 17, PgID 269–70. FCA also argued that the Court should strike Plaintiffs' class allegations and any allegations of an essential purpose. *Id.* at 309. Plaintiffs disputed FCA's claims, ECF 19, and FCA replied, ECF 20.

### LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 570 (2007)). The Court views the complaint in the light most favorable to the Plaintiffs, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Court will first address whether Plaintiffs' claims should be dismissed under Rule 12(b)(6). Then, it will address the class allegations.

I. <u>Motion to Dismiss</u>

*A. Breach of Express Warranty*

First, rather than argue that Plaintiffs failed to plead any elements of their breach of express warranty claims, FCA argued that the twenty-two different state law breach of warranty claims should be dismissed because Plaintiffs did not comply with the Lifetime Warranty's terms. ECF 297–98. Specifically, FCA alleged that Plaintiffs must have brought their vehicles to a FCA dealer at least once every five years for a "powertrain inspection" to continue the Lifetime Warranty coverage. ECF 17, PgID 290. Plaintiffs admit that they did not have the required inspections. ECF 15, PgID 164–88. Still, the complaint alleges that Plaintiffs were "not given notice about the existence of the Inspection Clause or the specific obligations it imposed on" them. *Id.* In other words, Plaintiffs claim they were unaware of the inspection

3

requirement. *Id.* Thus, resolution of the issue before the Court does not address the plausibility of the allegations; it concerns disputed material facts.

To overcome the dispute, FCA appears to assert a preclusion argument. In particular, FCA cited an order from the Bankruptcy Court for the Southern District of New York that oversaw Chrysler's bankruptcy. ECF 17-2 (*Hightman v. FCA US LLC* (*In re Old Carco LLC*), No. 19-01333, ECF 15 (Bankr. S.D.N.Y. Mar. 11, 2020)). That bankruptcy court dealt with a very similar complaint that stemmed from an FCA Lifetime Warranty. ECF 17, PgID 287–88; *see also* ECF 17-2 (*Hightman* order granting in part and denying in part FCA's motion to enforce the bankruptcy court's sale order and to dismiss the first amended class action complaint); ECF 17-3 (transcript of bankruptcy court motion to dismiss hearing). The bankruptcy court specifically allowed the breach of warranty claim to proceed. ECF 17-2, PgID 314; ECF 17-3, PgID 335 ("The second cause of action is not being dismissed to the extent that Plaintiff asserts a claim for breach of contract, essentially, or breach of warranty."). Thus, the bankruptcy court order does not support FCA's motion here.

Last, FCA offered as evidence copies of warranty booklets from five vehicles covered by the Lifetime Warranty. *See* ECF 17-4 (2009 Jeep Grand Cherokee Warranty Booklet), 17-5 (2009 Dodge Ram Warranty Booklet), 17-6 (2008 Minivans Warranty Booklet), 17-7 (2008 Ram Truck Warranty Booklet). All of the FCA warranty booklets explicitly contained a requirement that the vehicles be inspected every five years for the Lifetime Warranty to endure. *See* ECF 17-4, PgID 353, ECF 17-5, PgID 405, ECF 17-6, PgID 456, ECF 17-7, PgID 532. FCA also attached notices

4

that allegedly instructed its dealers to insert into vehicle owners' manuals printed before the Lifetime Warranty announcement. ECF 17-8, PgID 592; ECF 17-9, PgID 596–97. And, like the manuals, the inserts contained inspection provisions. ECF 17-8, PgID 592, ECF 17-9, PgID 596–97. Additionally, FCA argued that all individuals who bought vehicles covered by the Lifetime Warranty also received either the warranty booklets or warranty notices. ECF 17, PgID 294–95.

FCA's argument directly contradicts Plaintiffs' allegations that they did not receive notice of the inspection provision in the Lifetime Warranty. ECF 15, PgID 164–88. But FCA did not present specific agreements with Plaintiffs showing that Plaintiffs specifically were aware of or agreed to the inspection provision. Rather, the evidence of agreements is all based on generalizations. Thus, there is a factual dispute about whether Plaintiffs specifically had notice of or agreed to the specific inspection provision discussed. The Court cannot make factual determinations at the motion to dismiss stage. Rather, the Court must "accept[] all well pleaded factual allegations as true." *Parrino v Price*, 869 F.3d 392, 397 (6th Cir. 2017); *see also Twombly*, 550 U.S. at 557 (citations omitted) ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."). Because Plaintiffs pleaded that they did not receive notice of the inspection provision, the Court will deny the motion to dismiss the breach of warranty claims.

The Court will, however, dismiss Plaintiffs' claims for injunctive relief because the bankruptcy court that oversaw the Chrysler bankruptcy proceedings already

5

found that damages for a breach of warranty claim stemming from the Lifetime Warranty Provision must be limited "to the cost of repair and labor for fixing the vehicle[s]." ECF 17-2, PgID 314. And the Court will defer to the bankruptcy court's interpretation of its sale order because it "plainly had jurisdiction to interpret . . . its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). On that basis, the Court will limit Plaintiffs' claims to the cost of labor and repair for fixing the vehicles.

      *B. Breach of Contract/Common Law Warranty*

Next, FCA argued that the breach of contract/common law warranty claim should be dismissed as duplicative of the breach of express warranty claim. ECF 17, PgID 308. But Plaintiffs conceded that they pleaded "their breach of contract/common law warranty claims in the alternative to their breach of warranty claims." ECF 19, PgID 628. Although "[c]ourts may [] dismiss duplicative claims in the same case[,]" they need not do so. *See De Angelis v. Nat'l Entm't Grp., LLC*, No. 17-cv-924, et al., 2019 WL 1024954, at *3 (S.D. Ohio Mar. 4, 2019). Under Federal Rule of Civil Procedure 8, "a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims." *Ajuban Intern., L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 688 (E.D. Mich. 2012) (quoting *Detroit Tigers, Inc. v. Ignite Sports Media, L.L.C.*, 203 F. Supp. 2d 789, 793 (E.D. Mich. 2002)). In brief, Plaintiffs pleaded their breach of contract/common law warranty claims in the alterative to their breach of express warranty claims, and the Court will not dismiss the claims as duplicative.

