UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

### DEFENDANT FCA US LLC'S MOTION
### FOR APPOINTMENT OF SIX "BELLWETHER" PLAINTIFFS
### FOR PURPOSES OF DETERMINING VIABILITY OF PLAINTIFFS' LIABILITY THEORY AT SUMMARY JUDGMENT STAGE

Defendant FCA US LLC moves this Court to exercise its inherent authority to control its docket to promote the economies of time for itself and the parties,[1] and enter an Order mandating the parties identify a total of six "bellwether" plaintiffs for purposes of determining the viability of Plaintiff's liability theory at the summary judgment stage, with each side (plaintiffs as a whole and defendant) choosing three

---

[1] *See, e.g., Jordan v. City of Detroit*, 557 Fed.Appx. 450, 456-57 (6th Cir. 2014) (holding a district court has "inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel" (citation and internal punctuation omitted); *see also Dunlap v. Sevier Cty., Tennessee*, – Fed.Appx. –, 2021 WL 3123914, *5 (6th Cir. 2021) ("District courts have inherent authority to control [their] docket in promoting economies of time and effort for the court, the parties, and the parties' counsel (citation omitted); *Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, * 1 (E.D.Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel").

- 2 -

of the bellwether plaintiffs.

This case involves 27 named Plaintiffs pleading claims under the laws of 22 different states. Plaintiffs plead there are issues that need to be resolved by the Court that are "common" to all of them. Furthermore, in its Order on FCA US's motion to dismiss this Court identified issues that it believes are common to all Plaintiffs. Resolving these purported common issues as to bellwether Plaintiffs will provide significant information regarding the viability of all Plaintiffs' claims, and will provide a basis from which this Court's decisions on substance, procedure, and discovery can then apply across the board. And, using a bellwether process will promote efficiencies for both the Court and the parties as it could eliminate the need to depose all 27 Plaintiffs and for the Court to resolve separate summary judgment grounds for each of them.

FOR RELIEF Defendant FCA US LLC respectfully requests that this Court grant its Motion, and enter an Order mandating the parties identify a total of six "bellwether" plaintiffs for purposes of determining the viability of Plaintiff's liability theory at the summary judgment stage, with each side (plaintiffs as a whole and defendant) choosing three of the bellwether plaintiffs.

This Motion is made following a conference with counsel pursuant to L.R. 7-1(a), which took place on August 19, 2021, in which counsel for

FCA US explained the nature of this motion and its legal basis, but did not obtain concurrence in the relief sought.

Respectfully submitted,

| THOMPSON COBURN LLP | KING AND MURRAY PLLC |
|---|---|
| By: */s/ Kathy A. Wisniewski* <br> Kathy A. Wisniewski (MO/38716) <br> Stephen A. D'Aunoy (MO/54961) <br> One US Bank Plaza <br> St. Louis, Missouri  63101 <br> (314) 552-6000 <br> kwisniewski@thompsoncoburn.com <br> sdaunoy@thompsoncoburn.com | Thomas J. Murray (P56331) <br> 355 S. Old Woodward, Suite 100 <br> Birmingham, Michigan  48009 <br> (248) 792-2397 <br> tmurray@kingandmurray.com |

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2021, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Kathy A. Wisniewski*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

## DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF SIX "BELLWETHER" PLAINTIFFS FOR PURPOSES OF DETERMINING VIABILITY OF PLAINTIFFS' LIABILITY THEORY AT SUMMARY JUDGMENT STAGE

## ISSUE PRESENTED

Whether the Court should appoint "bellwether" plaintiffs to test the legal sufficiency of Plaintiffs' liability theory at the summary judgment stage when there are 27 separate Plaintiffs pursuing claims under 22 different states' laws, and resolution of certain common legal issues as to only a few Plaintiffs could limit the scope of discovery needed as to all and narrow the ultimate issues the Court must decide at the class certification and trial stages?

FCA US answers yes.

