## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

---

## DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF SIX "BELLWETHER" PLAINTIFFS FOR PURPOSES OF DETERMINING VIABILITY OF PLAINTIFFS' LIABILITY THEORY AT SUMMARY JUDGMENT STAGE

---

Plaintiffs oppose appointment of bellwether plaintiffs to adjudicate common issues.[1]  Yet, they do not dispute that if the issues of law they have in common are resolved as to just one of them, the Court's rulings could be dispositive as to all.[2] Apparently unable to dispute this fact, Plaintiffs take the route of diversion by proffering a series of irrelevant and illogical arguments.  Their attempts to avoid the most efficient and logical course for this litigation should be rejected.

## A.  Plaintiffs Acknowledgement Of The Common Issues (Responds To § I Of Opposition, PageID.770-72).

All 27 Plaintiffs acknowledge their claims arise out of the same basic allegation that they were not told a 5-year powertrain inspection was required to keep the warranty on their vehicles in effect.  *See* Pl. Opp., PageID.770-71.  They summarize the "facts" they intend to rely on as being 1) owners of model-year 2007 vehicles and "many" owners of 2008 vehicles never received the terms of the lifetime warranty at all, and 2) although other owners of model-year 2008 vehicles and all owners of model-year 2009 vehicles did receive the terms of the lifetime warranty in writing the provision about the need for the 5-year powertrain inspection requirement "was not reasonably conspicuous because it was in fine print and

---

[1] *See* Plaintiffs' Response in Opposition to Defendant FCA's Motion for Appointment of Six "Bellwether" Plaintiffs for Purpose of Determining Viability of Plaintiffs' Theory at Summary Judgment Stage, ECF #31, PageID.765-82 ("Pl. Opp.").

[2] *Id.*

indistinguishable from surrounding text" and was thus "unconscionable." *Id.* In making these arguments, Plaintiffs effectively admit there are multiple common legal issues amongst them all:

- If model-years 2007 and 2008 vehicle owners did not receive the written lifetime powertrain warranty, do they even have a warranty to enforce in light of the fact that under the Bankruptcy Court's recent orders they can pursue claims only for breach of a ***written*** warranty?

- If model-years 2007 and 2008 vehicle owners received the written warranty did its terms notify them of the powertrain inspection requirement in a legally sufficient manner?

- Was the provision detailing the 5-year inspection requirement in the written lifetime warranty provided to model-years 2008 and 2009 vehicle owners conspicuous and conscionable?

Plaintiffs do ***not*** dispute that resolution of these common questions of law[3] as to even just one of them could impact the viability of all of their claims. This is the exact type of situation in which courts have found use of a bellwether process ensures efficiency.

---

[3]The law is beyond clear that Plaintiffs' claims of "unconscionability" and "conspicuousness" are questions of law for this Court to decide. *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F.Supp.3d 618, 629 (E.D.Mich. 2019) ("Unconscionability is ultimately a question of law for the court"); *679637 Ontario Ltd. v. Alpine Sign & Printer Supply, Inc.*, 2018 WL 287956, *6 (E.D.Mich. 2018), *aff'd sub nom.*, 758 Fed. Appx. 485 (6th Cir. 2019) ("Whether a clause is 'conspicuous' is a question of law for the Court"). And, while there may be individual questions of fact as to whether each specific owner of model-years 2007 and 2008 vehicles actually got a ***written*** lifetime warranty with an inspection provision, the question of whether a contract/warranty even exists when one party claims he never saw or received it is an issue that can be resolved as a matter of law.

**B.     The Use Of A Bellwether Process Is Separate From The Mandates Of Rule 23 (Responds To § II.A Of Opposition, PageID.772-75).**

In a confusing argument devoid of any real explanation, Plaintiffs intermix the concept of using a bellwether process with the requirements for class certification set forth in Federal Rule of Civil Procedure 23, and declare "certifying issues classes under Rule 23(c)(4), are more efficient than a bellwether process."   Pl. Opp., PageID.772.  Plaintiffs do not address why this Court should use its limited resources to decide the propriety of certifying a multitude of separate "issues" for class treatment when the case-dispositive questions of law they want certified can be decided without the parties having to waste resources briefing, and the Court having to spend time evaluating, the propriety of certification.  *Id.* at PageID.772-75.

Plaintiffs next argue about discovery, "multiple summary judgment motions," and "unnecessary inefficiencies."   *Id.* at PageID.773-74.   These arguments are baseless.  Indeed, while Plaintiffs declare they "oppose any process that would result in some discovery being produced now, with the remaining discovery being produced at some unknown time later" (*id.* at PageID.773), nothing in the bellwether process proposed by FCA US would stop Plaintiffs (or FCA US) from proceeding with any discovery.  Even with bellwether plaintiffs, the parties are free to choose to spend their resources on discovery related to issues that may not matter after the Court decides the common legal issues using bellwether plaintiffs (*e.g.,* if the Court decides those who received the written warranty document had legally sufficient

"notice" and are bound by the inspection provision requirement the claims of all these owners would be extinguished).

What the bellwether process does is streamline the ability to get potentially case dispositive legal issues before the Court which, in turn, could save the parties' resources and spare this Court from having to use its limited resources on ultimately irrelevant discovery disputes, certification proceedings, and trial issues related to those who have no viable claim to pursue *as a matter of law*. And, obviously, until potentially case dispositive legal issues are resolved and it is determined how many, if any, Plaintiffs survive, it cannot be known whether even one additional summary judgment motion will be necessary, let alone whether the process will "necessitate" "multiple summary judgment motions."

