## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

          Plaintiffs,

v.

FCA US LLC,

          Defendant.

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

## FCA US LLC'S MOTION TO COMPEL THE PRODUCTION OF RETAINER/FEE AGREEMENTS

Defendant FCA US LLC, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure and E.D. Mich. LR 37.1, moves this Court for an order compelling Plaintiffs to produce their retainer/fee agreements for this case.

1.      In support of its motion, FCA US incorporates herein by reference its accompanying brief.

2.      This motion is made following a telephone conference with Plaintiffs' counsel pursuant to E.D. Mich. LR 7.1(a), which took place on August 25, 2021, and in which counsel for FCA US explained the nature of this motion and its legal basis. Following that call, on September 7, 2021, Plaintiffs informed FCA US via email that they were standing on their objections and would not agree to produce the documents sought in this motion.

FOR RELIEF, Defendant FCA US LLC respectfully requests that this Court enter an Order overruling Plaintiffs' objections to Request for Production No. 62 and compelling Plaintiffs to produce all retainer/fee agreement documents.

Dated:  September 23, 2021               Respectfully submitted,

**THOMPSON & COBURN**

By:  */s/ Thomas L. Azar, Jr*
     Kathy A. Wisniewski (MO/38716
     Stephen A. D'Aunoy (MO/54961)
     Thomas L. Azar, Jr. (MO/56634)
     One US Bank Plaza
     St. Louis, MO 63101
     (314) 552-6000
     kwisniewski@thompsoncoburn.com
     sdaunoy@thompsoncoburn.com
     tazar@thompsoncoburn.com

**KING AND MURRAY PLLC**

Stephen W. King (P56456)
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

*Attorneys for Defendant FCA US LLC*

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 23, 2021, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Azar, Jr.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

                    Plaintiffs,

v.

FCA US LLC,

                    Defendant.

_____/

Case No. 2:20-cv-11231-SJM-APP

Honorable Stephen J. Murphy, III

---

## DEFENDANT FCA US LLC'S BRIEF
## IN SUPPORT OF ITS MOTION TO COMPEL
## THE PRODUCTION OF RETAINER/FEE AGREEMENTS

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES .................................................................... ii

ISSUE PRESENTED ............................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INDEX OF EXHIBITS ....................................................................... vii

I.    INTRODUCTION ........................................................................1

II.   FACTS ....................................................................................1

III.  ARGUMENT..............................................................................3

      A.    Legal Standard..................................................................3

      B.    The Retainer/Fee Agreements Are Relevant And Needed ...................4

      C.    Plaintiffs' Objections Are Without Merit ...............................7

IV.   CONCLUSION...........................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 2767664 (S.D.Fla. 2009)........................................................................................................9

*Bank of Lumpkin v. Farmers' State Bank*, 132 S.E. 221 (Ga. 1926)........................9

*Blonde v. Long*, 2014 WL 316478 (Mich.App. 2014)................................................9

*Com. v. Chmiel*, 889 A.2d 501 (Pa. 2005)................................................................9

*Craft v. Billingslea*, 2021 WL 3660845 (E.D.Mich. 2021) ......................................3

*Ehrich v. Binghamton City Sch. Dist.*, 2010 F.R.D. 17 (N.D.N.Y. 2002)................8

*Ex parte State Farm Fire & Cas. Co.*, 794 So.2d 368 (Ala. 2001) .........................8

*Ferraro v. Gen. Motors Corp.*¸ 105 F.R.D. 429 (D.N.J. 1984) ................................5

*Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am.*, 149 F.Supp.2d 326 (E.D.Mich. 2001) ..........................................................5

*Gilliam v. Ordiway*, 2016 WL 6803135 (E.D.Mich. 2016, *report and rec. adopted*, 2016 WL 6696043 (E.D.Mich. 2016)...............................................4

*Gold Standard, Inc. v. Am. Barrick Res. Corp.*, 801 P.2d 909 (Utah 1990) ............9

*Gonzalez v. Gov't Emp. Ins. Co.*, 2012 WL 13080345 (Alaska Super. 2012) ..........9

*Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D.Cal. 2014)...................................6

*Hennigan v. Gen. Elec. Co.*, 2010 WL 4189033 (E.D.Mich. 2010).........................4

