**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL GRUNDY, *et al.*,

Case No. 2:20-cv-11231-SJM-APP

Plaintiffs,

Hon. Stephen J. Murphy, III

v.

FCA US LLC,

Defendant.
_______________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FCA US LLC'S MOTION TO COMPEL THE PRODUCTION OF RETAINER/FEE AGREEMENTS**

# TABLE OF CONTENTS


*Page*

I INTRODUCTION ....................................................................................1

II ARGUMENT ..........................................................................................2

A. Plaintiffs' Retainer/Fee Agreements with Their Counsel Are Irrelevant..........................................................................................2

1. FCA Fails to Set Forth Facts Demonstrating a Relevant Conflict of Interest or any Other Issue Concerning the Adequacy of Plaintiffs' and Their Counsel's Representation of the Class ......4

2. Plaintiffs' Retainer/Fee Agreements Are Irrelevant to the Statute of Limitations.................................................................7

B. Plaintiffs' Privilege and Overbreadth Objections Are Not Aimed at FCA's Request for the Retainer Agreements........................................8

III CONCLUSION.........................................................................................9

# TABLE OF AUTHORITIES

***Page(s)***

Cases

*Carlin v. DairyAmerica, Inc.*,
Case No. 1:09-cv-00430-AWI-EPG, 2017 WL 4224940 (E.D. Cal. Sept. 22, 2017) ....................3

*Clark v. Berkshire Med. Ctr., Inc.*,
Case No. 17-30186-MGM, 2019 WL 78994 (D. Mass. Jan. 2, 2019) ............2

*Future Now Enterprises, Inc. v. Foster*,
860 F. Supp. 2d 420 (E.D. Mich. 2012) ....................7

*In re Google AdWords Litigation*,
No. C08-03369 JW (HRL), 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010)...4

*In re Front Loading Washing Mach. Class Action Litig.*,
Civil Action No. 08-51 (FSH)(MAS), 2010 WL 3025141 (D.N.J. July 29, 2010)....................3

*In Re Riddell Concussion Reduction Litig.*,
Civil No. 13-7585 (JBS/JS), 2016 WL 7325512 (D.N.J. Jan. 19, 2016)........3

*Larsen v. Coldwell Banker Real Est. Corp.*,
Case No. SACV 10-00401-AG (MLGx), 2011 WL 13131127 (C.D. Cal. Oct. 4, 2011) ....................4

*Mitchell-Tracey v. United Gen'l Title. Ins. Co.*,
No. Civ. AMD-05-1428, 2006 WL 149105 (D. Md. Jan. 9, 2006).................3

*Park v. Webloyalty.com, Inc.*,
Case No. 12CV1380-LAB(JMA), 2018 WL 2017925 (S.D. Cal. Apr. 30, 2018) ....................4

*Piazza v. First Am. Title Ins. Co.*,
No. 3:06CV765AWT, 2007 WL 4287469 (D. Conn. Dec. 5, 2007) ..............3

## TABLE OF AUTHORITIES (cont.)

***Page(s)***

*Stanich v. Travelers Indem. Co.*,
259 F.R.D. 294 (N.D. Ohio 2009) ........................................................ vi, 2

*Victorino v. FCA US LLC*,
Case No. 16-cv-01617-GPC-JLB, 2017 WL 11613238 (S.D. Cal. Apr. 25, 2017) ........................................................ 4, 5, 6

*Worth v. CVS Pharmacy, Inc.*,
Case No. 16-CV-0498 (FB) (SMG), 2018 WL 1611374 (E.D.N.Y. Apr. 3, 2018) ........................................................ 2

Other Authorities

Federal Judicial Center, Manual for Complex Litigation § 21.141 (4th ed. 2004) ...4

## ISSUES PRESENTED

1. Should the Court compel the production of Plaintiffs' fee and retainer agreements absent (1) any factual basis to support the existence of a conflict between the Plaintiffs and the putative class members or (2) a prima facie challenge to the adequacy of Plaintiffs' counsel to represent fairly and adequately the interests of the putative class?

