## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

                                Case No. 2:20-cv-11231-SJM-APP

                 Plaintiffs,                  Hon. Stephen J. Murphy, III

v.

FCA US LLC,

                 Defendant.

_____/

## PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER FROM REQUIRING PLAINTIFFS TO TRAVEL TO THE EASTERN DISTRICT OF MICHIGAN FOR IN-PERSON DEPOSITIONS

Plaintiffs, by and through their attorneys, hereby submit this Motion for Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1)(b) as follows.

1. On September 3, 2021, Defendant FCA US LLC's ("FCA") noticed in-person depositions for ten plaintiffs—nine of whom reside outside of the State of Michigan—to take place at defense counsel's office in Birmingham, Michigan. Ex. 2, Notices of Deposition.

2. Defendant unilaterally selected the date and location of the depositions with no regard for the travel Plaintiffs would be required to undertake to appear in-person at defense counsel's office during the ongoing COVID-19 pandemic.

3. On September 20, 2021, Plaintiffs timely objected to the location and

timing of the depositions based on Plaintiffs residing outside of Michigan. Ex. 3, Objections to Notice of Deposition.

4. In-person depositions of Plaintiffs would likely last multiple hours with the Plaintiffs and other deposition attendees (Plaintiffs' counsel, FCA's counsel, court reporter, videographer, etc.) being confined in close proximity in a closed room, increasing the likelihood of the spread and contraction of the COVID-19 virus.

5. Plaintiffs should not need to be exposed to *any* additional dangers of the ongoing pandemic, especially where depositions by way of remote video conference have become commonplace during the COVID-19 pandemic and allow for the ability to both see the witness and to present and refer to documentary evidence during questioning.

6. Plaintiffs have sought concurrence in obtaining the relief requested. On September 22, 2021, the parties met and conferred regarding Defendant's Notices of Deposition and Plaintiffs' objections thereto, but were unable to reach agreement. Ex. 1, Declaration of David C. Wright.

7. As of October 2021, more than 4 million people worldwide and 700,000 people in the United States have died from the COVID-19 pandemic.

8. Vaccination hesitancy and the increase of public gatherings has slowed the COVID-19 recovery and the pandemic is far from over. People continue to fall ill and die every day.

9.      According to the Center for Disease Control and Prevention ("CDC"), limiting face-to-face contact is one of the best ways to reduce the spread of COVID-19.[1]

10.     In the meantime, the advent of modern technologies such as Zoom and other modes of electronic communication have allowed the world to continue conducting necessary meetings, including legal proceedings.

11.     There is no compelling reason why Plaintiffs should be put in danger just to appear for an in-person deposition when reasonable and adequate alternatives are available.

12.     Federal Rule of Civil Procedure Rule 30 (b)(4) states: "By Remote Means. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."

13.     Recognizing the extreme health and safety risks posed by the COVID-19 pandemic, Courts in this District have routinely ordered that depositions may proceed by videoconference.

Therefore, Plaintiffs request this Honorable Court grant Plaintiffs' motion for protective order and order that the depositions of Plaintiffs must occur via remote video deposition.

---

[1]     Ex.    4,    https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Oct. 13, 2021).

Dated:  October 13, 2021

Respectfully Submitted,

By: _/s/ E. Powell Miller_____
E. Powell Miller (P39487)
Sharon Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W University Dr # 300,
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Richard D. McCune
David C. Wright
Steven A. Haskins
Mark I. Richards
**MCCUNE WRIGHT AREVALO, LLP**
3281 E. Guasti, Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
rdm@mccunewright.com
dcw@mccunewright.com
sah@mccunewright.com
mir@mccunewright.com

_Attorneys for Plaintiffs and the Putative Class_

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

                              Case No. 2:20-cv-11231-SJM-APP

             Plaintiffs,          Hon. Stephen J. Murphy, III

v.

FCA US LLC,

             Defendant.

