UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GRUNDY, et al.,

          Plaintiffs,

v.

FCA US LLC,

          Defendant.

Case No. 2:20-cv-11231

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER DENYING MOTION
FOR APPOINTMENT OF SIX "BELLWETHER" PLAINTIFFS [28]**

Defendant FCA US LLC ("FCA"), a manufacturer of automobiles, moved for the appointment of six "bellwether" plaintiffs to "narrow the scope of discovery and the [C]ourt's need to resolve a host of disputes as to each named [P]laintiff." ECF 28, PgID 755. After reviewing the briefs, the Court held a hearing and took the matter under advisement. *See* ECF 47. For the reasons below, the Court will deny the motion.

**BACKGROUND**

Plaintiffs are consumers who bought new 2007, 2008, or 2009 vehicles from Defendant. ECF 15, PgID 163–88. The vehicles were covered by a Lifetime Powertrain Limited Warranty that included a condition which required "the vehicles to undergo a 'powertrain inspection' within [sixty] days of each [five]-year anniversary of [the vehicles'] in-service date." *Id.* at 161; ECF 31, PgID 770. FCA revoked all the powertrain warranties on Plaintiffs' vehicles because Plaintiffs failed to comply with the inspection condition. ECF 31, PgID 770. After they were denied

1

services, Plaintiffs collectively filed the present class action and alleged that Defendant breached its obligations under the Lifetime Warranty. *See generally* ECF 15. Specifically, Plaintiffs alleged that there was no inspection clause included in the warranty manual for the 2007 vehicles and some 2008 vehicles. ECF 31, PgID 770–71. And although Plaintiffs who bought the 2009 model vehicles did receive a warranty manual that included the inspection clause, Plaintiffs alleged that the clause was unconscionable. *Id.* at 771.

Defendant moved for the appointment of "bellwether" plaintiffs to "develop[] a 'common springboard' for resolving" the common questions of law that predominate in the case. ECF 28, PgID 760. Plaintiffs opposed the motion. ECF 31.

## LEGAL STANDARD

The Court has "the inherent authority" to control and manage its own docket "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted). "For convenience, to avoid prejudice, or to expedite and economize," Federal Rule of Civil Procedure 42(b) empowers the Court to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "Thus, under [Civil] Rule 42, federal courts have the authority to conduct a bellwether trial." *Auchard v. T.V.A.*, No. 3:09-CV-54, 2011 WL 444845, at *2 (E.D. Tenn. Feb. 1, 2011). "The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects

of settlement or for resolving common issues . . . has achieved general acceptance by both bench and bar." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).

In bellwether proceedings, a representative group of plaintiffs are appointed to have their cases fast-tracked through trial "to test the claims of the class." *Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 977 (6th Cir. 2017). In the Court's experience, the bellwether process is typically employed during mass tort litigation to help parties quantify and ascertain abstract elements like damages and causation. *See e.g.*, *Chevron*, 109 F.3d at 1019 ("A bellwether trial [can be] designed to achieve its value ascertainment function for settlement purposes or to answer troubling causation or liability issues common to the universe of claimants."); *In re E. I. Du Pont De Nemours*, 204 F. Supp. 3d 962, 976 (S.D. Ohio 2016) ("[T]he bellwether trials were for the purpose of gathering information for valuing cases and settlement."); *Solis v. Lincoln Elec. Co.*, No. 1:04-CV-17363, 2006 WL 266530, at *1 (N.D. Ohio Feb. 1, 2006) (explaining that the purpose of two of the three bellwether trials in the case was to determine causation). At bottom, bellwether proceedings are a tool for parties and trial courts to expeditiously resolve complex trials. *Chevron*, 109 F.3d at 1019 (explaining the purpose of bellwether proceedings).

## DISCUSSION

Plaintiffs have expressed that they intend to move for class certification. *See, e.g.*, ECF 15, PgID 161; ECF 31, PgID 772. But Defendant proposed instead to appoint six Plaintiffs to serve in a bellwether proceeding "through summary judgment," "to resolve issues that Plaintiffs claim are common to all of them [to] help avoid []

excessive expenditures." ECF 28, PgID 756–57. But the Court is concerned that Defendant's proposed procedural maneuver would result in the unjust elimination of some pre-trial proceedings and uncertain outcomes once the bellwether proceedings are complete. Thus, and for the reasons set forth below, the Court will deny the motion.

