UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL GRUNDY, et al.<br><br>   Plaintiffs,<br><br>v.<br><br>FCA US LLC<br><br>   Defendant. | Case No. 20-cv-11231<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION (ECF NO. 56)**

## I.   Introduction

The Court appointed a Special Master to resolve Defendant's motion to compel production of class counsel fee agreements and Plaintiffs' motion for a protective order to appear for deposition remotely. ECF Nos. 34, 40, 46. The Special Master's Report and Recommendation (R&R) recommended that the Court grant in part and deny in part, and without prejudice, Defendant's motion to compel and grant Plaintiffs' motion for a protective order. ECF No. 56. Defendant objected to the R&R, and Plaintiffs responded to the objections. ECF Nos. 58, 59.

## II.   Background

Plaintiffs filed this putative class action alleging that Defendant

breached its obligations under the powertrain warranties associated with their 2006-2009 model year vehicles. As part of Defendant's initial discovery, it requested the production of the retainer/fee agreements executed by Plaintiffs and their counsel. Plaintiffs objected to this request, arguing that the requested agreements were not relevant to Defendant's challenge to class certification, and thus not discoverable. Defendant's motion to compel followed. ECF No. 34.

Defendant also noticed in-person depositions for ten of the Plaintiffs, nine of whom live outside of Michigan. Plaintiffs objected to the deposition notices based upon the location and timing of the depositions and filed their motion for a protective order to require that depositions proceed remotely. ECF No. 40.

### III.  Discussion

### A. Defendant's Motion to Compel

The Special Master, following what he assessed as the prevailing view among split authority, determined that retainer/fee agreements are only discoverable to challenge class certification if the requesting party has made a preliminary showing of a conflict of interest, inadequacy of party/counsel resources, or party's inadequacy to act as class representative. *See, e.g.*, Stanich v. Travelers Indem. Co., 259 F.R.D. 294,

322 (N.D. Ohio 2009); *Victorino v. FCA US LLC*, 2017 WL 11613238 (S.D. Cal. April 25, 2017); *In re Riddell Concussion Reduction Litig.*, 2016 WL 7325512, at *3 (D.N.J. Jan. 19, 2016). Finding that Defendant had not offered any specific facts to suggest a controversy over adequate representation, potential conflicts of interest, or ability of the class representatives to represent the class interests in this case, the Special Master recommended denying Defendant's motion to compel such that Plaintiffs would not be required to fully produce their retainer/fee agreements.

The Special Master's recommended partial denial of the motion includes two caveats: First, it is without prejudice. To the extent Defendant discovers information through the course of discovery that suggests inadequacy of representation or resources, or potential conflicts of interest, Defendant would be permitted to renew its motion to compel production of the fee agreements. ECF No. 56, PageID.2741. Second, it requires Plaintiffs to provide Defendant with the date(s) on which each Plaintiff executed the retainer/fee agreements. *Id.* at PageID.2742. This information may be relevant for determining when Plaintiffs had notice of their claims and, in turn, for evaluating whether Plaintiffs' claims are barred by the applicable statute of limitations. *Id.* at PageID.2741-2742.

Defendant objects to the Special Master's recommendation, claiming that it applied the wrong standard as to the discoverability of retainer/fee agreements. ECF No. 58, PageID.2758-2763. Defendant argues that only the general relevancy standard[1] should apply, that the requested retainer/fee agreements meet that low threshold in relation to class certification issues, and that it therefore is entitled to production of the retainer/fee agreements. *Id.*

To support its position, Defendant notes that retainer/fee agreements reveal details that bear on the issues of adequacy of representation and potential conflicts of interest, such as: if there is improper impingement on named plaintiffs' independence from their counsel; implicit or explicit understandings about the authority and obligations of the named plaintiffs; who has control of settlement negotiations on behalf of putative class members; understandings about potential benefits and incentives for named plaintiffs serving as a class representative; and how the lawsuit is being funded and who has what financial interest in the case. *Id.*, PageID.2759-2760. Defendant explains that, given the insights generally available in retainer/fee agreements, the "overwhelming weight of authority"

---

[1] Relevancy is "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable[.]" Fed. R. Evid. 401.

holds that they are relevant and discoverable. ECF No. 58, PageID.2760. The Court disagrees and will overrule Defendant's objection.

The Court, reviewing the Special Master's conclusions of law de novo, *see* Federal Rule of Civil Procedure 53(f)(4), finds that he applied the correct standard. Contrary to Defendant's assertion, the prevailing authority from within this circuit and other jurisdictions dictates that retainer/fee agreements are generally not relevant or discoverable for class certification challenges. *See Cohen v. Allegiance Administrators, LLC*, 2022 WL 325027, at *5 (S.D. Ohio Feb. 3, 2022) (citing *Stanich*, 259 F.R.D. at 322); *see also Clark v. Berkshire Medical Cntr., Inc.*, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019). "Fee agreements are generally not discoverable unless the party seeking discovery makes a preliminary showing of a relevant conflict of interest or other prima facie challenge to the class representatives' adequacy to act as a class representative." *Riddell*, 2016 WL 7325512, at *3. Retainer/fee agreements are not relevant and are properly withheld when the requesting defendant's grounds for challenging class certification are merely speculative. *See City of Rockford v. Mallinckrodt ARD, Inc.*, 2020 WL 11191817, at *2-3 (N.D. Ill. Feb. 26, 2020); *see also Ft. Worth Empl. Retirement Fund v. J.P. Morgan Chase & Co.*, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013).

Further, courts generally do not permit discovery of fee agreements at the class certification stage when less intrusive forms of discovery exist, namely, the depositions of the named plaintiffs. *See In re Front Loading Washing Mach.*, 2010 WL 3025141, at *4 (D.N.J. July 29, 2010); *see also Clark*, 2019 WL 78994, at *4; *37 Besen Parkway, LLC v. John Hancock Life Ins. Co.*, 2017 WL 5126103, at *2 (S.D.N.Y. Oct. 5, 2017); *Ft. Worth Empl. Retirement Fund*, 2013 WL 1896934, at *2 (disclosure of retainer agreements not necessary when defendants may question lead plaintiffs about adequacy of class representation at deposition).

As cited by Defendant and noted by the Special Master, there are cases from jurisdictions outside this circuit that favor the unfettered discoverability of retainer/fee agreements. *See, e.g., Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009); *Zuehlsdorf v. FCA USA LLC*, 2020 WL 8575138, *3 (C.D. Cal. Dec. 15, 2020); *Williams v. Sweet Home Healthcare, LLC*, 2017 WL 2779189, at *3 (E.D. Pa. June 27, 2017).

Some of these seemingly broad holdings may be distinguished. For example, Defendant relies on *Rodriguez* for its finding that retainer/fee agreements are "plainly relevant" and "critical" to "uncovering conflicts of interest" at the certification stage. 563 F.3d at 959. But several courts have rejected this broad interpretation of *Rodriguez,* finding that it does not

support the proposition that *all* fee agreements between plaintiffs and plaintiffs' counsel should be discoverable *without any reason to think there is a potential conflict*. See *Park v. Webloyalty.com, Inc.*, 2018 WL 2107925, at *3 (S.D. Cal. Apr. 30, 2018); *In re Front Loading Washing Mach.*, 2010 WL 3025141, at *4; *Mitchell-Tracey v. United Gen'l Title Ins. Co.*, 2006 WL 149105, at *1-3 (D. Md. Jan. 9, 2006).

Likewise, the court in *In re Faro Technologies Securities Litigation*, another case Defendant cites to support the universal discoverability of retainer/fee agreements, acknowledged that numerous courts had found these agreements irrelevant in the context of class certification, and ordered production of the agreements at issue only because the appointment of two law firms with a strong pre-existing relationship was "*sufficiently unusual* to warrant the disclosure of the fee agreements." 2008 WL 205318, at * 3 (M.D. Fla. Jan. 23, 2008) (emphasis added). Defendant does not identify any unusual circumstance to justify the production of Plaintiffs' retainer/fee agreements here.

Nevertheless, not all the contrary holdings cited by Defendant may be distinguished. The court in *Williams*, for instance, held broadly that "[f]ee agreements are discoverable for the purposes of class certification." 2017 WL 2779189, at *3. Yet, the court provides no discussion or reasoning for

that holding, citing only to a single unpublished case as its supporting authority. *Id.* (citing *Porter v. Nationscredit Consumer Discount Co.*, 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004)). The *Porter* court's holding, that "[f]ee agreements *may* be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit," is not nearly so absolute. *Porter*, 2004 WL 1753255, at *2 (emphasis added).

Accordingly, the Court finds that, on the whole, these minority view cases are less persuasive than the more nuanced precedent, which requires a requesting party to flush out potential certification concerns via less intrusive discovery and then make a preliminary showing of need for the production of the retainer/fee agreements. For this reason, the Court agrees with the Special Master's recommendation and denies Defendant's motion to compel in part, requiring Plaintiffs only to provide Defendant with the date(s) that each one signed the retainer/fee agreements. *See Ft. Worth Empl. Retirement Fund*, 2013 WL 1896934, at *2. The denial is also without prejudice; Defendant may renew its motion to compel if other discovery reveals that the retainer/fee agreements would be relevant to a class certification challenge. *See Cohen*, 2022 WL 325027, at *6.

### B. Plaintiffs' Motion for Protective Order

The Special Master agreed with Plaintiffs' motion for a protective

order (ECF No. 40), recommending that, given the COVID-19 environment in September 2021, depositions should proceed remotely. ECF No. 56, PageID.2744. Defendant objects to this recommendation, arguing that permitting remote depositions disregards the legal requirements for protective orders, the latest guidance from the CDC, and the prejudice denying in-person depositions imposes on Defendant. ECF No. 58, PageID.2763-2769.

The Court reviews the Special Master's procedural recommendations for abuse of discretion. Fed. R. Civ. P. 53(f)(5). Federal Rule of Civil Procedure 26(c)(1)(B) authorizes the Court to specify the time and place for discovery, including depositions, and district courts have broad discretion in selecting the place of deposition. 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2010). On this basis, the Court finds that the Special Master did not abuse his discretion in recommending a protective order requiring Plaintiffs' depositions to proceed remotely.

The Court acknowledges that the COVID-19 environment has improved locally and nationally since the Special Master issued his R&R in December 2021, but given the scope of this pandemic, how swiftly new variants can emerge and spread, the potentially waning protection of

vaccinations and boosters, and the fact that these depositions would require travel, as well as several hours in a confined space for the examination itself, remote depositions continue to be prudent and reasonable in this instance. *See Chamberlain v. Menard, Inc.*, 2021 WL 5277154, at *2 (E.D. Mich. May 25, 2021).

Defendant's objection is therefore overruled, and the Court will adopt the Special Master's recommendation to grant Plaintiffs' motion for a protective order.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's objections (ECF No. 58) are **OVERRULED** and the Special Master's R&R (ECF No. 56) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to compel (ECF No. 34) is **DENIED** in part and without prejudice, and Plaintiffs are to disclose to Defendant the date(s) on which they signed their retainer/fee agreements.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a protective order (ECF No. 40) is **GRANTED.**

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

Dated: March 28, 2022