UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GRUNDY, et al.

                     Plaintiffs,

v.

FCA US LLC

                     Defendant.

Case No. 20-cv-11231
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE
## TO FILE TWO SUMMARY JUDGMENT MOTIONS (ECF NO. 36)

Plaintiffs filed this putative class action alleging Defendant breached its obligations under the powertrain warranties associated with their 2006-2009 model year vehicles. Defendant has moved for leave to file two motions for summary judgment under Local Rule 7.1(b)(2). ECF No. 36. Plaintiffs oppose the proposed dual summary judgment motions. ECF No. 43. The Court has reviewed the parties' briefs and exhibits and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). As explained below, Defendant's motion will be denied as premature and without good cause.

Defendant asks this Court for prospective leave to file two motions for summary judgment before it has filed a first motion. Specifically, it seeks leave to file a first motion for summary judgment to present legal grounds for summary judgment based upon documents produced by Plaintiffs

during written discovery, as well as Defendant's records relating to Plaintiffs' vehicles, and then subsequently file a second motion for summary judgment if Plaintiffs' deposition testimony supports alternative grounds. ECF No. 36, PageID.1062. Defendant argues that this approach would permit it to avoid the exorbitant expense of deposing the twenty-seven named Plaintiffs and multiple third parties with information about their claims. *Id.*, PageID.1063. It also urges that this proposal serves judicial economy because it would moot pending discovery motions[1] and preclude future discovery disputes. *Id.*

As noted, a party must seek leave of the court to file more than one motion for summary judgment. E.D. Mich. LR 7.1(b)(2). "District courts may in their discretion permit renewed or successive motions for summary judgment." *Taylor v. City of Saginaw*, 2022 WL 202999, at *2 (E.D. Mich. Jan. 21, 2022) (quoting *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006)). Courts require good cause to grant a motion for leave to file successive motions for summary judgment. *See Allen v. Watts*, 2021 WL 3053383, at *2 (E.D. Mich. July 20, 2021). Good cause exists if there is "(1) an intervening change in controlling law; (2) newly

---

[1] As a result of delay caused by this case's administrative reassignment to the undersigned, the bulk of the pending discovery motions have been adjudicated. *See, e.g.,* ECF Nos. 56, 64.

available evidence or an expanded factual record; and (3) a need to correct a clear error or prevent manifest injustice." *Thomas v. Lambert*, 2022 WL 433155, at *2 (E.D. Mich. Feb. 11, 2022) (citing *Allen*, 2021 WL 3053383, at *2). It is improper, however, for a party to file a second motion for summary judgment "that is not based upon new facts and that seeks to raise arguments it could have raised in its original motion." *Id.* (quoting *Cervetto v. Powell*, 2016 WL 9460447, at *2 (W.D. Ky. Jan. 27, 2016)) (internal marks omitted).

The Court finds that Defendant here has not and, in fact, cannot establish good cause for granting leave to file a second motion for summary judgment at this stage. None of the good cause criteria can be determined in advance: an intervening change in controlling law cannot be predicted, and a clear error in need of correction would simply be avoided if it could be identified beforehand. Further, Defendant acknowledges that it does not now know if a yet-to-be-developed factual record will provide grounds for a second motion for summary judgment. ECF No. 36, PageID.1062.

Moreover, the Court believes that prospectively granting leave to file multiple motions for summary judgment would invite the piecemeal litigation that Local Rule 7.1(b)(2) was intended to prevent. *See Allen*, 2021 WL

3053383, at *2. Indeed, the successive motions for summary judgment proposed by Defendant here would frustrate, rather than promote, judicial economy because they ask the Court to potentially analyze the same claims twice, just with separate tranches of evidence.

For these reasons, the Court finds that Defendant's motion is premature and **DENIES** it without prejudice.

<u>s/Shalina D. Kumar</u>
Shalina D. Kumar
United States District Judge

Dated: May 11, 2022