UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.
_____/

Case No. 4:20-cv-11231-SDK-APP

Honorable Shalina D. Kumar

### FCA US LLC'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS ON ALL THE UCC CLAIMS PLEADED IN THE MULTIPLE COUNTS I OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant FCA US LLC respectfully moves this Court for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and to dismiss all of the UCC express warranty claims labeled as "Count I" in the First Amended Complaint. In support of this motion, FCA US adopts and incorporates herein by reference "Defendant FCA US LLC's Brief in Support of Its Rule 12(c) Motion for Judgment on rhe Pleadings on All the UCC Claims Pleaded in the Multiple Counts I of Plaintiffs' First Amended Complaint."

This Motion is made following conferences with counsel pursuant to L.R. 7-1(a), which took place on November 11, 2022, in which counsel for FCA US explained the nature of this motion and its legal basis, but did not obtain concurrence in the relief sought.

1

Respectfully submitted,

| | |
|---|---|
| **THOMPSON & COBURN** | **BUSH SEYFERTH PLLC** |
| By: /s/ *Thomas L. Azar, Jr* | Alison H. Rodney (P53333) |
| Stephen A. D'Aunoy (MO/54961) | 100 West Big Beaver Rd., Suite 400 |
| Thomas L. Azar, Jr. (MO/56634) | Troy, MI 48084 |
| Scott H. Morgan (MO/61853) | (248) 822-7857 |
| One US Bank Plaza | rodney@bsplaw.com |
| St. Louis, MO 63101 | |
| (314) 552-6000 | |
| sdaunoy@thompsoncoburn.com | |
| tazar@thompsoncoburn.com | |
| smorgan@thompsoncoburn.com | |

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2022, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Thomas L. Azar, Jr.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL GRUNDY, *et al.*,

        Plaintiffs,

v.

FCA US LLC,

        Defendant.
_____/

Case No. 4:20-cv-11231-SDK-APP

Honorable Shalina D. Kumar

**DEFENDANT FCA US LLC'S BRIEF
IN SUPPORT OF ITS RULE 12(c) MOTION FOR
JUDGMENT ON THE PLEADINGS ON
ALL THE UCC CLAIMS PLEADED IN
THE MULTIPLE COUNTS I OF
PLAINTIFFS' FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

ISSUE PRESENTED ................................................................................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. v

I.    INTRODUCTION ............................................................................................1

II.    RELEVANT FACTS ........................................................................................1

III.    ARGUMENT ....................................................................................................3

    A.    Applicable Legal Standards. ..................................................................3

    B.    The UCC Claims Are Not Legally Viable Under The Applicable Law. ........................................................................................................4

IV.    CONCLUSION ...............................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981) ...........................................................6

*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470 (6th Cir. 2020) ..........................3

*Bickley v. Dish Network, LLC*, 751 F.3d 724 (6th Cir. 2014) ...................................3

*Brown v. Gen. Motors Corp.*, 14 So.3d 104 (Ala. 2009)............................................7

*Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428 (6th Cir. 2004)..............................8

*Grosse Pointe L. Firm, PC v. Jaguar Land Rover N. Am., LLC*, 317 894 N.W.2d 700 (Mich.App.2016)................................................................7, 8, 9

*In re Appalachian Fuels, LLC*, 493 B.R. 1 (6th Cir. 2013)........................................4

*Johnson v. Doodson Ins. Brokerage of Texas, LLC*, 1 F.Supp.3d 776 (E.D.Mich 2014) ..................................................................................................5

*Miller v. Gen. Motors, LLC*, 2018 WL 2740240 (E.D.Mich. 2018) ......................8, 9

*Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047 (Ill. 2007) ............................7

*New Hampshire Ins. Co. v. Carleton*, 502 Fed.Appx. 478 (6th Cir. 2012) ..............................................................................................................5

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .............................................5

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004).........................................................................................7

*Rosen v. Chrysler Corp.*, 205 F.3d 918 (6th Cir. 2000) .............................................5

*Stryker Corp. v. Ridgeway*, 2015 WL 8759220 (W.D.Mich. 2015).........................5

*Varilease Finance, Inc. v. Earthcolor, Inc.*, 2019 WL 176762 (E.D.Mich. 2019)...................................................................................................4

*Wang v. Gen. Motors, LLC*, 2020 WL 4474163 (E.D.Mich. 2020) .......................... 5

*Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ........................... 6

**Rules**

Rule 12 ............................................................................................................... 3, 4

# ISSUE PRESENTED

Under the applicable law, does a breach of the "fix and repair" warranty underlying Plaintiffs' claims fall within the ambit of the Uniform Commercial Code?

FCA US answers NO.

This Court should answer NO.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Miller v. Gen. Motors, LLC*, 2018 WL 2740240 (E.D.Mich. 2018)

*Brown v. Gen. Motors Corp.*, 14 So.3d 104 (Ala. 2009)

*Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047 (Ill. 2007)

*PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004)

*Grosse Pointe L. Firm, PC v. Jaguar Land Rover N. Am., LLC*, 317 894 N.W.2d 700 (Mich.App.2016)

## I.   INTRODUCTION

There are 22 Plaintiffs identified in the caption of the operative First Amended Complaint[1] who have not yet been dismissed from this case.[2]  Two claims are pleaded separately for each of the multiple states identified, one for breach of express warranty under the Uniform Commercial Code ("UCC") and one for "breach of contract/common law warranty."  *See, generally*, FAC.  For the reasons set forth below, all the UCC claims set forth in the multiple Counts I should be dismissed as legally insufficient.

## II.   RELEVANT FACTS

Plaintiffs' claims are all based on the central notion that Defendant FCA US LLC breached the "Lifetime Powertrain Limited Warranty"[3] that was issued when their vehicles were sold.  FAC, ECF #15, PageID.161 (¶ 1).  As Plaintiffs plead, the promise made in that warranty was solely one to "cover the cost

---

[1] *See* First Amended Complaint, ECF #15 (PgID.151-266) ("FAC").

[2] When this case was filed there were 27 Plaintiffs named in the caption. During this litigation, Plaintiffs Stoker, Head, Lunski, Byrd, and Hecker either voluntarily dismissed their claims, or had them involuntarily dismissed by this Court.  *See* ECF ##38 (PgID.1145-47), 39 (PgID.1148-5), 51 (PgID.2579-83), 78 (PgID.2942-44) 79 (PgID.2945-47).  In addition, although Glen Fox is named in the caption of the FAC he pleads no claims in it.  *See, generally*, FAC, ECF #15 (PgID.151-266).

[3] In the FAC Plaintiffs initially refer to a "Lifetime Limited Powertrain Warranty," but subsequently (correctly) refer to the "Lifetime Powertrain Limited Warranty."  *See, e.g.,* FAC, ECF #15, PageID.191-92 (¶ 100), PageID.192 (¶ 101), PageID.194-95 (¶ 103), PageID.210 (¶ 152).  The former is a misnomer.

1

of all parts and labor needed to repair a powertrain component" found to be defective in workmanship or materials. FAC, ECF #15, PageID.191-92 (¶ 100).

The UCC express warranty claims for each identified state contain the same rote allegation that FCA US "expressly warranted" each separate Plaintiff's vehicle was "covered by the Lifetime Warranty" which "promised to cover the cost of all parts and labor needed to repair powertrain components," and FCA US "breached the Lifetime Warranty" by refusing "to cover the cost of repairing" defects in powertrain components, or by "refusing to repair" defects in the powertrain components. FAC, ECF #15, PageID.205-63 (¶¶ 121-448).[4]

All of the "breach of contract/common law warranty" claims are expressly pleaded "in the alternative" as a fallback in the event "FCA's repair or adjust commitment is deemed not to be a warranty under [the identified state's] Commercial Code." *Id.*[5] All of these alternatively-pleaded contract claims are based

---

[4]Each Plaintiff's state-specific UCC allegations, and the averments of what was warranted and of breach, are located in the FAC at PageID.205-06 (¶¶ 122-25), PageID.208 (¶¶ 136-39), PageID.210-11 (¶¶ 150-54), PageID.213-14 (¶¶ 165-69), PageID.216 (¶¶ 180-84), PageID.218-19 (¶¶ 195-99), PageID.221-22 (¶¶ 210-14), PageID.224 (¶¶ 225-29), PageID.226-27 (¶¶ 240-44), PageID.229-30 (¶¶ 255-59), PageID.232 (¶¶ 270-74), PageID.234-35 (¶¶ 285-89), PageID.237-38 (¶¶ 300-04), PageID.240 (¶¶ 315-19), PageID.242-43 (¶¶ 330-34), PageID.245 (¶¶ 345-49), PageID.248 (¶¶ 360-64), PageID.250-51 (¶¶ 375-79), PageID.253-54 (¶¶ 390-94), PageID.256 (¶¶ 405-09), PageID.258-59 (¶¶ 420-24), PageID.261-62 (¶¶ 435-39).

[5]The specific allegation noted can be found for each state in the FAC at PageID.207 (¶ 132), PageID.209 (¶ 146), PageID.212 (¶ 161), PageID.215 (¶ 176), PageID.217-18 (¶ 191), PageID.220 ¶ 206), PageID.223 (¶ 221), PageID.225-26

2

on an allegation that FCA US committed a breach "by refusing to cover the cost of repairing" failed powertrain components. *Id.*[6]

### III. ARGUMENT

**A.** **Applicable Legal Standards.**

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). While "well-pleaded factual allegations" are accepted as true, "legal conclusions" are not. *Id.* Such a motion should be granted when the pleaded facts show "the party making the motion is entitled to judgment as a matter of law." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 733 (6th Cir. 2014).

---

(¶ 236), PageID.228 (¶ 251), PageID.231 (¶ 266), PageID.233-34 (¶ 281), PageID.236 (¶ 296), PageID.239 (¶ 311), PageID.241-42 (¶ 326), PageID.244 (¶ 341), PageID.247 (¶ 356), PageID.249-50 (¶ 371), PageID.252 (¶ 386), PageID.255 (¶ 401), PageID.257-58 (¶ 416), PageID.260 (¶ 431), PageID.263 (¶ 446).

[6]The specification of breach for each state is located in the FAC at PageID.207 (¶¶ 132-33), PageID.209-10 (¶¶ 146-47), PageID.212 (¶¶ 161-62), PageID.215 (¶¶ 176-77), PageID.217-18 (¶¶ 191-92), PageID.220 (¶¶ 206-07), PageID.223 (¶¶ 221-22), PageID.225-26 (¶¶ 236-37), PageID.228 (¶¶ 251-52), PageID.231 (¶¶ 266-67), PageID.233-34 (¶¶ 281-82), PageID.236 (¶¶ 296-97), PageID.239 (¶¶ 311-12), PageID.241-42 (¶¶ 326-27), PageID.244 (¶¶ 341-42), PageID.247 (¶¶ 356-57), PageID.249-50 (¶¶ 371-72), PageID.252 (¶¶ 386-87), PageID.255 (¶¶ 401-02), PageID.257-58 (¶¶ 416-17), PageID.260 (¶¶ 431-32), PageID.263 (¶¶ 446-47).

Here, Plaintiffs have repeatedly admitted in the FAC that the Lifetime Powertrain Limited Warranty underlying their claims is nothing more than a "fix and repair" warranty. The applicable law makes clear that this is not a warranty as defined by the UCC. Thus, under Rule 12(c), FCA US is entitled to judgment on all of Plaintiffs' claims pleaded under the UCC (*i.e.,* on all Counts I).

**B.      The UCC Claims Are Not Legally Viable Under The Applicable Law.**

In the FAC Plaintiffs attempt to invoke multiple states' laws in support of their UCC claims. *See* fn.4, *supra*. But, which state's law applies is determined under well-established principles recognized by the Sixth Circuit, as well as other courts. And, those principles dictate that Michigan law applies to the critical, claim-determinative issue of whether an alleged breach of the Lifetime Powertrain Limited Warranty is actionable under the UCC.

Specifically, the Sixth Circuit and this District have both recognized that when there is a potential for different states' laws to apply to a claim the very first step in determining which does is to ascertain if an actual conflict exists. *See, e.g., In re Appalachian Fuels, LLC*, 493 B.R. 1, 18 (6th Cir. 2013) ("An initial task of a choice-of-law analysis is to determine whether there is an actual conflict between the substantive law of the interested jurisdictions" (citation omitted)); *Varilease Finance, Inc. v. Earthcolor, Inc.*, 2019 WL 176762, *4 (E.D.Mich. 2019) ("In any choice-of-law analysis, the court must ask whether there is an actual conflict

4

between the laws of the various jurisdictions that arguably might apply"); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985) ("We must first determine whether [forum state's] law conflicts in any material way with any other law which could apply").

And, it is indisputable that if there is no conflict in the potentially applicable states' laws, the laws of the state where the claims were filed (*i.e.,* the forum state) are "controlling" and no further choice-of-law analysis is required. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 fn.2 (6th Cir. 2000); *see also New Hampshire Ins. Co. v. Carleton*, 502 Fed.Appx. 478, 481 (6th Cir. 2012) (analyzing Michigan choice-of-law principles and holding that where parties "concede that there is no meaningful difference" between two potentially applicable states' laws, courts "do not undertake a choice-of-law analysis); *see also Wang v. Gen. Motors, LLC*, 2020 WL 4474163, *9 (E.D.Mich. 2020) ("a court need only engage in a choice-of-law analysis when a difference in law will make a difference to the outcome"); *Stryker Corp. v. Ridgeway*, 2015 WL 8759220, *8 (W.D.Mich. 2015) ("Where there is no conflict between the laws of two states, there is no need to undertake a choice-of-law analysis, and the Court applies the law of the forum state"); *Johnson v. Doodson Ins. Brokerage of Texas, LLC*, 1 F.Supp.3d 776, 782 (E.D.Mich 2014) ("absent a conflict between the laws, the Court properly applies the law of the forum state").

Notably, the party seeking application of non-forum states' laws bears the burden to prove that an actual conflicts exist for ***each*** state at issue such that application of foreign law is justified.  *Cf. Allstate Ins. Co. v. Hague*, 449 U.S. 302, 326 fn.13 (1981) ("a litigant challenging the forum's application of its own law to a lawsuit properly brought in its courts bears the burden of establishing that this choice of law infringes upon interests protected by the Full Faith and Credit Clause"); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001) (holding party seeking to invoke laws of a jurisdiction other than those of the forum state "bears the burden of proof" to show "how each non-forum state's law" differs from forum state).  Plaintiffs here cannot meet their burden to show there is any actual conflict between the laws of Michigan and any other state under whose laws they plead a claim with respect to the singular issue of whether the UCC applies to "fix and repair" warranties.

Plaintiffs admit that the Lifetime Powertrain Limited Warranty underlying their claims promised nothing other than to "cover the cost of all parts and labor needed to repair a powertrain component" found to be defective in workmanship or materials.  *See* FAC, ECF #15, PageID.191-92 (¶ 100).  The issue of whether this simple "fix and repair" warranty falls within the ambit of the UCC is purely a question of law and is claim-dispositive.  And, on this singular issue, no actual conflict exists that justifies application of a non-forum state's laws.  Indeed, only a

6

few state courts have ever addressed this issue head-on. Logically, when no law exists in a state on a given issue then no actual conflict can possibly exist between such states and those states which have addressed the issue. And, no conflict exists here because the states which have specifically been asked to determine whether a "fix and repair" warranty falls within the UCC have issued uniform decisions.

The few state courts which have directly addressed the issue of whether a warranty promising to "fix and repair" a product falls within the UCC have uniformly concluded that this type of warranty is ***not*** actionable under the UCC.[7] *See Brown v. Gen. Motors Corp.*, 14 So.3d 104, 113 (Ala. 2009) (holding breach of a promise to repair is merely a breach of contract and not an express warranty under UCC); *Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1057-59 (Ill. 2007) (holding warranty promising "only that the manufacturer will repair or replace defective parts" is "not an 'express warranty' under the UCC"); *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 96 (Tex. 2004) ("A warranty to make repairs is a warranty for services, not of goods, and thus falls outside the UCC"); *Grosse Pointe L. Firm, PC v. Jaguar Land Rover N. Am., LLC,*

---

[7]There are courts which have allowed claims for breach of a "fix and repair" warranty to proceed under the UCC at the motion to dismiss stage, but the legal issue of whether the warranty actually fell within the UCC was not raised by the parties or the courts involved and thus the precise issue here was never addressed.

7

317 894 N.W.2d 700, 705 (Mich.App.2016) (holding a "repair-or-replace provision" does not create "an express warranty under [Michigan UCC] 440.2313(1)(a)").

Because there is no conflict between the law of Michigan and those of the other states identified by Plaintiffs on the legally-dispositive issue of whether the Lifetime Powertrain Limited Warranty is actionable under the UCC, the forum state's law (Michigan) applies to this specific issue. *See supra.* And, under Michigan law the UCC does not apply to that Warranty because it is nothing more than a "fix and repair" warranty. *See, e.g., Grosse Pointe*, 317 894 N.W.2d at 705 (holding "repair-or-replace provision" is not "an express warranty" under UCC); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, *4 (E.D.Mich. 2018) ("A 'repair-or-replace' provision in a vehicle sales contract … does not constitute an 'express warranty' within the meaning of the Michigan UCC").

In *Gross Pointe*,[8] for example, the vehicle manufacturer warranted that "repairs required to correct defects in factory-supplied materials or factory workmanship will be performed without charge," and any covered component "found to be defective in materials or workmanship will be repaired, or replaced,

---

[8]The Michigan Supreme Court has not addressed the issue of whether a simple "fix and repair" warranty falls within the ambit of the UCC. However, the Sixth Circuit has directed that when "the only precedent is from the state's intermediate appellate courts, the intermediate court's decision should be followed absent a strong showing that the state supreme court would act in a different manner." *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 433 (6th Cir. 2004).

without charge." 894 N.W.2d at 702. The court identified the issue before it as "whether a repair-or-replace provision, standing alone, is a 'warranty' for purposes of" the UCC. *Id.* at 704. Noting that to be an express warranty under the UCC a promise must be one that the goods will "conform to the affirmation or promise, the court held the warranty before it did not fall within the UCC, reasoning:

> "Goods cannot 'conform' to a promise to repair or replace because such a promise says nothing about the character or quality of the goods, but rather identifies a remedy if the buyer determines that the goods are defective. Put another way, an unadorned promise to repair or replace a defective part is not a promise concerning the quality or performance of the goods to which the goods can 'conform.'"

*Id.* at 705. And, this District has agreed with *Grosse Pointe* in *Miller*, dismissing UCC express warranty claims based on a warranty which merely promised to "cover[] repairs to correct any vehicle defect." *Miller*, 2018 WL 2740240 at **4-7.

Remarkably, in their FAC Plaintiffs expressly recognize the questionable nature of their UCC express warranty claims as they plead "alternative" breach of contract claims. Plaintiffs aver these "alternative" claims will be pursued only in the event the Lifetime Powertrain Limited Warranty "is deemed not to be warranty" under applicable UCC law. *See* fn.5, *supra.* The across-the-board pleading of alternative claims for every state – even for those where the state supreme courts have made it abundantly clear no UCC claim exists – evidences a haphazard approach to the vital issue of whether Plaintiffs' UCC are actually viable. And, as

9

shown, they are not. Accordingly, all the claims labeled as "Count I" in the FAC should be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Defendant FCA US LLC respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss all of the UCC express warranty claims labeled as "Count I" in the First Amended Complaint.

Respectfully submitted,

| | |
|---|---|
| **THOMPSON & COBURN** | **BUSH SEYFERTH PLLC** |
| By: /s/ Thomas L. Azar, Jr | Alison H. Rodney (P53333) |
| Stephen A. D'Aunoy (MO/54961) | 100 West Big Beaver Rd., Suite 400 |
| Thomas L. Azar, Jr. (MO/56634) | Troy, MI 48084 |
| Scott H. Morgan (MO/61853) | (248) 822-7857 |
| One US Bank Plaza | rodney@bsplaw.com |
| St. Louis, MO 63101 | |
| (314) 552-6000 | |
| sdaunoy@thompsoncoburn.com | |
| tazar@thompsoncoburn.com | |
| smorgan@thompsoncoburn.com | |

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2022, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Thomas L. Azar, Jr.*

10