UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL GRUNDY et al., <br><br>            Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br>            Defendant. | Case No. 20-cv-11231 <br> Honorable Shalina D. Kumar <br> Magistrate Judge Anthony P. Patti |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 91)

### I.     INTRODUCTION

Plaintiffs filed this putative class action alleging defendant FCA US LLC breached its obligations under the powertrain warranties associated with their 2006-2009 model year vehicles. FCA moves for judgment on the pleadings for plaintiffs' Uniform Commercial Code (UCC) express warranty claims set forth in Count I of their first amended complaint (FAC) (ECF No. 15). ECF No. 91. Plaintiffs oppose the motion, which has been fully briefed. ECF Nos. 92, 93. The Court entertained oral argument at a hearing held May 24, 2023. ECF No. 104. As explained below, FCA's motion will be granted in part and denied in part.

### II.     FACTUAL BACKGROUND

Plaintiffs allege that FCA's predecessor, Chrysler LLC, advertised

and sold its 2006 through 2009 model year Chrysler, Dodge, and Jeep brand vehicles with a verbal and written promise to repair or replace the powertrain components of those vehicles for the lifetime of the original registered owners. ECF No. 15, PageID.161. The remaining named plaintiffs, 22 individuals, allege purchasing their vehicles at various authorized Chrysler dealerships in 18 different states.[1] Plaintiffs claim that FCA breached the Lifetime Powertrain Limited Warranty by unjustifiably refusing to repair or replace defective powertrain components on their vehicles. *See* ECF No. 15. They seek recovery for breach of express warranty under the UCC of the state where their respective vehicles were purchased (Count I), or alternatively, under breach of contract and common law warranty theories (Count II).  ECF No. 15.

FCA asks this Court to dismiss Count I of the FAC because "repair or replace" provisions like those found in the Chrysler Lifetime Powertrain Limited Warranty do not create an express warranty under the Michigan UCC. ECF No. 91. It argues that substantive Michigan law applies because

---

[1] The states at issue are: Alaska (Langley); Arkansas (Cooper); Florida (Billotta and Celenza); Georgia (Powell); Illinois (McGuire and Wood); Indiana (Wilson); Kentucky (Garn and Heavrin); Massachusetts (Young); Michigan (Grundy); Nevada (Anderson); New Jersey (Henriques); New York (Van Orden); North Carolina (Buschbach); Oregon (Fox); Pennsylvania (Bucklew); Texas (Asibor); Virginia (Finch); and Washington (Petersen). ECF No. 15, PageID.163-64.

there is no actual conflict between the law of the forum and the law of any other state which might apply on the determinative issue.  To the contrary, plaintiffs argue that there is a split of authority amongst the states on the issue of whether a "repair and replace" warranty constitutes an express warranty under the UCC, with the majority of the states involved in this case treating them as such. Plaintiffs assert that this split in authority satisfies the actual conflict requirement such that Michigan conflict-of-law rules apply, and that under those rules, courts apply the UCC warranty law of the state where the alleged defective product was purchased. The Court agrees that an actual conflict of law exists, and that plaintiffs' UCC warranty claims must be assessed under the law of the state where they respectively purchased their vehicles.

III.    ANALYSIS

A.

Courts apply the same standard of review to motions for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) as they do for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Moore v. Hiram Township*, 988 F.3d 353, 357 (6th Cir. 2021).

> For purposes of a motion for judgment on the pleadings, all well-
> pleaded material allegations of the pleadings of the opposing
> party must be taken as true, and the motion may be granted only
> if the moving party is nevertheless clearly entitled to judgment.

But [courts] need not accept as true legal conclusions or unwarranted factual inferences.

*Jackson v. Prof. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (internal citations, quotations, and marks omitted).

## B.

A federal court sitting in diversity applies the choice-of-law provisions of the forum state. *Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir. 2005). Such a court must first "ask whether there is an actual conflict between the laws of the various jurisdictions that arguably might apply." *Varilease Finance, Inc. v. Earthcolor, Inc.*, 2019 WL 176762, at *4 (E.D. Mich. Jan. 11, 2019). If there is no conflict between the laws of the states, there is no need to undertake a choice-of-law analysis, and the Court applies the law of the forum state. *See New Hampshire Ins. Co. v. Carleton*, 502 F. App'x 478, 481 (6th Cir. 2012); *Williams*, 138 F. App'x at 803.

FCA argues that there is no actual conflict of law between Michigan law and that of non-forum state law on the narrow issue of whether "repair or replace" warranties are express warranties under the UCC. It contends that the few state courts that have directly addressed this issue have "uniformly concluded that this type of warranty is *not* actionable under the

UCC." ECF No. 91, PageID.3348 (emphasis in original) (citing *Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am.*, 894 N.W.2d 700, 705 (Mich. Ct. App. 2016); *Brown v. General Motors Corp.*, 14 So.3d 104, 113 (Ala. 2009); *Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1057-59 (Ill. 2007); *PPG Indus., Inc., v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 96 (Tex. 2004)). But as plaintiffs point out and courts have recognized, there is a split of authority on whether "repair or replace" warranties are express warranties under the UCC. *See Riley v. General Motors Corp.*, 591 F. Supp. 3d 259, 271-72 (S.D. Ohio 2022) (Ohio recognizes such provisions as express warranties under the UCC); *see also* Larry Garvin, *Uncertainty and Error in the Law of Sales: The Article Two Statute of Limitations*, 83 B.U. L. Rev. 345, 377-81 (2003) (noting California, Colorado, Kansas, Minnesota, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oregon, Pennsylvania, and Wyoming treat "repair or replace" warranties as UCC express warranties).

FCA argues that plaintiffs have not met their burden of showing a conflict of law sufficient to supplant the application of Michigan law as the law of the forum. They contend that the case cited by plaintiffs—a single federal case from Ohio noting conflicting Ohio law (*Riley*, 591 F. Supp. 3d 259), along with the cases from some of the states where plaintiffs' vehicles

were purchased, which treat "repair and replace" warranties as UCC

express warranties without squarely addressing the controversy over such

an application—are insufficient to raise an actual conflict between forum

and non-forum law. ECF No. 93. The Court disagrees.

A conflict between the laws of the various jurisdictions that *arguably*

might apply is enough to trigger a choice-of-law analysis. *Varilease,* 2019

WL 176762, at *4.  The *Riley* case acknowledges a split in authority

amongst multiple jurisdictions on the claim-dispositive issue at hand. 591 F.

Supp. 3d at 272. The court in *Napoli-Bosse v. General Motors LLC* also

discusses the split in authority over "repair and replace" warranties as

express warranties under the UCC, identifying Illinois and Michigan as

jurisdictions holding "repair and replace" warranties are not UCC express

warranties and Ohio, Pennsylvania, and Tennessee as jurisdictions holding

that they are. 453 F. Supp 3d 536, 544-45 (D. Conn. 2020). In addition,

plaintiffs cite authority from several of the jurisdictions relevant here, which

is at least tacitly at odds with Michigan law. *See, e.g.*, *Docteroff v. Barra*

*Corp. of Am.*, 659 A.2d 948, 953 (N.J. App. Div. 1995); *McDonald v. Mazda*

*Motors of Am., Inc.* 603 S.E.2d 456, 460 (Ga. Ct. App. 2004); *Rose City*

*Paper Box, Inc. v. Egenolf Graphic Mach. Int'l, Inc.*, 827 F. Supp. 646, 649

(D. Or. 1993) (applying Oregon law). Based upon the documented split in

authority that encompasses Michigan and some of the other jurisdictions involved in this matter, the Court finds that an actual conflict of law exists here and warrants a choice-of-law analysis.

"[U]nder Michigan conflict-of-law rules, 'the law of the place of sale determines the extent and effect of the warranties which attend the sale.'" *Danielkiewicz v. Whirlpool Corp.*, 426 F. Supp. 3d 426, 432 (E.D. Mich. 2019) (quoting *Schultz v. Tecumseh Prods.*, 310 F.2d 426, 428 (6th Cir. 1962). Indeed, in class actions over defective goods, courts routinely apply the law of the state where each faulty item was purchased. *See id*.; *see also Scherner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 609 (E.D. Mich. 2017); *Flores v. FCA US LLC*, 2021 WL 1122216 (E.D. Mich. Mar. 24, 2021).

In *Flores*, at the behest of defendant (the same defendant opposing that position here) and with no cited contrary authority, the court applied the substantive "laws of the state where the named [p]laintiffs purchased their respective vehicles when considering the challenges of the express warranty count."  2021 WL 1122216, at *6. The Court sees no reason to deviate from this precedent here.

Accordingly, the Court finds plaintiffs' UCC express warranty claims must be assessed under the law of the state where their vehicles were

respectively purchased and cannot all be dismissed under Michigan UCC law. However, as counsel for plaintiffs conceded at oral argument, the UCC express warranty claims for the Illinois, Michigan, and Texas plaintiffs fail under those states' law and thus should be dismissed.

## IV.    CONCLUSION

Accordingly, FCA's motion for judgment on the pleadings (ECF No. 91) is **GRANTED** as to Count I of the FAC for plaintiffs Grundy, McGuire, Woods, and Asibor only. As to all other plaintiffs, the motion is **DENIED**.


<u>s/Shalina D. Kumar</u>
Shalina D. Kumar
United States District Judge

Dated: May 25, 2023