6

II.    <u>Motion to Strike</u>

Next, FCA argued that Plaintiffs' class allegations, and any allegations relating to "the doctrine of essential purpose" should be struck. The Court will address each argument in turn.

*A. Class Allegations*

To begin, FCA maintained that the class allegations should be struck from the complaint because "the classes defined by Plaintiffs are not ascertainable, their makeup requires individual fact-finding, and they amount to prohibited 'fail-safe classes.'" ECF 17, PgID 309. Plaintiffs responded that the proposed classes were not fail-safe classes because a fail-safe class, unlike the proposed classes, "is 'one that includes *only* those who are *entitled* to relief.'" ECF 19, PgID 630 (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)) (emphasis in original).

Under Rule 23(c)(1)(A), "the court must determine [] whether to certify the action as a class action." But "[w]hen the defendant challenges class certification based solely on the allegations in the complaint" the Court must apply the same standard as it would when reviewing a motion to dismiss under Rule 12(b)(6). *Jimenez v. Allstate Indem. Co.*, No. 07-cv-14494, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010) (Murphy, J.). And so FCA "has the burden of 'demonstrating from the face of [Plaintiffs'] complaint that it will be impossible to certify the classes alleged by the [P]laintiff[s] regardless of the facts [P]laintiff[s] may be able to prove.'" *Id.* (citing *Bryant v. Food-Lion, Inc.,* 774 F. Supp. 1484, 1495 (D.S.C. 1991)).

7

But the parties did not discuss any factor that the Court must consider to certify a class action. *See generally* Fed. R. Civ. P. 23. Rather, the parties briefed only whether Plaintiffs' classes were "fail-safe classes." *See* ECF 17, PgID 309; ECF 19, PgID 629–31. The Court will therefore discuss that issue.

Here, Plaintiffs' proposed class includes residents of twenty-two states who "are current or former original owners of a Class Vehicle and were denied Lifetime Warranty coverage based on the inspection clause." ECF 15, PgID 197–200. FCA argued that as defined, the class is impermissible because the proposed classes will require individual fact-finding and because "[e]ach owner will be a class member only . . . if [each] had a warranty claim denied based on the inspection clause." ECF 17, PgID 309. The Court disagrees

First, the Court cannot find, at the motion to dismiss stage, that Plaintiffs' specific proposed classes are fail-safe classes. A fail-safe class is "a class that cannot be defined until the case is resolved on its merits." *Young*, 693 F.3d at 538. "Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment—either those class members win or, by virtue of losing, they are not in the class and are not bound." *Id.* (citations omitted). But the proposed classes include individuals who were original owners of class vehicles and denied coverage based on the inspection clause. *See* ECF 15, PgID 197–200. And the proposed "classes will include both those entitled to relief and those not." *Young*, 693 F.3d at 538. In other words, "[t]he facts that define an individual class member[,]" *i.e.*, an individual who is the original owner of a class vehicle and who was

8

denied warranty coverage because of the inspection clause, "are knowable without any determination of liability." *Perry v. Krieger Beard Servs., LLC*, No. 3:17-cv-161, 2018 WL 3218413, at *3 (S.D. Ohio, July 2, 2018). For example, an original owner who was denied coverage based on the inspection clause—but had notice of the inspection provision—and still failed to bring a vehicle in for inspection would be a class member without a right to recovery. But, at the same time, an original owner without notice of the inspection clause would have a right to recover. In all, based on the complaint's allegations, and the present procedural posture of the litigation, the Court cannot determine that Plaintiffs' proposed classes are fail-safe.

And last, FCA argued that the Court should strike the class allegations because they will require individual fact finding. ECF 17, PgID 309. But "the need to review individual files to identify [] [class] members" is not a reason "to deny class certification." *Young*, 693 F.3d at 539–40 (collecting cases). The Court will therefore deny the motion to strike the class allegations based on the potential need for individual discovery. If necessary, the Court will readdress both issues if and when Plaintiffs move for class certification.

### B. Essential Purpose

Finally, FCA argued that Plaintiffs' "failure of essential purpose" allegations should be struck because the claims at issue dealt only with remedies—but that the *Hightman* order limited remedies in the case. ECF 17, PgID 309. Although sparsely briefed, FCA appears to claim that Plaintiffs are entitled only to a remedy of repairs. *Id.* But Plaintiffs argue that their essential purpose claims are necessary because

9

mere repair of the vehicles is inadequate to make them whole. ECF 19, PgID 631–32. And contrary to FCA's assertions, the *Hightman* bankruptcy order did not bar damages; it merely limited damages "to the cost of repair and labor for fixing the vehicle." ECF 17-3, PgID 335. The Court will decline to strike the essential purpose claims.

## CONCLUSION

In sum, the Court will grant in part and deny in part FCA's motion to dismiss: the requests for injunctive relief will be dismissed, but the remaining claims and requests for damages will not. The Court will also decline to strike Plaintiffs' class allegations.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss Plaintiffs' first amended class action complaint [17] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' requests for injunctive relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is **DENIED** as to Plaintiffs' remaining claims and requests for damages.

**IT IS FURTHER ORDERED** that Defendant's alternative motion to dismiss/ strike allegations is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 15, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

11