This Court should answer yes.

Plaintiffs answer no.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258 (E.D.Mich. 2008)

*Hall v. Fiat Chrysler America US LLC*, 2021 WL 3560231 (C.D.Cal. 2021)

*Jordan v. City of Detroit*, 557 Fed.Appx. 450 (6th Cir. 2014)

# RELEVANT FACTS

A. <u>**Plaintiffs' Claims And FCA US's Position.**</u>

This case involves 27 Plaintiffs pursuing claims under the laws of 22 states. *See*, *generally*, First Amended Class Action Complaint, ECF #15, PageID.151-266 ("FAC"). Each Plaintiff avers he/she was provided a written vehicle warranty that promised free powertrain repairs for "life," but years later was denied a repair and told the warranty was "revoked" because he/she did not present his/her vehicle for a 5-year powertrain inspection as required by the written warranty document. *See* FAC, PageID.163-88 (¶¶ 8-89). Plaintiffs claim they were not made aware of the powertrain inspection requirement. *Id.* Each Plaintiff pleads a claim for breach of contract and breach of warranty, with both claims being based on the same alleged breach of the warranty agreement. *See* FAC, PageID.205-63 (¶¶ 121-448).

Throughout the case, FCA US has maintained that it clearly disclosed the powertrain inspection requirement to Plaintiffs. *See, e.g.,* ECF #17, PageID.291-95; ECF #17-4, PageID.353-56. This disclosure occurred in, among other places, the written warranty booklet provided to every vehicle buyer at the time he/she purchased his/her vehicle. *Id.* The warranty booklets laid out the inspection requirement in a separate section labeled "Inspections." *Id.*

B. <u>**The Court's Framing Of The Issues.**</u>

At the motion to dismiss stage, this Court evaluated Plaintiffs' claims and the

bases for them and concluded a plausible claim was pleaded based on a specifically identified reason.  *See* ECF #21, PageID.649-59.  As a starting point, the Court noted it was FCA US's position that the lifetime warranty coverage was contingent on a vehicle having an inspection every 5 years, and Plaintiffs all admitted "they did not have the required inspections."  *Id.* at PageID.651.  But, the Court noted, Plaintiffs alleged they were "not given notice about the existence of the Inspection Clause or the specific obligations it imposed on them."  *Id.* (quotation marks omitted).  While acknowledging that the warranty booklets before the Court "***explicitly*** contained a requirement that the vehicles be inspected every five years for the Lifetime Warranty to endure," the Court categorized this evidence as supporting only "generalizations," noting FCA US "did not present specific agreements with Plaintiffs showing that Plaintiffs specifically were aware of or agreed to the inspection provision."  *Id.* at PageID.652-53 (emphasis added).  The Court stated "[b]ecause Plaintiffs pleaded that they did not receive notice of the inspection provision, the Court will deny the motion to dismiss the breach of warranty claims."  *Id.*

## ARGUMENT

**A.     Applicable Law.**

This District has expressly recognized its "inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel."  *Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, * 1

(E.D.Mich. 2008).[1]  And, the Sixth Circuit has sanctioned the use of bellwether plaintiffs as part of the case management process.  *See, e.g., Baker v. Chevron U.S.A. Inc.*, 533 Fed.Appx. 509, 513 (6th Cir. 2013) (affirming summary judgment in favor of defendant in case where there were "sixty-one individual plaintiffs advancing property damage claims," and "fifteen bellwether plaintiffs" were appointed).

Although the use of the bellwether process generally has been in the context of mass torts, the reason the process exists applies just as much to a class action like this where there is a multitude of named plaintiffs bringing claims under a multitude of states' laws, and resolution of general issues applicable to all of them could narrow the scope of discovery and the court's need to resolve a host of disputes as to each named plaintiff.  As one court recently explained, "[t]he purpose of the bellwether process is to provide significant information regarding the entire pool of cases" so that there can be a "common springboard from which Court decisions on substance [ ], procedure, and discovery can then apply to like cases and claims." *In re: Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*, 2021 WL 3290962,

---

[1]*See also Dunlap v. Sevier Cty., Tennessee*, – Fed.Appx. –, 2021 WL 3123914, *5 (6th Cir. 2021) ("District courts have inherent authority to control [their] docket in promoting economies of time and effort for the court, the parties, and the parties' counsel (citation omitted); *Jordan v. City of Detroit*, 557 Fed.Appx. 450, 456-57 (6th Cir. 2014) (holding a district court has "inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel" (citation and internal punctuation omitted).

*4 (N.D.Ill. 2021) (internal citations and punctuation omitted).

B.     **Using Bellwether Plaintiffs Through Summary Judgment Is Warranted.**

Under the Court's Scheduling Order, all discovery must be completed in the next five months (by January 28, 2022). *See* ECF #27, PageID.746. Thus, having issued written discovery to Plaintiffs and received responses from them, FCA US now plans to notice the depositions of all 27 Plaintiffs and require them to appear in Michigan, as is the norm in this District. *See, e.g.*, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 6388981, *4 (E.D.Mich. 2017), *objections overruled*, 2017 WL 4216193 (E.D.Mich.) (requiring named plaintiffs in class action to appear in Michigan for deposition because "[w]hen a plaintiff files a complaint in a particular district, he has chosen that forum and cannot later argue that it would be too burdensome to appear for discovery there," and concluding "holding all depositions in one central location may increase the possibility of completing multiple depositions on the same day, or completing numerous depositions on consecutive days [which would] condense the amount of time it would take to depose the forty Plaintiffs, as opposed to if counsel had to travel throughout the country for each deposition" (citations and internal punctuation omitted)); *Beltran v. McLean*, 2014 WL 1118417, *5 (E.D.Mich. 2014) ("Generally, a plaintiff will be required to make himself available for deposition in the district where he filed suit absent a showing of circumstances that would constitute an unreasonable hardship

- 6 -

to the plaintiff"); *Atifah v. Union Sec. Ins. Co.*, 2008 WL 2714459, *1 (E.D.Mich. 2008) ("Case law is clear that Plaintiff must make himself available for deposition in the place where he has brought the action absent a showing of unreasonable hardship").

Significant costs and fees will be associated with 27 Plaintiffs appearing for deposition in Michigan, as well as with submitting a summary judgment motion directed to each of them based on their individual testimony. More importantly, the resources the Court will have to expend to oversee discovery disputes, and decide summary judgment motions directed to the claims of 27 plaintiffs under 22 different laws based on the testimony given at those depositions, will be tremendous.

Using bellwether plaintiffs to resolve issues that Plaintiffs claim are common to all of them could help avoid such excessive expenditures. Indeed, the way this Court has framed the issues, and ***Plaintiffs' own identification of issues they deem to be "common" among themselves***, shows that a resolution of certain issues even as to just a single Plaintiff has the potential to narrow this litigation significantly.

For example, both this Court and Plaintiffs have identified "notice" as a common issue among all Plaintiffs and as essential to the legal viability of the claims pleaded. *See* PageID.201 (¶ 115.b); PageID.653. And, one of the most critical factual and legal issues surrounding notice is the sufficiency of the "Inspections" provision in the warranty booklets provided to consumers. While individual

Plaintiffs may claim to have not received the warranty booklets (which would be unprecedented for a new vehicle owner), Plaintiffs' own responses to discovery prove that the majority of them received warranty booklets having the exact "Inspections" provision which FCA US contends is legally adequate notice. Clearly, then, this Court's pronouncement on the sufficiency of the "Inspections" provision as notice could significantly advance this case, narrow issues, and resolve many, if not all, named Plaintiffs' claims in their entirety.

The vital nature of a ruling on the legal sufficiency of the "Inspections" provision as notice is evidenced by the recent ruling in *Hall v. Fiat Chrysler America US LLC*, – F.Supp.3d –, 2021 WL 3560231 (C.D.Cal. 2021). There the court ruled, as a matter of law, that the **exact same** "Inspections" provision this Court will have to consider acted as legally sufficient notice of the need for a 5-year powertrain inspection. In *Hall*, the plaintiff had attacked the enforceability of the 5-year powertrain inspection requirement, pleading it was "inconspicuous" and a "subterfuge." 2021 WL 3560231 at *2; *see also id.* at fn.3. The court rejected these allegations as a matter of law, noting the inspection requirement appears in the written warranty "directly after the bolded heading, 'Inspection.'" *Id.* In the end, the court dismissed the plaintiff's claims with prejudice, reasoning the provision "very clearly states that it will no longer cover a vehicle that does not receive 'a powertrain inspection performed by an authorized [] dealer once every 5 years.'" *Id.*

If, as the *Hall* court found, this Court concludes the "Inspections" provision in the warranty booklet is adequate notice, presumably the parties could reach an agreement as to how to dispose of the claims of those Plaintiffs who admit to having received a warranty booklet with the "Inspections" provision.

The resolution of other issues Plaintiffs claim are "common" to the class could also expedite the resolution of this case by narrowing class certification, summary judgment, and trial issues. For example, Plaintiffs claim whether the "Inspection Clause" is "unconscionable" is a common issue amongst all of them. ECF #15, PageID.202 (¶ 115.d). The statutory laws of every state Plaintiffs invoke provide that this issue of unconscionability is to be made by "the court as a matter of law." *See* ECF 17, PageID.301 fn.11 (collecting statutes). And, there are issues that the Court could resolve as to only a single Plaintiff which will affect whether there is any procedural and substantive unconscionability for all Plaintiffs. These include procedural issues such as whether the inspection provision in the warranty booklet is conspicuous or was hidden or obscured either in the warranty booklet and/or in advertisements. These issues also include substantive ones such as whether the warranty contract with its "Inspections" provision was one-sided and whether cancelling warranty coverage was "too harsh" a result when a consumer failed to comply with its provisions.

In this case, with its multitude of named Plaintiffs and applicable laws,

developing a "common springboard" for resolving the multiple issues that Plaintiffs claim are "common" amongst all of them can only result in a savings of this Court's limited resources, as well as the parties' expense. The appointment of bellwether plaintiffs through a decision on summary judgment is that "common springboard." It will streamline discovery by potentially eliminating the need for a multitude of depositions, and it could ultimately save considerable judicial resources that might otherwise be needed to both resolve discovery disputes for each of the twenty-seven Plaintiffs, and to decide separate summary judgment issues on their claims under various states' laws. This justifies a bellwether plaintiff process.

## **CONCLUSION**

For the reasons set forth herein, Defendant FCA US LLC respectfully requests that this Court grant its Motion, and enter an Order mandating the parties identify a total of six "bellwether" plaintiffs for purposes of determining the viability of Plaintiffs' liability theory at the summary judgment stage, with each side (plaintiffs as a whole and defendant) choosing three of the bellwether plaintiffs.

Respectfully submitted,

| **THOMPSON COBURN LLP** | **KING AND MURRAY PLLC** |
|---|---|
| By: */s/ Kathy A. Wisniewski* | Thomas J. Murray (P56331) |
| Kathy A. Wisniewski (MO/38716) | 355 S. Old Woodward, Suite 100 |
| Stephen A. D'Aunoy (MO/54961) | Birmingham, Michigan  48009 |
| One US Bank Plaza | (248) 792-2397 |
| St. Louis, Missouri  63101 | tmurray@kingandmurray.com |
| (314) 552-6000 | |
| kwisniewski@thompsoncoburn.com | |
| sdaunoy@thompsoncoburn.com | |

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2021, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Kathy A. Wisniewski*