Even more meritless is Plaintiffs' argument about separate appeals ensuing from a bellwether process. Plaintiffs argue that because "certain Plaintiffs would be appealing their individual dismissals" the Court's findings on a summary judgment motion as to bellwether plaintiffs would not affect any other Plaintiffs in the case. *Id.* at PageID.774. Surely, Plaintiffs must know an appeal from a summary judgment entered in favor of one plaintiff and not others is *not* immediately appealable unless this Court chooses to make it so. Fed.R.Civ.P. 54(b). And, if this Court's findings on bellwether plaintiffs would serve as a basis to dispose of all Plaintiffs' claims (bellwether and non-bellwether) then, obviously, there would be no reason for the

Court to ever allow such a piecemeal appeal process.

Finally, Plaintiffs' argument that bellwether processes are "used in mass tort cases or multidistrict litigation" and not in class actions "where all Plaintiffs have joined together to file a complaint" (*id.* at PageID.774 fn.3), is premised on the ***false*** notion there is some difference between this multistate, multi-plaintiff class action filed in one jurisdiction and cases where a multitude of plaintiffs filed various cases in different jurisdictions and then consolidated them all in one district. *Id.* Plaintiffs do not explain what this supposed "difference" is, and there is none. Indeed, even in consolidated cases the plaintiffs end up filing one "consolidated complaint" for all of them in the transferee district, and only after doing so are bellwether plaintiffs selected. *See, e.g., In Re Marriott International, Inc., Customer Data Security Breach Litigation Consumer Actions*, 2021 WL 3883265, *1 (D.Md. 2021).

**C.   The Location Of Plaintiffs' Depositions Is Not An Issue Currently Before This Court (Responds to § II.B of Opposition, PageID.775-78).**

FCA US agrees with Plaintiffs: this "motion is not the appropriate context in which to address the issue of whether" they should appear within this District for their properly noticed depositions, as is generally required. Pl. Opp., PageID.775. This obvious undisputed fact leaves one wondering why Plaintiffs launch a full-blown argument about how the pandemic excuses them from appearing for deposition in the place where they chose to file their claims. *Id.* at PageID.775-78. Because Plaintiffs have not presented the deposition location issue to this Court in a

procedurally proper manner, FCA US will not respond to these arguments in this reply except to note 1) for more than five months this District has been operating under guidelines for the safe conduct of **in-person** proceedings, and these guidelines could easily be applied to ensure the safe conduct of depositions (*see* Microsoft Word - Courthouse and Courtroom Rules of Conduct_Edits_Final_(003).docx (uscourts.gov)), and 2) even in states like Texas where the pandemic is raging federal courts are now ordering in-person depositions (*see, e.g., Cantu v. Mammoth Energy Servs.*, 2021 WL 3852034, **1-2 (W.D.Tex. 2021)).

FCA US will fully respond to Plaintiffs' arguments about deposition location if and when they are presented to the Court in the procedurally proper way. It is worthy of note, however, that Plaintiffs want this Court to deprive FCA US of its right to depose all 27 of them in-person at the location which allows for the most efficient and orderly process in doing so (*i.e.,* in Michigan), while at the same time they reject a proposed process that, at least for now, would require only 6 of them to make an appearance in this District. Plaintiffs should not be allowed to deprive FCA US of its right to in-person depositions of 27 parties based on current and temporary circumstances when they reject a proposed process that would require only six of them to appear in-person in the current climate.

Finally, contrary to what Plaintiffs argue, proceeding with bellwether plaintiffs through summary judgment does not have to effect the current scheduling

deadlines. *See* Pl. Opp., PageID.777. FCA US can file its summary judgment motion within 30 days of completing the depositions of the bellwether plaintiffs, and if the bellwether process is employed the six Plaintiff depositions can be easily completed by the end of October. And, of course, Plaintiffs are free to file their class certification motion even before the current deadline if that is what they want to do.

**D.     The *Hall* Opinion Shows This Case Can Be Resolved As A Matter Of Law (Responds to § II.C of Opposition, PageID.778-80).**

FCA US submitted the opinion in *Hall* to show there are case-dispositive issues here that can be resolved as a matter of law, *e.g.,* the conspicuousness of the inspection requirement, the lack of unconscionability. Plaintiffs argue *Hall* is inapplicable based on the ***false*** premise that the court there did not consider issues of conspicuousness or unconscionability. Pl. Opp., PageID.778-80. The dismissal order shows the *Hall* court discussed these exact concepts, and the record proves it did so because the plaintiff had expressly raised these precise issues in his opposition to dismissal. *See Hall*, Case No. 8:21-cv-762, ECF #26, PageID.440-42.

**THOMPSON COBURN LLP**

By: */s/ Kathy A. Wisniewski*
   Kathy A. Wisniewski (MO/38716
   Stephen A. D'Aunoy (MO/54961)
   One US Bank Plaza
   St. Louis, Missouri  63101
   Tel:  (314) 552-6000
   kwisniewski@thompsoncoburn.com
   sdaunoy@thompsoncoburn.com

**KING AND MURRAY PLLC**
Stephen W. King (P56456)
355 S. Old Woodward, Suite 100
Birmingham, Michigan  48009
Tel:  (248) 792-2397
sking@kingandmurray.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 13, 2021, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Kathy A. Wisniewski*