*Henry v. Rizzolo*, 2009 WL 1886272 (D.Nev. 2009) ...............................................8

*Hill v. Metro. Prop. & Cas. Co.*, 2011 WL 10069435 (Ill.App. 2011) ....................9

*Hueck v. State*, 590 N.E.2d 581 (Ind.App. 1992) ....................................................9

*In re Faro Techs. Sec. Litig.*, 2008 WL 205318 (M.D.Fla. 2008)........................5, 8

*In re Grand Jury Subpoena*, 204 F.3d 516 (4th Cir. 2000) .....................................8

*In re Sheffield*, 280 B.R. 719 (Bankr.S.D.Ala. 2001) ................................................5

*Lee v. TriCentury Corp.*, 2011 WL 13193372 (E.D.Tex. 2011) ..............................8

*Lowe v. Vadlamudi*, 2012 WL 3731781 (E.D.Mich. 2012)......................................7

*Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296 (3d Cir. 1999) .....................8

*Morganroth & Morganroth v. DeLorean*, 123 F.3d 374 (6th Cir. 1997).................8

*N. Carolina State Bar v. Phillips*, 850 S.E.2d 357, 2020 WL 6736825
(N.C.App. 2020) ...................................................................................................9

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).......................................3

*Patel v. Allison*, 2000 WL 33650022 (Va.Cir.Ct. 2000) ..........................................9

*Porter v. NationsCredit Consumer Disc. Co.*, 2004 WL 1753255
(E.D.Pa. 2004), *aff'd*, 285 Fed.Appx. 871 (3d Cir. 2008)...............................5, 6

*Pugliese v. I.C. Sys., Inc.*, 2010 WL 11545062 (E.D.Mich. 2010).......................6, 8

*Reilly v. Donnellon*, 2021 WL 3164281 (E.D.Mich. 2021)......................................3

*Reynolds v. Wells*, 2016 WL 7330067 (Ky. 2016) ...................................................9

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...............................6

*Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998)................................5

*SBA Fin., L.L.C. v. Bloom*, 2013 WL 2359730 (N.J.
Super.Ct.App.Div. 2013) ....................................................................................9

*Seventh Elect Church in Israel v. Rogers*, 688 P.2d 506 (Wash. 1984)...................9

*SimplexGrinnell, LP v. Everett Square Plaza Assocs., LP*, 2014 WL
2514559 (Mass.App. 2014) .................................................................................9

*State ex rel. The Beacon Journal Publ'g Co. v. Bodiker*, 1999 WL
459534 (Ohio App. 1999).....................................................................................9

*U.S. v. Blackman*, 72 F.3d 1418 (9th Cir. 1995).....................................................8

*U.S. v. Hecker*, 2010 WL 4168435 (D.Minn. 2010).................................................8

*United States v. Krug*, 379 Fed.Appx. 473 (6th Cir. 2010) ...................................7, 9

*Van Carr Enters., Inc. v. Hamco, Inc.*, 365 Ark. 625 (Ark. 2006) ...........................9

*Weidman v. Ford Motor Co.*, 2021 WL 2349400 (E.D.Mich. 2021) ........................3

*Williams v. Sweet Home Healthcare, LLC*, 2017 WL 2779189
  (E.D.Pa. 2017)..................................................................................................4

*Zuehlsdorf v. FCA US LLC*, 2020 WL 8575138 (C.D.Cal. 2020),
  *motion for review denied*, 2021 WL 968962 (C.D.Cal. 2021) ............................4

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ...................................................4, 5

Rule 26 of the Federal Rules of Civil Procedure ......................................................3

Rule 37 of the Federal Rules of Civil Procedure ......................................................4

# ISSUE PRESENTED

Should the Court order Plaintiffs to produce all retainer/fee agreement documents with their counsel when those documents are directly relevant to the class certification requisites of Fed. R. Civ. P. 23 and are not privileged?

The Court should respond "Yes."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Lowe v. Vadlamudi*, 2012 WL 3731781 (E.D.Mich. 2012)

*Morganroth & Morganroth v. DeLorean*, 123 F.3d 374 (6th Cir. 1997)

*Pugliese v. I.C. Sys., Inc.*, 2010 WL 11545062 (E.D.Mich. 2010)

*United States v. Krug*, 379 Fed.Appx. 473 (6th Cir. 2010)

*Zuehlsdorf v. FCA US LLC*, 2020 WL 8575138 (C.D.Cal. 2020)

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Declaration of Thomas L. Azar, Jr. |
| B | Excerpts of each Plaintiff's response to FCA US LLC's First Set of Requests for Production, Request No. 62 |
| C | July 30, 2021 letter from counsel for FCA US LLC |
| D | August 25, 2021 letter from counsel for Plaintiffs |
| E | Parties' email exchange |

# I. __INTRODUCTION__

This is a putative class action in which Plaintiffs assert claims based on allegations FCA US LLC breached a Lifetime Powertrain Limited Warranty that accompanied their vehicles.[1]  In seeking to represent a class of vehicle purchasers, Plaintiffs allege they and their attorneys will "fairly and adequately represent … the interests of the Class members" and "[t]here are no material conflicts that would make class certification inappropriate."[2]  FCA US has sought discovery relating to these and other class certification requisites, including requesting that Plaintiffs produce their retainer/fee agreements with counsel, but Plaintiffs have refused to produce them based on boilerplate relevance and privilege objections.  In a putative class action like this, however, such agreements are directly relevant to the adequacy of Plaintiffs and their counsel.  And, they are not privileged.  Thus, Plaintiffs' objections should be overruled and the Court should order Plaintiffs to produce the retainer/fee agreements.

# II. __FACTS__

FCA US served an identical Request for Production ("RFP") on each of the Plaintiffs seeking production of their retainer/fee agreements with their counsel:

---

[1]*See*, *generally*, First Amended Class Action Complaint, ECF #15 ("FAC").

[2]*Id.* at ¶ 117 (PageID.202).

> All DOCUMENTS that relate to the payment of attorneys'
> fees and/or costs in this case, including all attorney fee
> agreements YOU signed for representation in this case.

*See* Declaration of Thomas L. Azar, Jr., attached hereto as Exhibit A, ¶ 3; *see also*

Excerpted RFP Responses, attached hereto as Exhibit B.

Plaintiffs refused to produce the requested documents, lodging the following

objections:

> Plaintiff objects to this request as unduly burdensome,
> oppressive, and overbroad, inasmuch as it seeks
> documents that are neither relevant to any disputed claim
> or defense at issue nor proportional to the needs of this
> case. Plaintiff also objects to this seeks [sic] documents
> protected by the attorney-client privilege and the attorney-
> work product doctrine. Without waiving the foregoing
> objections, Plaintiff responds as follows:
>
> Based on the foregoing objections, Plaintiff will not be
> producing any documents responsive to this request.

*See* Exhibit A, ¶ 4; *see also* Exhibit B.[3]

After exchanging letters regarding Plaintiffs' discovery responses, the parties

conferred via telephone on the objections and Plaintiffs ultimately confirmed they

would be standing on their objections.  *See* Exhibit A, ¶¶ 5-8; *see also* FCA US July

30, 2021 letter, attached hereto as Exhibit C; Plaintiffs' August 25, 2021 letter,

attached hereto as Exhibit D; Email exchange, attached hereto as Exhibit E.

---

[3]Three of the Plaintiffs in this case have failed to respond to discovery at all,
even several months after the responses were due.

## III. **ARGUMENT**

### A.   **Legal Standard**.

Rule 26 of the Federal Rules of Civil Procedure allows "expansive discovery" "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Reilly v. Donnellon*, 2021 WL 3164281, *2 (E.D.Mich. 2021) (quoting Fed.R.Civ.P. 26(b)(1)).   "Showing relevance is an 'extremely low bar.'"   *Weidman v. Ford Motor Co.*, 2021 WL 2349400, *2 (E.D.Mich. 2021) (internal quotation omitted); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy for purposes of discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case"); *Craft v. Billingslea*, 2021 WL 3660845, *1 (E.D.Mich. 2021) (documents are relevant if they have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable") (internal quotation omitted).

"The proportionality factors are 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'"   *Weidman*, 2021 WL 2349400, at *2 (quoting Fed.R.Civ.P. 26(b)(1)).

Where a party refuses to comply with the discovery rules and produce requested documents, a motion to compel under Rule 37 is appropriate. *See, e.g.*, *Hennigan v. Gen. Elec. Co.*, 2010 WL 4189033, \*3 (E.D.Mich. 2010); *see also Gilliam v. Ordiway*, 2016 WL 6803135, \*3 (E.D.Mich. 2016), *report and rec. adopted*, 2016 WL 6696043 (E.D.Mich. 2016).

**B.**     **<u>The Retainer/Fee Agreements Are Relevant And Needed</u>.**

FCA US's request for production of Plaintiffs' retainer/fee agreements easily clears the relevancy bar.  This is a putative class action in which Plaintiffs seek to be appointed as class representatives.  *See* FAC, ¶¶ 110-20 (PageID.197-204).  By doing so, Plaintiffs have put their adequacy and the adequacy of their counsel directly at issue.  Specifically, Rule 23(a)(4) requires that Plaintiffs affirmatively demonstrate they "will fairly and adequately protect the interests of the class," and Rule 23(g)(4) requires putative class counsel to demonstrate they will "fairly and adequately represent the interests of the class."

In this context, courts agree that retainer/fee agreements are directly relevant to the issue of adequate representation.  *See, e.g.*, *Zuehlsdorf v. FCA US LLC*, 2020 WL 8575138, \*3 (C.D.Cal. 2020), *motion for review denied*, 2021 WL 968962 (C.D.Cal. 2021) (finding such agreements to be relevant to "among other things … potential conflicts of interest between [plaintiff] and the class he seeks to represent" and ordering plaintiff to produce them); *Williams v. Sweet Home Healthcare, LLC*,

2017 WL 2779189, *3 (E.D.Pa. 2017) (finding retainer/fee agreements relevant to class certification and ordering them to be produced); *In re Faro Techs. Sec. Litig.*, 2008 WL 205318, at *3 (M.D.Fla. 2008) (same); *Porter v. NationsCredit Consumer Disc. Co.*, 2004 WL 1753255, *1 (E.D.Pa. 2004), *aff'd*, 285 Fed.Appx. 871 (3d Cir. 2008) (requiring production of retainer/fee agreements because they are "relevant to a plaintiff's ability to protect the interests of the potential class members by adequately funding the suit and to the question of awarding attorney's fees upon settlement or judgment").[4]

The retainer/fee agreements FCA US seeks here are the most direct evidence regarding potential conflicts of interest between the class representative, class counsel, and the putative class members – a critical inquiry for any class certification analysis. *See, e.g.*, *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998) ("to satisfy the adequate representation requirements under Rule 23 ... there must be an absence of a conflict of interest"); *Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am.*, 149 F.Supp.2d 326, 333 (E.D.Mich. 2001)

---

[4]*See also In re Sheffield*, 280 B.R. 719, 721 (Bankr.S.D.Ala. 2001) ("Due to the possibility of the discovery of potential conflicts or biases, this Court finds that the discovery of the fee agreements is reasonably calculated to lead to the discovery of admissible evidence."); *In re Sheffield*, 280 B.R. 719, 721 (Bkrtcy. S.D.Ala. 2001) ("Due to the possibility of the discovery of potential conflicts or biases, this Court finds that the discovery of the fee agreements is reasonably calculated to lead to the discovery of admissible evidence."); *Ferraro v. Gen. Motors Corp.¸* 105 F.R.D. 429, 433 (D.N.J. 1984) (in class action litigation such agreements have the potential to be "highly relevant to the issue of adequate representation").

(denying class certification when plaintiff failed to address the conflict-of-interest aspect of the adequacy prong); *see also Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 957-59 (9th Cir. 2009) (retainer/fee agreements were "plainly relevant" and critical to "uncovering conflicts of interest between the named parties and the class they seek to represent is a critical purpose of the adequacy inquiry").

The retainer/fee agreements bear on adequacy in other ways too. For example: (i) they may reveal some improper impingement on the named plaintiffs' independence from their counsel and ability to protect class interests; (ii) they may reflect implicit or explicit understandings as to the authority and obligations of the named plaintiffs; (iii) they may include an understanding about potential benefits and incentives for the named plaintiffs for serving as a class representative; and/or (iv) they may reveal a plaintiff's inability to protect the interests of putative class members by adequately funding the lawsuit. *See, e.g.*, *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 599-600 (S.D.Cal. 2014); *Porter*, 2004 WL 1753255, at *1. And, in addition to their clear relevance to the class certification analysis, the agreements are also relevant to other issues such as the statutes of limitations. *See Pugliese v. I.C. Sys., Inc.*, 2010 WL 11545062, **6-7 (E.D.Mich. 2010) (this District compelling production of plaintiffs' retainer/fee agreements because, *inter alia*, they would help show when plaintiffs retained counsel and thus were on notice of their claims); *see also* FAC, ¶ 109 (PageID.197) (Plaintiffs alleging "[a]ny applicable

- 6 -

statute(s) of limitations have been equitably tolled" because they "could not reasonably have discovered the existence of the Inspection Clause").

Because their retainer/fee agreements are clearly relevant to the issues in this case, Plaintiffs should be ordered to produce them.

## C.   <u>Plaintiffs' Objections Are Without Merit</u>.

With relevancy clearly established, Plaintiffs' other objections to producing the retainer/fee agreements are easily disposed of.  Their boilerplate objections that FCA US's request is "unduly burdensome, oppressive, and overbroad" or "no[t] proportional" are unsupported by any factual details and thus "insufficient to relieve a party of its duty of engaging in discovery."  *Lowe v. Vadlamudi*, 2012 WL 3731781, **2-3 (E.D.Mich. 2012).  And, there can be no serious argument that producing the agreements would involve more than the most miniscule effort (*i.e.*, either Plaintiffs or their counsel producing the agreements from their files).

This leaves only Plaintiffs' objections that their retainer/fee agreements are "protected by the attorney-client privilege and the attorney-work product doctrine." *See* § II.A, *supra*.  But, they cannot sustain their burden to show such agreements are privileged or work product.  *See, e.g.*, *United States v. Krug*, 379 Fed.Appx. 473, 478 (6th Cir. 2010) ("the burden of establishing the existence of [a] privilege rests with the person asserting it") (internal quotation omitted).

Indeed, courts overwhelmingly agree that retainer/fee agreements are neither privileged nor work product. *See, e.g.*, *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 383 (6th Cir. 1997) (communications about attorney's fees are "non-privileged, financial discussion[s] that d[o] not involve the seeking or provision of legal advice"); *Pugliese*, 2010 WL 11545062, at *4 ("[c]laims that attorney retainer or fee agreements are protected from disclosure by the attorney-client privilege have repeatedly been rejected").[5]  And, Plaintiffs can make no showing their retainer/fee agreements are privileged or protected under the laws of the states where they bought their vehicles and under which they bring their claims.[6]  This is because, as numerous

---

[5]*See also In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."); *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements … Furthermore, the fee agreement letter does not come within the ambit of the work-product privilege …"); *U.S. v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) ("client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege"); *U.S. v. Hecker*, 2010 WL 4168435, *1 (D.Minn. 2010) ("retainer fee agreements are generally not protected work product"); *Henry v. Rizzolo*, 2009 WL 1886272, *3 (D.Nev. 2009) ("attorney engagement letters or retainer agreements are not protected by the attorney-client privilege or work-product doctrine"); *In re Faco Technologies Sec. Litig.*, 2008 WL 205318, *3 (M.D.Fla. 2008) ("[t]here is nothing magical or privileged about a fee agreement in class action litigation").

[6]*See, e.g.*, *Lee v. TriCentury Corp.*, 2011 WL 13193372, *4 (E.D.Tex. 2011) ("[i]n Texas, the attorney-client privilege does not encompass such non-confidential matters as the terms and conditions of an attorney's employment"); *Ehrich v. Binghamton City Sch. Dist.*, 2010 F.R.D. 17, 20 (N.D.N.Y. 2002) ("In New York … retainer and fee agreements are not privileged communications."); *Ex parte State Farm Fire & Cas. Co.*, 794 So.2d 368, 376 (Ala. 2001) (ordering production of

courts have recognized, a retainer/fee agreement does not provide legal advice and

is not part of an attorney's substantive work on a case.   *See, e.g.*, *Krug*, 379

Fed.Appx. at 478; *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 2767664

---

"legal-services agreements, contracts, and retainer agreements"); *Gonzalez v. Gov't Emp. Ins. Co.*, 2012 WL 13080345, *2 (Alaska Super. 2012) (overruling attorney-client privilege objection to the production of fee agreement); *Van Carr Enters., Inc. v. Hamco, Inc.*, 365 Ark. 625, 633 (Ark. 2006) (ordering production of attorney billing statements); *Hill v. Metro. Prop. & Cas. Co.*, 2011 WL 10069435, *3 (Ill.App. 2011) ("the usual contents of a retainer agreement are not the sort of communications the attorney-client privilege seeks to protect"); *Hueck v. State*, 590 N.E.2d 581, 585 (Ind.App. 1992) ("As a general rule, information regarding a client's attorney fees is not protected by the attorney-client privilege …"); *Bank of Lumpkin v. Farmers' State Bank*, 132 S.E. 221, 227 (Ga. 1926) ("The terms of an attorney contract do not come within the privilege …"); *Reynolds v. Wells*, 2016 WL 7330067, *3 (Ky. 2016) (affirming finding retainer agreement was not privileged); *SimplexGrinnell, LP v. Everett Square Plaza Assocs., LP*, 2014 WL 2514559, *2 (Mass.App. 2014) (no error to admit plaintiff's contingency fee agreements despite privilege objections); *Blonde v. Long*, 2014 WL 316478, *11 (Mich.App. 2014) (affirming order compelling production of agreements); *SBA Fin., L.L.C. v. Bloom*, 2013 WL 2359730, *2 (N.J. Super.Ct.App.Div. 2013) ("assertion of a privilege as to the existence of a retainer agreement or other matters related to … fees [i]s indefensible"); *N. Carolina State Bar v. Phillips*, 850 S.E.2d 357, 2020 WL 6736825, *6 (N.C.App. 2020) ("attorney-client privilege does not extend to … the details of any retainer agreement"); *State ex rel. The Beacon Journal Publ'g Co. v. Bodiker*, 1999 WL 459534, *5 (Ohio App. 1999) ("Extraneous facts, such as the 'fee, the contract therefor, and the amount thereof,' are not subject to the attorney-client privilege."); *Com. v. Chmiel*, 889 A.2d 501, 531 (Pa. 2005) ("[D]isclosure of a fee arrangement between an attorney and client does not reveal a confidential communication."); *Gold Standard, Inc. v. Am. Barrick Res. Corp.*, 801 P.2d 909, 911 (Utah 1990) ("Retainer agreements are not generally protected by the attorney-client privilege."); *Patel v. Allison*, 2000 WL 33650022, *3 (Va.Cir.Ct. 2000) ("attorney-client privilege generally does not protect disclosure of information about, *inter alia*, attorney billing records, attorney fees and fee arrangements"); *Seventh Elect Church in Israel v. Rogers*, 688 P.2d 506, 531 (Wash. 1984) ("the nature of [an attorney's] fee arrangements with his clients are not confidential communications protected by the attorney-client privilege.").

*1 (S.D.Fla. 2009).  Accordingly, Plaintiffs cannot carry their burden of showing their retainer/fee agreements are privileged or protected by the work-product doctrine and the Court should overrule their objections.

## IV.  CONCLUSION

For the reasons set forth herein, Defendant FCA US LLC respectfully requests that this Court enter an Order overruling Plaintiffs' objections to Request for Production No. 62 and compelling Plaintiffs to produce their retainer/fee agreement documents.

Dated:  September 23, 2021                 Respectfully submitted,

**THOMPSON & COBURN**

By:  _/s/ Thomas L. Azar, Jr_
    Kathy A. Wisniewski (MO/38716)
    Stephen A. D'Aunoy (MO/54961)
    Thomas L. Azar, Jr. (MO/56634)
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000
    kwisniewski@thompsoncoburn.com
    sdaunoy@thompsoncoburn.com
    tazar@thompsoncoburn.com

**KING AND MURRAY PLLC**

Stephen W. King (P56456)
355 S. Old Woodward, Suite 100
Birmingham, Michigan  48009
(248) 792-2398
sking@kingandmurray.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2021, the foregoing

was electronically filed using the CM/ECF system which will send notification of

such filing to the e-mail addresses registered in the CM/ECF system, as denoted on

the Electronic Mail Notice List.

*/s/ Thomas L. Azar, Jr.*