   Plaintiffs Answer: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio 2009)

Federal Judicial Center, Manual for Complex Litigation § 21.141 (4th ed. 2004)

# I INTRODUCTION

This is a putative class action arising from Defendant FCA US LLC's ("FCA" or "Defendant") unjustified breach of lifetime powertrain warranties sold in connection with nearly the entire model line-up of Chrysler brand 2006-2009 model-year vehicles. Plaintiffs in this action are a group of 27 individuals residing throughout the United States who purchased the vehicles primarily because of FCA's lifetime powertrain warranty offering. Approximately 10-12 years after their purchases, Plaintiffs discovered that FCA cancelled their powertrain warranties through the enforcement of a purported condition precedent to receiving the benefits of the warranty. This purported condition required the vehicles to undergo a "powertrain inspection" within 60-days of each 5-year anniversary of its in-service date ("the Inspection Clause"). Plaintiffs have brought this action on behalf of themselves and other similarly situation individual to recover the monetary damages they have suffered because of FCA's revocation of their lifetime powertrain warranties.

Through this motion, FCA seeks an order from the Court overruling Plaintiffs' relevancy objections and compelling the production of their fee and retainer agreements with their attorneys of record. FCA takes the position that its request for the production of the retainer agreements "easily clears the relevancy bar" because such documents "*may*" contain information that could reveal conflicts of interests amongst or other issues bearing on Plaintiffs and their counsel's adequacy to

represent the putative class members.

In opposition to FCA's motion, Plaintiffs submit the Court should sustain their relevancy objections for two primary reasons: 1) FCA relies on an inapplicable exception to the general rule concerning the discoverability of fee agreements, and 2) FCA fails to demonstrate a relevant conflict of interest or make a prima facie challenge to the adequacy of Plaintiffs' and their counsel's representation of the putative class members.

## II ARGUMENT

### A. Plaintiffs' Retainer/Fee Agreements with Their Counsel Are Irrelevant

FCA's motion sidesteps a litany of cases rejecting the very argument it relies upon to solicit an order compelling Plaintiffs' production of their retainer agreements. The overwhelming majority of federal courts addressing the issue have held that retainer agreements are irrelevant and undiscoverable unless the party seeking discovery can present a prima facie challenge to the adequacy of either plaintiffs or their counsel to represent the putative class. *See, e.g.*, *Clark v. Berkshire Med. Ctr., Inc.*, Case No. 17-30186-MGM, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019) ("[T]he majority rule is that pre-certification discovery of fee and retainer agreements is rarely appropriate.") (quoting *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio 2009); *Worth v. CVS Pharmacy, Inc.*, Case No. 16-CV-0498 (FB) (SMG), 2018 WL 1611374, *2 (E.D.N.Y. Apr. 3, 2018) ("[A] number of courts have addressed the question of whether fee arrangements between named

plaintiffs and class counsel are discoverable, and . . . most have denied motions to compel documents relating to those arrangements.); *Carlin v. DairyAmerica, Inc.*, Case No. 1:09-cv-00430-AWI-EPG, 2017 WL 4224940, *2 (E.D. Cal. Sept. 22, 2017) ("District courts in the Ninth Circuit have routinely held that retainer agreements need not be produced in class actions in the absence of evidence of an incentive fee arrangement or conflict of interest."); *In In Re Riddell Concussion Reduction Litig.*, Civil No. 13-7585 (JBS/JS), 2016 WL 7325512, *3 (D.N.J. Jan. 19, 2016) ("Fee agreements are generally not discoverable unless the party seeking the discovery makes a preliminary showing of a relevant conflict or a prima facie challenge to the class representatives adequacy to act as a class representative."); *In re Front Loading Washing Mach. Class Action Litig.*, Civil Action No. 08-51 (FSH)(MAS), 2010 WL 3025141, *4 (D.N.J. July 29, 2010) ("Defendants often request discovery regarding fee arrangements between plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of class certification."); *Piazza v. First Am. Title Ins. Co.*, No. 3:06CV765AWT, 2007 WL 4287469, *1 (D. Conn. Dec. 5, 2007) (same); *Mitchell-Tracey v. United Gen'l Title. Ins. Co.*, No. Civ. AMD-05-1428, 2006 WL 149105, *1-3 (D. Md. Jan. 9, 2006) (same).[1]

These cases are also consistent with the Federal Judicial Center's Manual for

[1] Unpublished cases cited herein are attached hereto as Exhibit 2.

Complex Litigation, which provides that "[p]recertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately." Federal Judicial Center, Manual for Complex Litigation § 21.141 (4th ed. 2004). FCA has offered no reason for this Court to countermand these.

**1. FCA Fails to Set Forth Facts Demonstrating a Relevant Conflict of Interest or any Other Issue Concerning the Adequacy of Plaintiffs' and Their Counsel's Representation of the Class**

In the class action context, courts routinely sustain plaintiffs' relevancy objections to the production of retainer agreements and deny motions to compel when defendants fail to assert a factual basis calling plaintiffs' and class counsel's adequacy into question. *See, e.g., Park v. Webloyalty.com, Inc.*, Case No. 12CV1380-LAB(JMA), 2018 WL 2017925,*4 (S.D. Cal. Apr. 30, 2018); *see also Victorino v. FCA US LLC*, Case No. 16-cv-01617-GPC-JLB, 2017 WL 11613238, *1 (S.D. Cal. Apr. 25, 2017) (denying FCA's motion to compel retainer agreements because of a failure to provide a factual basis for its challenge to plaintiffs and their counsel's adequacy to represent the putative class members); *see also Larsen v. Coldwell Banker Real Est. Corp.*, Case No. SACV 10-00401-AG (MLGx), 2011 WL 13131127, *3 (C.D. Cal. Oct. 4, 2011) (rejecting the defendants' argument fee agreements should be discoverable without any suggestion of an actual conflict; *In*

*re Google AdWords Litigation*, No. C08-03369 JW (HRL), 2010 WL 4942516, *4-5 (N.D. Cal. Nov. 12, 2010) (same).

In *Victorino*, FCA—represented by the same counsel who brings the instant motion—moved to compel the plaintiffs' retainer agreements by asserting identical arguments as it has here, contending that the retainer agreements were necessary to determine the adequacy the plaintiffs' and their counsel representation of the putative class members. *Victorino*, 2017 WL 11613238, *1. Following the general rule adhered to by the majority of district courts addressing this issue, the *Victorino* court denied FCA's motion and rejected its relevancy argument, stating: "[FCA] has not: presented any factual basis calling into question the adequacy of [the] putative class representatives; identified any potential conflict with the putative class members; or given any indication that the named plaintiffs and their counsel do not have the resources to pursue this class action."

Here, FCA fails again to provide a factual basis to support any concerns of Plaintiffs' and their counsels' adequacy to represent the putative class members. In fact, in bringing the motion, FCA does not explicitly challenge Plaintiffs' or their counsel's adequacy at all. Instead, FCA identifies several circumstances that "*may*" render retainer agreements relevant to class certification issues, but none of which have materialized in this action. (*See* ECF 34, PageID.873-75 (FCA citing (1) general conflicts of interests, (2) improper fee incentives for class representatives, (3) inability of class counsel to fund the lawsuit, and (4) statute of limitations

issues)). FCA fails to provide factual support for its argument because such facts do not exist.

Regarding the issue of potential conflicts of interests due to promised incentive awards: Plaintiffs' have closed out this purely speculative notion through the declaration of their counsel. *See* Decl. of David C. Wright ("Wright Decl."), Ex. 1. ¶¶ 1-10; *see also Victorino* (finding the declaration of the plaintiffs' counsel attesting that the retainer agreements did not contain perverse financial incentives sufficient to obviate FCA's purported need for the documents).

There is also nothing to suggest that Plaintiffs' counsel is unable to fund the putative class action. Quite the opposite. Plaintiffs' counsel successfully coordinated the drafting and filing of the Complaint and First Amended Complaint ("FAC"), which required significant resources to investigate the factual allegations of Plaintiffs who directly contacted them seeking legal recourse against FCA for its cancellation of their Lifetime Powertrain Warranty. *See* Wright Decl., Ex. 1 at ¶¶ 4-10. Plaintiffs' counsel has also defeated FCA's repeated attempts to rid itself entirely of the underlying claims of this action through dispositive motion practice, one of which required Plaintiffs' California based counsel to appear in-person for oral argument before the Sothern District of New York, Bankruptcy Court. *See* Wright Decl., Ex. 1 at 6-7; *see also generally*, Ex. A of Def's Mot. to Dismiss, ("Bankr. Hr'g Tr."), ECF 17-3.); Order Denying Mot. to Dismiss FAC, ECF 21. Moreover, throughout the instant litigation Plaintiffs' counsel has successfully coordinated the

discovery responses to FCA's extensive written discovery totaling nearly 1,000 interrogatories (accounting for sub-parts), 1,750 requests for production of documents, and multiple requests for admission.[2] Wright Decl. Ex. 1 at ¶ 10. All of the aforementioned endeavors undertaken and accomplished by Plaintiffs' counsel required significant economic resources.

Both The Miller Law Firm, P.C. and McCune, Wright, Arevalo LLP are highly experienced in class action litigation and have successfully litigated numerous cases in this District and nationwide. Wright Decl., Ex. 1 at ¶ 4. Despite the multitude of cases these firms have filed, FCA is unable to point to a single case where either firm was unable to fund the case it was prosecuting.

**2. Plaintiffs' Retainer/Fee Agreements Are Irrelevant to the Statute of Limitations**

Plaintiffs' retainer agreements could not possibly reveal any information that would be relevant to the statute of limitations for their breach of warranty claims; this argument defies any logical interpretation of the applicable case law. Under Michigan law, where a contract requires the performance of an ongoing service, the statute of limitations does not run until six years after the conclusion of the service—including when the period of service was indefinite. *See Future Now Enterprises,*

[2] For reasons unknown, FCA finds it necessary to tersely mention in a footnote that 3 of the 27 Plaintiffs' failed to respond to written discovery. As FCA knows, the parties have been engaged in ongoing meet and confer efforts regarding this issue.

*Inc. v. Foster*, 860 F. Supp. 2d 420, 430 (E.D. Mich. 2012), aff'd, 525 F. App'x 395 (6th Cir. 2013) ("Where a contract requires the performance of continuous service, a claim is not barred until six years after the completion of the service.") Here, the plain terms of the written Lifetime Warranty are that "[y]ou are covered by the Lifetime Powertrain Limited Warranty if you are the first registered owner or lessee for use of the vehicle sold on or after July 26, 2007" and "[y]ou are not covered by the Lifetime Powertrain Limited Warranty if you are a second or subsequent owner of the vehicle." *See e.g.*, 2008 Ram Truck Warranty Booklet, ECF 17-7, at 12. FCA had an ongoing obligation to service these vehicles for Plaintiffs, who are all original owners. As such, Plaintiffs' cause of action for breach of contract did not accrue until FCA informed them that it was voiding their warranties. For 26 of the 27 Plaintiffs, the voiding of the Lifetime Warranty occurred in 2018 or later. Plaintiff Barbara Asibor, the single outlier Plaintiff, was told by FCA in early 2017 that it would not honor the Lifetime Warranty. FAC, ¶ 79. Plaintiffs filed this class action on May 18, 2020. Therefore, there's nothing can be learned from the retainer agreements that is relevant to the statute of limitations.

### B. Plaintiffs' Privilege and Overbreadth Objections Are Not Aimed at FCA's Request for the Retainer Agreements

A significant portion of FCA's motion is dedicated to arguing that Plaintiffs' have refused to produce their retainer agreements on the basis of attorney-client privilege and overbreadth. Def.'s Mot. to Compel, ECF 34, PageID. 876-878. FCA

is either confused about the nature of these objections or refuses to acknowledge them.

The language of Request No. 62 is far from the narrowly drawn discovery request that FCA characterizes it as. Indeed, it seeks more than the production of Plaintiffs' fee executed retainer agreements by asking Plaintiffs to "Produce ALL documents that relate to the payments of attorneys' fees and/or costs in this case . . . ." As Plaintiffs articulated to FCA during the meet and confer efforts of the parties: the breadth of Request No. 62 captures privileged communications that are intertwined with any mention of payment of attorneys' fees and/or costs. *See* Plf's Meet and Confer Ltr., Ex. 3. Of course, Plaintiffs maintain all of their objections on both overbreadth and privilege grounds to Request No. 62, but privilege is not the sole ground for objecting to production of the retainer agreements.

## III CONCLUSION

FCA neither sets forth a factual basis demonstrating the existence of a non-speculative conflict of interest nor makes a prima facie challenge to the Plaintiffs' and their counsel's ability to adequately represent the interests of the putative class members.

Therefore, Plaintiffs respectfully submit that the Court should sustain Plaintiffs' relevancy objections to Request No. 62 and deny Defendant's motion to compel the production of retainer/fee agreements.

Dated: October 7, 2021

Respectfully Submitted,

By: /s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W University Dr # 300,
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Richard D. McCune
David C. Wright
Steven A. Haskins
Mark I. Richards
**MCCUNE WRIGHT AREVALO, LLP**
3281 E. Guasti, Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
rdm@mccunewright.com
dcw@mccunewright.com
sah@mccunewright.com
mir@mccunewright.com

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served upon all parties of record by filing the document through the Court's CM/ECF system on October 7, 2021.

By: /s/ *E. Powell Miller*
E. Powell Miller (P39487)