_____/


## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER FROM REQUIRING PLAINTIFFS TO TRAVEL TO THE <u>EASTERN DISTRICT OF MICHIGAN FOR IN-PERSON DEPOSITIONS</u>

# TABLE OF CONTENTS

*Page*

I        INTRODUCTION ........................................................................................1

II       LAW AND ARGUMENT..........................................................................1

       A.     Health Concerns Related to COVID-19 Constitute Good Cause for Remote Depositions of Plaintiffs ...........................................................2

       B.     Remote Depositions via Videoconference Have Long Been Effective Alternatives to In-Person Depositions and Would Not Unduly Prejudice FCA ............................................................................................10

III      RELIEF......................................................................................................12

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Brooks v. Pikes Peak Hospice*,
  497 F. Supp. 3d 985 (D. Colo. 2020) ...................................................... 7, 10

*Damron v. Liberty Mut. Ins. Co.*,
  No. 19-11497, 2020 WL 3071850 (E.D. Mich. June 10, 2020)..................v, 2

*Faford v. Grand Trunk W. R.R. Co.*,
  335 F.R.D. 503 (E.D. Mich. 2020) ....................................................... v, 3, 4

*Fouad* v. *Milton Hershey Sch & Tr.*,
  No. 1:19-cv-253, 2020 WL 4228278 (M.D. Pa. July 23, 2020) ...................5

*Hernandez v. Bobst Grp. N. Am., Inc.*,
  No. 119CV00882NONESKO, 2020 WL 6063143 (E.D. Cal. Oct. 14, 2020)5

*In re Broiler Chicken Antitrust Litig.*,
  Case No. 1:16-cv-089637, 2020 WL 3469166 (N.D. Ill. June 25, 2020) ...v, 8

*In re RFC & ResCap Liquidating Tr. Action*,
  444 F. Supp. 3d 967 (D. Minn. 2020) .........................................................3

*Jahr v. IU Int'l Corp.*,
  109 F.R.D. 429 (M.D.N.C. 1986)..................................................................9

*Joffe v. King & Spalding LLP*,
  No. 17-CV-03392 (VEC), 2020 WL 3453452 (S.D.N.Y. June 24, 2020)......6

*Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*,
  335 F.R.D. 536 (N.D. Ill. June 16, 2020) ................................................ 3, 11

*Macias v. Monterrey Concrete LLC*,
  No. 3:19-CV-0830, 2020 WL 6386861 (E.D. Va. Oct. 30, 2020) .................2

*Mosiman v. C & E Excavating, Inc.*,
　　No. 319CV00451DRLMGG, 2021 WL 1100597
　　(N.D. Ind. Mar. 23, 2021) ...................................................................... v, 3, 5

*Plastech Holding Corp. v. WM Greentech Auto. Corp.*,
　　No. 14-CV-14049, 2016 WL 3536749 (E.D. Mich. June 29, 2016)……..….1

*Pursley v. City of Rockford*,
　　No. 18 CV 50040, 2020 WL 6149578 (N.D. Ill. Oct. 20, 2020) .................10

*Rouviere v. DePuy Orthopaedics, Inc.*,
　　471 F. Supp. 3d 571 (S.D.N.Y. 2020) .................................................... 10, 11

*SAP, LLC v. EZCare Clinic, Inc.*,
　　No. CV 19-11229, 2020 WL 1923146 (E.D. La. Apr. 21, 2020) ..................3

*Swenson v. GEICO Cas. Co.*,
　　336 F.R.D. 206 (D. Nev. 2020) .......................................................................6

*United States for use & benefit of Chen v. K.O.O. Constr, Inc.*,
　　445 F. Supp. 3d 1055 (S.D. Cal. 2020) .................................................... 9, 10

*Usov v. Lazar*,
　　No. 13-CV-00818, 2015 WL 5052497 (S.D.N.Y. Aug. 25, 2015) ..............10

*Valdivia v. Menard Inc.*,
　　No. 19 CV 50336, 2020 WL 4336060 (N.D. Ill. July 28, 2020)....................3

*Wilkens v. ValueHealth, LLC*,
　　No. 19-1193-EFM-KGG, 2020 WL 2496001 (D. Kan. May 14, 2020) ........3

Rules

Fed. R. Civ. P. 26 ............................................................................... v, 1, 2

Fed. R. Civ. P. 30 .......................................................................... v, 1, 2, 3, 10

iii

## <u>ISSUE PRESENTED</u>

1.  WHETHER THE COURT SHOULD ENTER A PROTECTIVE ORDER REQUIRING THAT PLAINTIFFS' DEPOSITIONS MUST PROCEED REMOTELY VIA VIDEOCONFERENCE FOR THE SAFETY OF THE PLAINTIFFS, ATTORNEYS, AND DEPOSITION STAFF BECAUSE OF THE ONGOING COVID-19 PANDEMIC AND RISKS ASSOCIATED WITH TRAVEL TO, AND ATTENDANCE AT, IN-PERSON DEPOSITIONS? PLAINTIFFS SAY "YES"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*Damron v. Liberty Mut. Ins. Co.*, No. 19-11497, 2020 WL 3071850 (E.D. Mich. June 10, 2020)

*Faford v. Grand Trunk W. R.R. Co.*, 335 F.R.D. 5036 (E.D. Mich. 2020)

*In re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-089637, 2020 WL 3469166 (N.D. Ill. June 25, 2020)

*Mosiman v. C & E Excavating, Inc.*, No. 319CV00451DRLMGG, 2021 WL 1100597 (N.D. Ind. Mar. 23, 2021)

Fed. R. Civ. P. 26

Fed. R. Civ. P. 30

# I      INTRODUCTION

In March 2020, the World Health Organization issued a proclamation declaring that COVID-19 was a worldwide pandemic. While there's every reason to hope that the world will gradually resume its beat, attorneys and litigants—like the rest of society during the pandemic—are adapting to new ways to practice law, including preparing for and conducting depositions remotely. Lest litigation comes to a halt, for now this is the new normal. FCA insists that Plaintiffs, all but one of whom live out of state, must be deposed in person, and rejected the idea that conducting depositions using videoconference technology to maintain social distancing was acceptable. But Plaintiffs should not be required to needlessly travel and participate in in-person depositions in order to have their claims heard by this Court, given the severe dangers that still remain of the COVID-19 pandemic.[2] This is especially so since the Federal Rules of Civil Procedure have long allowed for remote depositions in anticipation of challenges like the ones posed by the pandemic. There is no prejudice to FCA.

# II      LAW AND ARGUMENT

Pursuant to Rule 30(a)(1) of the Federal Rules of Civil Procedure, a party may

---

[2] Even if COVID-19 was a lesser concern and it was safe to travel, Plaintiffs' depositions should occur in the cities where they reside. *See Plastech Holding Corp. v. WM Greentech Auto. Corp.*, No. 14-CV-14049, 2016 WL 3536749, *1 (E.D. Mich. June 29, 2016).

1

take a deposition of another party, but the court may limit the manner, means and locations of such depositions. Indeed, Rule 30(b)(4) expressly provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." While Rule 30 does not specify the showing a party must make to support a motion for remote deposition, courts have generally held that a legitimate reason to conduct a remote deposition is sufficient. *Macias v. Monterrey Concrete LLC*, No. 3:19-CV-0830, 2020 WL 6386861, at *2 (E.D. Va. Oct. 30, 2020).[3] Under Rule 26(c), this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c). By providing good cause to issue a protective order as shown below, Plaintiffs have satisfied this standard. *Macias v. Monterrey Concrete LLC*, No. 3:19CV830, 2020 WL 6386861, at *3 (E.D. Va. Oct. 30, 2020) (finding that health-related risks related to the ongoing pandemic were alone good cause, and thus also a legitimate reason, to conduct depositions remotely rather than require nine plaintiffs to travel for in-person depositions).

## A. Health Concerns Related to COVID-19 Constitute Good Cause for Remote Depositions of Plaintiffs

The circumstances surrounding the ongoing COVID-19 pandemic demonstrate good cause to support the issuance of a protective order requiring the

---

[3] The unpublished cases cited herein are attached as Exhibit 9.

depositions of Plaintiffs to take place via videoconference. Courts around the country, including in this District, have already issued such orders. *Damron v. Liberty Mut. Ins. Co.*, No. 19-11497, 2020 WL 3071850, at *1 (E.D. Mich. June 10, 2020) (holding that during the current pandemic, "[v]ideo or teleconference depositions and preparation are the 'new normal' and most likely will be for some time") (citing *Wilkens v. ValueHealth, LLC*, No. 19-1193-EFM-KGG, 2020 WL 2496001, at * 2 (D. Kan. May 14, 2020)); *Faford v. Grand Trunk W. R.R. Co.*, 335 F.R.D. 503, 506 (E.D. Mich. 2020) ("depositions by videoconference have emerged as the preferred method of coping with the complications and perils this pandemic has wrought.").[4]

The nation's death toll alone, which currently exceeds more than 700,000 people, evidences the seriousness of the virus and the risks it poses to human health, and legitimizes the case for remote depositions. The reality is that infection rates

---

[4] *See also Mosiman v. C & E Excavating, Inc.*, No. 319CV00451DRLMGG, 2021 WL 1100597, at *2 (N.D. Ind. Mar. 23, 2021) ("health concerns created by the COVID-19 pandemic are a legitimate reason to take a deposition by remote means") (citing *Valdivia v. Menard Inc.*, No. 19 CV 50336, 2020 WL 4336060, at *1 (N.D. Ill. July 28, 2020)); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020) ("COVID-19's unexpected nature, rapid spread, and potential risk established good cause for remote testimony." ); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill. June 16, 2020) (COVID-19-related health concerns showed good cause for a remote video deposition); *SAP, LLC v. EZCare Clinic, Inc*., No. CV 19-11229, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020) ("This Court will not require parties to appear in person with one another in the midst of the present pandemic." ).

remain high even as vaccines have become available. According to the CDC, after experiencing a brief decline in COVID-19 cases, "the United States is once again seeing an increase in cases in most of the country. This recent increase follows a previous summer surge that was fueled by the highly contagious Delta (B.1.617.2) variant and low vaccination coverage in many communities." COVID-19 transmissions are currently at their second highest level in the United States since the start of the pandemic.[5]



---

[5] Ex. 5, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last visited on Oct. 13, 2021); Ex. 6, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/10082021/images/cases_10082021.jpg?_=39532?noicon (last visited on Oct. 13, 2021).

In fact, Michigan is currently one of the worst states in the nation for COVID-19. Michigan's 7-day moving average for daily cases was 3,603 on Monday, October 13, 2021, the highest it has been since early May 2021.[6]

Nevertheless, FCA insists on in-person depositions. But this request is unduly burdensome and oppressive because it would unnecessarily expose Plaintiffs to life-threatening risks. *Faford*, 335 F.R.D. at 505 ("although most other lawyers have warmed to the idea of technology, defense counsel refuses to budge . . . [T]hey stand on soft ground.").

Prioritizing in-person depositions means requiring Plaintiffs to leave their homes and travel interstate to FCA's counsel's office where they are at increased risk of contracting the virus every step of the way. *Fouad v. Milton Hershey Sch. & Tr.*, No. 1:19-cv-253, 2020 WL 4228278, at *2 (M.D. Pa. July 23, 2020) (holding that requiring plaintiff to travel on out of state or on interstate public transportation to his deposition would "create undue risk for all parties involved"). And the nature of the virus makes it so that FCA cannot fully control the conditions of in-person depositions or guarantee the safety of its attendees. *Hernandez v. Bobst Grp. N. Am., Inc.*, No. 119CV00882NONESKO, 2020 WL 6063143, at *4 (E.D. Cal. Oct. 14, 2020) ("The experience of Mr. Steward's deposition demonstrates that, despite

---

[6] Ex. 7, https://www.clickondetroit.com/health/2021/10/11/michigan-covid-heres-what-to-know-oct-11-2021-2 (last visited Oct. 13, 2021).

defense counsel's best efforts, it has no control over third parties' compliance and comfort with COVID-19-related precautions and cannot guarantee the safety of the parties, counsel, deponents, videographers, court reporters, or other attendees."); *Mosiman*, 2021 WL 1100597, at *3 ("[T]he possibility of transmission that may occur by forcing multiple people into a single room presents a risk the Court cannot ignore."). Not to mention that if anyone participating in the deposition—whether deponents, counsel or courtroom staff—is at a heightened risk of contracting the virus, even FCA's best precautions might prove inadequate. In this case, all but one of the Plaintiffs live out of state and would be required to travel to Michigan, stay at a hotel, eat at restaurants, use public restrooms, obtain gas and/or other supplies at public outlets, and be required to physically spend multiple hours in a closed conference room at a deposition, in close proximity to other persons whose vaccination status or recent exposure to COVID-19 will be unknown.

On the other hand, risks posed by the virus can be mitigated by reducing person-to-person contact.[7] Remote depositions, which have long been used as a tool

---

[7] The CDC states that protection from COVID-19 involves limiting face-to-face contact and staying at least 6 feet apart. Ex. 4 https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Oct. 13, 2021); *see also Joffe v. King & Spalding LLP*, No. 17-CV-03392 (VEC), 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020) ("[T]he minimum distance to prevent transmission of COVID-19 may vary depending on environmental conditions—and . . . the oft-repeated six-feet rule may not be sufficient in a high-risk environment, such as an indoor setting with prolonged exposure.").

for discovery, effectively eliminate the risk of infection all while ensuring that litigation does not come to a halt. *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020), *objections overruled*, No. 219CV01639JCMNJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020) (finding that notwithstanding pandemic-related restrictions "remote depositions [are] an effective and appropriate means to keep cases moving forward").

Nor are these risks merely theoretical. As was discussed during the meet and confer process, on August 20, 2021, counsel for Plaintiffs sat through a 4-hour in-person deposition in an unrelated lawsuit, only to become symptomatic and test positive for the COVID-19 virus approximately 24 hours later, notwithstanding that Plaintiffs' counsel previously had been fully vaccinated. *See* Decl. of David C. Wright ("Wright Decl."), Ex. 1, at ¶ 5. While it was unlikely that Plaintiffs' counsel had acquired the virus during the deposition, it was a near certainty that he was contagious with the virus during the deposition. All participants in that deposition had to be informed that they had experienced a close exposure to a COVID-19 positive individual, including the third-party witness, court reporter, videographer, and defense counsel, which would require each of them to quarantine and be tested, assuming they followed the CDC guidelines for close exposure to positive COVID-19 victims. *Id.*

Not only are the individuals at an in-person deposition at risk of acquiring

COVID-19, but participation in an in-person deposition also increases the risks to that individual's family members—especially in cases where a family member is immunocompromised or is a young child who is not yet able to receive the vaccine. In short, an in-person deposition not only puts those present in danger but increases the risks for every person encountered thereafter during the travel and once at home.

Plaintiffs' health-related concerns are the same reason courts around the country have put safety procedures in place, including video conferences. *Brooks v. Pikes Peak Hospice*, 497 F. Supp. 3d 985, 987 (D. Colo. 2020) ("The court has instituted elaborate protocols for handling proceedings before judges involving multiple courtrooms and video conferencing where all participants appear remotely including the judge, the courtroom deputy, an interpreter, a court reporter, counsel for each side, and clients . . . . That such measures are necessary to protect the health and safety of the persons involved in litigation before the court should be self-evident at this time."). Indeed, Plaintiffs' health-related concerns coincide with this Court's as reflected, for example, in Chief Judge Hood's Administrative Order, which states that "As of September 17, 2021, there were 988,725 confirmed cases of COVID-19 (20,665 confirmed deaths) in Michigan, with the 7-day case average at 2,616 and 7-day death average at 24 . . . this District is currently at a high transmission for 48 counties and substantial transmission in the country." Administrative Order 21-AO-023 – In re: Extending Authorization of Temporary Use of Video Teleconferencing,

Telephone Conferencing, and Other Procedures in Criminal Matters Pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES AC"), Sept. 22, 2021. Moreover, this Court's Rules of Conduct, which specify a detailed protocol for conduct in the courthouse during the ongoing pandemic, further demonstrate how similar precautions, including social distancing, would be nearly impossible guidelines to follow given the nature of in-person depositions.[8] *In re Broiler Chicken Antitrust Litig*., Case No. 1:16-cv-089637, 2020 WL 3469166, at *8 (N.D. Ill. June 25, 2020) (finding remote depositions appropriate "to protect the safety and health of witnesses, counsel, court reporters, videographers, and other persons, and to move this case through the pretrial process at an acceptable pace during a time when in-person depositions may present risks to the health and safety of people participating in them.").

---

[8] E.D. Mich., Courtroom Rules of Conduct, Apr. 2021 ("Domestic travel guidelines recommended by the Centers for Disease Control and Prevention (CDC) currently in effect will be followed by the Court." Pursuant to CDC Guidelines, citizens are specifically advised to "delay travel" unless "fully vaccinated" in order to avoid contracting and/or spreading COVID-19. Centers for Disease Control, Domestic Travel During COVID-19, Aug. 25, 2021, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html (last visited Oct. 11, 2021). Even for those who are "fully vaccinated," they too are at risk of contracting the Delta variant and subsequently spreading the infection. Ex. 8, Centers for Disease Control, Delta Variant: What We Know About the Science, Aug. 26, 2021, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html?s_cid=11503:which%20vaccine%20is%20better%20for%20delta%20variant:sem.ga:p:RG:GM:gen:PTN:FY21 (last visited Oct. 13, 2021).

**B.     Remote Depositions via Videoconference Have Long Been Effective Alternatives to In-Person Depositions and Would Not Unduly Prejudice FCA**

Once the movant makes a showing of good cause, the burden shifts to the opposing party to show how it would be prejudiced if the depositions were taken remotely. *Jahr v. IU Int'l Corp*., 109 F.R.D. 429, 431 (M.D.N.C. 1986). Plaintiffs' proposed compromise for remote depositions is not only not prejudicial to FCA, but has long been a reasonable, manageable, and effective means of conducting discovery.

First, remote depositions via videoconference are manageable. Exhibits, for example, can be managed efficiently via Zoom or other technologies. *United States for use & benefit of Chen v. K.O.O. Constr., Inc*., 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) ("courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently."). And even the need to use voluminous and highly detailed exhibits does not establish prejudice for a video deposition. *Id*. at 1057. Moreover, many resources are available to facilitate remote depositions, including the use of screen share and the assistance provided by videoconferencing staff before and during depositions. *Brooks*, 497 F. Supp. 3d at 988 (noting that not only do remote depositions lower litigation costs, but that experienced counsel can be expected to

10

deal competently with the technology).

Second, the commonplace usage and advances in videoconferencing technology have made remote depositions an acceptable means for discovery long before the pandemic. *Rouviere v. DePuy Orthopaedics, Inc*., 471 F. Supp. 3d 571, 575–76 (S.D.N.Y. 2020) ("remote depositions are 'a presumptively valid means of discovery'") (citing *Usov v. Lazar*, No. 13-CV-00818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015)). In fact, not allowing a deposition to proceed when a person has legitimate reason to not be physically present, as Plaintiffs do here, would effectively render Rule 30(b)(4) toothless. *Id*. at 575 (rejecting defendant's preference for an in-person deposition given that "if the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless").

Finally, remote depositions via streaming video also allow the deposing party to assess the witnesses' demeanor while they testify under oath. *Pursley v. City of Rockford*, No. 18 CV 50040, 2020 WL 6149578, at *2 (N.D. Ill. Oct. 20, 2020); *Learning Res.,* 335 F.R.D. at 539 ("[M]any courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility."). Indeed, "in the unique circumstances presented by the COVID-19 pandemic," a videoconference where the witness would not need to wear a mask presents counsel

11

with a "better opportunity . . . to observe the demeanor of the witness" than an in-person meeting where the witness would likely need to wear a mask. *Rouviere*., 471 F. Supp. 3d at 576. In fact, the parties in multiple automotive defect class actions in this District have proceeded with remote depositions without issue. *See, e.g.*, *Bledsoe, et al v. FCA US LLC, et al.*, Case No. 4:16-cv-14024 (Berg, J.) (FCA deposed nine plaintiffs remotely without issue); *Weidman, et al. v. Ford Motor Co.*, Case No. 2:18-cv-12719 (Drain, J.) (approximately 15 plaintiffs deposed remotely); *In re General Motors Corp. Air Conditioning Mktg. and Sales Practices Litig.*, Case No. 2:18-md-02818 (Leitman, J.) (approximately 15 plaintiffs deposed remotely); *Won v. General Motors Co.*, Case No. 2:19-cv-11044 (Lawson, J.) (approximately 39 plaintiffs deposed remotely). Thus FCA's claim that remote depositions cannot successfully be utilized in this case is without merit.

### III      RELIEF

For all the foregoing reasons, Plaintiffs respectfully request this Honorable Court grant Plaintiffs' motion for protective order and not require Plaintiffs to travel and undertake health risks to participate in any in-person depositions.  Plaintiffs request that this Court allow Plaintiffs to appear instead remotely by videoconference.

Dated: October 13, 2021

Respectfully Submitted,

By: /s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon Almonrode (P33938)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W University Dr # 300,
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Richard D. McCune
David C. Wright
Steven A. Haskins
Mark I. Richards
**MCCUNE WRIGHT AREVALO,
LLP**
3281 E. Guasti, Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
rdm@mccunewright.com
dcw@mccunewright.com
sah@mccunewright.com
mir@mccunewright.com

*Attorneys for Plaintiffs and the
Putative Class*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 13, 2021, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-amil address registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *E. Powell Miller*
E. Powell Miller

14