To start, Defendant moved for bellwether appointments to occur only through the summary judgment stage of the litigation. Defendant did not, however, point to any legal precedent for bellwether matters that were limited to discovery and summary judgment. *See* ECF 28; 33. And Defendant's counsel did not offer any case law to support the unprecedented procedure at the motion hearing. Without any experience with the proposed procedure, and no federal common law on which to base its execution, the Court is uncertain of how the proceedings might affect the overall litigation and the parties' rights within it. Moreover, it is unclear how the case would proceed if it is not resolved at summary judgment. If the bellwether Plaintiffs' claims were dismissed in full or in part after summary judgment (which is of course what Defendant expects and desires), there is certainly no assurance or agreement that the parties would settle the remainder of the case as to the non-bellwether Plaintiffs. The Court is disinclined to grant the motion based only on Defendant's assertion that appointing six bellwether Plaintiffs will "ultimately save considerable judicial resources" because, unfortunately, the Court can foresee no such certainty.

Next, without in any way deciding the merits of class certification here, the class action process would appear to be a much more efficient way to litigate the

4

present claims than the bellwether process. Civil Rule 23 governs class action procedures. "In order to certify a class, . . . Class Plaintiffs must show that each proposed class meets the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation." *In re Flint Water Cases*, --- F. Supp. 3d ---, 2021 WL 3887687, at *15 (E.D. Mich. 2021) (internal and external citations omitted). And "[a] class action may be maintained if Rule 23(a) is satisfied and if" "the [C]ourt finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here, the parties appear to agree that there are common questions of law among Plaintiffs. *See* ECF 31, PgID 770–71; ECF 33, PgID 851. As to Plaintiffs who bought 2007 and 2008 vehicle models, the legal question over sufficient notice is common to all. ECF 31 PgID 770–71; ECF 33, PgID 851. As to Plaintiffs who bought 2009 vehicle models, the legal question of unconscionability is common to all. ECF 31, PgID 770–71; ECF 33, PgID 851. And the overarching facts in the case are predominately common among Plaintiffs: all Plaintiffs believed the Lifetime Warranty covered their vehicle repairs, FCA refused to cover the repair costs, and instead told each Plaintiff that the "vehicle's Lifetime Warranty was revoked because [the vehicle] had not undergone a powertrain inspection pursuant to the terms of the Inspection Clause." ECF 15, PgID 161, 165. The case would therefore fall into the Rule 23(b)(3) category of class actions, so long as it meets the other Rule 23(a)

requirements and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

Rule 23(a) aside, the appointment of six bellwether Plaintiffs would not expedite resolution of the case. Although the time and costs for discovery would be less if the parties proceeded preliminarily with only six Plaintiffs, it does not follow that the time and costs of overall litigation would accordingly be decreased on the whole. The non-bellwether Plaintiffs' claims would likely have to be stayed until the six bellwether proceedings moved through summary judgment. Indeed, it would be irrational to order a bellwether proceeding if discovery and motion practice for all other Plaintiffs were to continue at the same time. Moreover, there is no assurance that all, or any, of the bellwether Plaintiffs' claims would be disposed of by summary judgment. And if they are not, with claims remaining, discovery for all Plaintiffs would have to resume from the point it ceased before the bellwether appointments were made, and the dispositive motion process would have to begin again. Finally, as addressed above, if some bellwether Plaintiffs won summary judgment and others did not, the proceedings would become far more intractable and complex, and the likelihood of settlement would lessen.

Put simply, whatever the outcome of the bellwether phase, both parties would likely seek, and in fairness be provided with, an attempt to move for summary judgment on the unresolved Plaintiffs. The Court would suffer a tremendous waste of its own resources. But class certification would require the parties and the Court

to work through the litigation process only once, and thus avoid an uncharted and possibly splintered proceeding.

The present case involves only twenty-four Plaintiffs. Bellwether procedures are better suited for much larger classes and more uncertain fact and legal issues. Rule 23 class action procedures are well suited to ferret out the merits of the relatively low number of claims here. In the end, even if there were case law to support Defendant's proposed bellwether procedure, typical class action procedures are more efficient to resolve this case. The Court will therefore deny the motion to appoint six bellwether Plaintiffs. The Court will also note that the parties must maintain the current scheduling order dates. *See* ECF 27.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for appointment of six bellwether plaintiffs [28] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager